Colin Hector, Cal. Bar No. 281795
Email: colin.hector@cfpb.gov
CONSUMER FINANCIAL
PROTECTION BUREAU
301 Howard St., Suite 1200
San Francisco, CA 94105
Phone: (681) 326-7093
Fax: (202) 435-5468

*Attorney for Plaintiff*
*Consumer Financial Protection Bureau*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>*Plaintiff*,<br><br>v.<br><br>Experian Information Solutions, Inc.,<br><br>*Defendant*. | Case Number:<br>8:25−cv−00024−MWC−DFM<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS**<br><br>Judge: Hon. Michelle Williams Court<br>Hearing Date: March 28, 2025<br>Time: 1:30 PM PST<br>Courtroom: 6A |

Plaintiff Consumer Financial Protection Bureau ("the Bureau") has moved to stay the proceedings in this case, with the parties required to submit joint status reports at least once every 60-days. There is good cause to stay the proceedings to allow sufficient time for the newly appointed Acting Director of the Bureau to review and consider this matter. Defendant Experian Information Solutions, Inc. ("Experian") does not oppose the requested stay.

## BACKGROUND

The Bureau filed its Complaint in this case on January 7, 2025, and Defendant Experian's responsive pleading is due on March 10, 2025 (ECF Nos. 1, 8). Discovery and trial dates have not been set.

The Bureau now seeks a stay of these proceedings due to instructions from its Acting Director. Effective January 31, 2025, President Trump designated Secretary of the Treasurer Scott Bessent to serve as Acting Director of the Bureau. Declaration of Colin A. Hector ("Hector Decl.") ¶ 2. In order to allow new leadership to review and consider the Bureau's matters, on February 3, 2025, Acting Director Bessent instructed Bureau personnel to not make or approve filings or appearances in any litigation, other than to seek a pause in proceedings. Hector Decl. ¶ 2. On February 7, President Trump replaced Acting Director Bessent with Russell Vought—the Director of the Office of Management and Budget. Hector Decl. ¶ 3. And on February 8, Acting Director Vought issued an identical directive to Bureau personnel to limit any litigation filings to requests to seek a pause in proceedings. Hector Decl. ¶ 3.

As a result, the Bureau seeks relief so that the Acting Director has sufficient time to consider this matter. Numerous courts, including this court, have granted similar motions recently filed by the Bureau, finding good cause under identical circumstances. *See, e.g.*, Order Staying Proceedings (Dkt. 202), *CFPB v. Judith Noh*, 8:21-cv-00488-JWG-ADS (C.D. Cal. Feb. 7, 2025) (staying case until further order of the court and directing Bureau to file a status report when it receives relevant guidance from the Acting Director); Minute Order, *Google Payment Corp. v. CFPB*, 1:24-cv-3419 (D.D.C. Feb. 7, 2025) (staying case for 90 days).

## ARGUMENT

Courts have the inherent power to control their own dockets, including the power to stay proceedings, which "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)

(observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance"). The party requesting a stay bears the burden of showing that the circumstances justify the exercise of the court's discretion to grant it. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). When considering whether to stay proceedings, courts consider (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *FTC v. Cardiff*, No. EDCV 18-2104-DMG (PLAx), 2020 WL 5417125, at *3 (C.D. Cal. Sept. 9, 2020) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110) (9th Cir. 2005)).

Here, a stay would impose minimal damage by delaying this matter for a relatively short period of time to allow the Acting Director to review and consider the matter. There is no hardship or inquietly that either party will suffer, given that Experian does not oppose the requested relief. And to the extent that the Acting Director determines that any change in the Bureau's approach is appropriate it will have the effect of promoting the orderly course of justice. Given these factors, it would be a proper exercise of the Court's discretion to grant a stay in these circumstances.

Dated: February 20, 2025

Respectfully submitted,
*/s/ Colin Hector*

Colin Hector, Cal. Bar No. 281795
Email: colin.hector@cfpb.gov
Consumer Financial Protection Bureau
301 Howard Street, Ste. 1200
San Francisco, CA 94105
Phone: (681) 326-7093

*Attorney for Plaintiff Consumer Financial Protection Bureau*