UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
------------------------------------------------------------------X
Consumer Financial Protection Bureau

                            Plaintiff,

-against-

Experian Information Solutions, Inc

                            Defendants,
------------------------------------------------------------------X

CASE NO: 8:25-cv-00024

**MOTION TO INTERVENE**

Ashanti Abayomi Foster-Felder, Proposed Intervenor

I. INTRODUCTION

Ashanti Abayomi Foster-Felder ("Movant"), pro se, respectfully moves this Court for an Order permitting him to intervene as a party in the matter of Consumer Financial Protection Bureau v. Experian Information Solutions, Inc., Case No. 8:25-cv-00024, pursuant to Rule 24 of the Federal Rules of Civil Procedure.

II. BACKGROUND

1. Interest in the Case: Movant has a direct and substantial interest in the subject matter of this litigation. Movant has informed Experian of violations of the Fair Credit Reporting Act (FCRA) and has experienced significant harm due to Experian's negligent and willful noncompliance with the FCRA.

2. Previous Actions: Movant reported the violations to Experian, which failed to address the concerns. Consequently, Movant filed a complaint with the Consumer Financial Protection Bureau (CFPB), which was closed without investigation. This lack of action led Movant to file a Federal Trade Commission (FTC) identity theft report, which will be attached to this motion.

III. LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure provides for intervention as a matter of right or permissive intervention. Movant satisfies the requirements for intervention as a matter of right under Rule 24(a)(2) and, alternatively, for permissive intervention under Rule 24(b).

IV. ARGUMENT

1. Intervention as of Right: Movant has a significant interest in the subject matter of this litigation. The disposition of this action may, as a practical matter, impair or impede Movant's ability to protect his interest. Movant's interest is not adequately represented by the existing parties.

2. Permissive Intervention: Alternatively, Movant requests permissive intervention pursuant to Rule 24(b). Movant's claims share common questions of law and fact with the main action. Allowing Movant to intervene will not unduly delay or prejudice the adjudication of the original parties' rights.

V. WHEREFORE

For the foregoing reasons, Movant respectfully requests that this Court grant his Motion to Intervene in this matter and permit him to participate fully in the proceedings.

Dated: January 14, 2025

By: /s/*Ashanti Abayomi Foster-Felder*,

All Rights Reserved

Ashanti Abayomi Foster Felder, Sui Juris

22919 Merrick Boulevard, Unit 547

Laurelton New York 11413

**ASHANTI ABAYOMI FOSTER-FELDER**
c/o 22919 Merrick Boulevard
Laurelton, New York Republic
United States of America

**CONSUMER FINANCIAL PROTECTION BUREAU**
1700 G Street, NW
Washington, D.C. 20552

January 27, 2025

RE: XXXXXX2679

I am filing this complaint against Select Portfolio Servicing (SPS) and Experian for multiple violations, including inaccurate credit reporting, failure to validate debt, failure to investigate disputes, and identity theft, which have caused significant harm to my creditworthiness and well-being.

**BACKGROUND:**

Select Portfolio Servicing (SPS) is reporting an alleged debt of $417,951.00 (Account Number: 0031662679) on my credit report, which is inaccurate and unverified. Despite numerous written requests for validation and proof of claim, SPS has failed to provide documentation verifying the legitimacy of this debt.

Both TransUnion and Equifax have removed this account from my credit report after recognizing the inaccuracies. However, Experian has failed to take similar action despite being provided with the same information. Experian has failed to conduct a proper investigation of my dispute and continues to publicize inaccurate information, causing harm to my reputation creditworthiness. (See Exhibit X)

Furthermore, Select Portfolio Servicing has confirmed themselves that the account holder is a business. In addition, the alleged holder of the debt instrument in which SPS claims to be servicer for, Wilmington Fund Saving Society, has explicitly stated that I am not a necessary party to the transaction, confirming that the debt is not valid and should not be reported on my credit file. (See Exhibit Y)

I have mistreated and disregarded by the above mentioned entities and forced to file an identity theft report with the Federal Trade Commission (FTC) as these entities have used my name for unjust profits while slandering my reputation. (See Exhibit Z)

**STATEMENT OF FACTS:**

On October 28, 2022, Select Portfolio Servicing received a NOTICE I via certified mail (USPS Certified Mail Receipt 7021 2720 0002 3683 0214) demanding validation and proof of claim for

the alleged debt. To date (823 Days), I have not received an appropriate response or documentation. Subsequent Notices are as follows:
- NOTICE II   (USPS Certified Mail Receipt: 7019 2970 0000 5548 4665)
- NOTICE III   (USPS Registered Mail Receipt: RE 098 403 910 US)
- NOTICE IV   (USPS Registered Mail Receipt: RE 098 403 885 US)
- NOTIVE V   (USPS Certified Mail Receipt: 9589 0710 5270 2371 6422 75)

On October 18, 2022, Experian had received my first dispute (NOTICE I) of the inaccurate information via USPS Certified Mail Receipt 7021 2720 0002 3683 1242 (833 Days ago). While TransUnion and Equifax have removed the account, Experian has failed to correct or remove the inaccurate information from my credit report. Subsequent Notices are as follows:

- NOTICE II   (USPS Certified Mail Receipt: 7022 0410 0001 3109 6945)
- NOTICE III   (USPS Certified Mail Receipt: 7022 1670 0001 2260 2657)

On March 23, 2024, I was I forced to file an identity theft report with the FTC, which further substantiates that the debt is fraudulent and that SPS and Experian have acted unjustly. (See Exhibit Y)

Please also note, SPS has been in receipt of the Identity Theft Report since December 31, 2024 at 8:36am via NOTICE V.

## VIOLATIONS:

**Select Portfolio Servicing:**

1. **18 U.S. Code § 1341:** Reporting unverified and inaccurate information to credit bureaus.

2. **15 U.S. Code § 1692e:** Using false, deceptive, or misleading representations in connection with debt collection.

3. **15 U.S. Code § 1692f:** Using unfair or unconscionable means to collect or attempt to collect a debt.

4. **15 U.S. Code § 1692g:** Failure to provide validation of the debt upon request. Under § 1692g, a debt collector must cease collection activities until they provide verification of the debt or a copy of a judgment.

5. **15 U.S. Code § 1681s-2:** Furnishing inaccurate information to credit bureaus. SPS is required to investigate disputes and correct inaccuracies upon notification from a credit bureau.

6. **Defamation and Slander:** The false reporting of this alleged debt constitutes defamation and slander under state common law, as it has harmed my reputation and creditworthiness.

**Experian:**

1. **15 U.S. Code § 1681n and § 1681o:** Willful and negligent noncompliance with the FCRA for a subtotal of Twenty-Seven (27) counts per violation for a grand total of Fifty-Four (54) counts.

2. **15 U.S. Code § 1681i:** Failure to conduct a reasonable investigation of my dispute and correct inaccurate information. Under § 1681i, Experian is required to investigate disputes within 30 days and remove or correct inaccurate information which it has failed to do over Three (3) times.

3. **Defamation and Slander:** By continuing to report inaccurate information, Experian has engaged in defamation and slander for a total of Twenty-Seven (27) counts under state common law, as it has harmed my reputation and creditworthiness.

**MEMORANDUM OF LAW:**

**Pinson v. JPMorgan Chase Bank, NA, No. 16-17107 (11th Cir. 2019):** The court held that a consumer has standing to sue under the FCRA for a furnisher's failure to investigate a dispute. This case supports my claim that SPS and Experian failed to investigate my dispute properly.

**Cowans v. Equifax Information Services, Inc., No. 20-3368 (7th Cir. 2021):** The court affirmed that consumers have the right to dispute debts and require credit reporting agencies to investigate such disputes.

**Frazier v. Equifax Information Services, LLC, No. 23-2355 (7th Cir. 2024):** The court ruled that credit reporting agencies must ensure the accuracy of reported information. This case underscores Experian's obligation to correct inaccuracies in my credit report.

**Zachary Moore vs. Alliant Credit Union, 2024CV30075 (District Court of Elbert County, Colorado, 2025):** The court ruled in favor of Mr. Moore, holding that foreclosure proceedings initiated by Alliant Credit Union, based on a mortgage loan derived from fiat currency, violated his constitutional rights under the Fifth, Thirteenth, and Fourteenth Amendments.

**INJURY:**

The inaccurate reporting of this account has caused significant harm, including:

1. **Defamation of Character:** The false reporting has damaged my reputation and creditworthiness.

2. **Financial Harm:** I have been denied credit, charged higher interest rates, and faced obstacles in financial transactions due to the inaccurate reporting.

3. **Emotional Distress:** The stress and anxiety caused by these violations have impacted my well-being.

**RELIEF:**

I request that the CFPB take the following actions:

**Select Portfolio Servicing:**

- Provide proper validation of the alleged debt or cease reporting it entirely.
- Remove all references to this account from my credit report.
- Compensate me for damages caused by their violations, including statutory damages under the FDCPA and FCRA.

**Experian:**

- Conduct a proper investigation of my dispute.
- Remove the inaccurate account from my credit report immediately.
- Compensate me for damages caused by their failure to comply with the FCRA.
- Investigate SPS and Experian for violations of the FDCPA, FCRA, and other applicable laws.

**DOCUMENTATION:**

I have attached the following documents to support my complaint:

- **Exhibit X:** Report showing TransUnion and Equifax showing the removal of the account.
- **Exhibit Y:** Documentation from Wilmington Fund Saving Society's Attorney stating that I am not a necessary party to the transaction.
- **Exhibit Z:** Copy of the FTC identity theft report.

Any additional evidence supporting my claim can be produced upon request.

## PERJURY JURAT

I affirm, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct to the best of my belief and informed knowledge; and further deponent saith not. I now affix my signature and official seal to all of the above affirmations with EXPLICIT RESERVATION OF ALL OF MY UNALIENABLE RIGHTS, WITHOUT PREJUDICE to any of those rights.

In Good Faith,

By: _[signature]_
**ASHANTI ABAYOMI FOSTER-FELDER**
All Rights Reserved, UCC § 1-308

## NOTARY ACKNOWLEDGMENT

State of New York )
) ss.:
County of Nassau )

Subscribed and Affirmed and having been duly sworn to at __Freeport__.
(city)

before me __Meshessna C. Little__, a Notary Public for the said county and state as above noted, do hereby state that the living man, Ashanti Abayomi Foster-Felder, personally appeared before me and signed the foregoing instrument. Witness my hand and official seal this __27__ day of __January__, 2025.

__Meshessna C. Little__          __11/26/2025__
Notary Public Signature          My Commission Expires

SEAL:

MESHESSNA C LITTLE
NOTARY
NO. 01LI6066956
QUALIFIED IN
NASSAU COUNTY
COMM. EXP.
11-26-20
STATE OF NEW YORK
PUBLIC



Ashanti Foster-Felder
22919 Merrick Blvd #547
Laurelton NY 11413

US District Court for
The Central District of California
255 East Temple Street #610
Los Angeles CA 90012

MID-ISLAND NY 117
13 FEB 2025 PM 4 L

FEB 18 2025
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

PRO SE OFFICE

027102-301270