Richard J. Grabowski (State Bar No. 125666)
rgrabowski@jonesday.com
John A. Vogt (State Bar No. 198677)
javogt@jonesday.com
Ryan D. Ball (State Bar No. 321773)
rball@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
(T) 949-851-3939
(F) 949-553-7539

Attorneys for Defendant
Experian Information Solutions, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>              Plaintiff,<br><br>        v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>              Defendant. | Case No. 8:25-cv-00024-MWC-DFM<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**<br><br>Date:   May 9, 2025<br>Time:  1:30 p.m.<br>Place:  Courtroom 6A |

Pursuant to Federal Rule of Evidence 201, and in support of its concurrently filed Motion to Dismiss, Defendant Experian Information Solutions, Inc. ("EIS") respectfully requests that the Court take judicial notice of the following documents:

1. The Consumer Financial Protection Bureau's (the "Bureau") Supervisory Highlights: Spring 2014, which is publicly available on the Bureau's website at https://www.consumerfinance.gov/data-research/research-reports/supervisory-highlights-spring-2014/. A true and correct copy of this document is attached as **Exhibit 1**.

2. The Bureau's Supervisory Highlights: Winter 2015, which is publicly available on the Bureau's website at https://www.consumerfinance.gov/data-research/research-reports/supervisory-highlights-winter-2015/. A true and correct copy of this document is attached as **Exhibit 2**.

3. The Bureau's Supervisory Highlights Consumer Reporting Special Edition: Issue 14, Winter 2017, which is publicly available on the Bureau's website at https://www.consumerfinance.gov/data-research/research-reports/supervisory-highlights-consumer-reporting-special-edition/. A true and correct copy of this document is attached as **Exhibit 3**.

4. The Bureau's Statement on Supervisory and Enforcement Practices Regarding the Fair Credit Reporting Act and Regulation V in Light of the CARES Act, dated April 1, 2020, which is publicly available on the Bureau's website at https://www.consumerfinance.gov/compliance/supervisory-guidance/statement-fair-credit-reporting-act-regulation-v-cares-act/. A true and correct copy of this document is attached as **Exhibit 4**.

5. The Bureau's November 9, 2020 response letter to National Consumer Law Center's Ms. Chi Chi Wu's September 24, 2020 letter regarding the Bureau's April 1, 2020 policy statement. A true and correct copy of this document is attached as **Exhibit 5**.

6. The Bureau's Supervisory Highlights COVID-19 Prioritized Assessments Special Edition: Issue 23, Winter 2021, which is publicly available on the Bureau's website at https://www.consumerfinance.gov/data-research/research-reports/supervisory-highlights-covid-19-prioritized-assessments-special-edition-issue-23/. A true and correct copy of this document is attached as **Exhibit 6**.

7. The Bureau's Supervisory Highlights: Issue 24, Summer 2021, which is publicly available on the Bureau's website at https://www.consumerfinance.gov/data-research/research-reports/supervisory-highlights-issue-24-summer-2021/. A true and correct copy of this document is attached as **Exhibit 7**.

8. The Bureau's Annual Report of Credit and Consumer Complaints, January 2022, which is publicly available on the Bureau's website at https://www.consumerfinance.gov/data-research/research-reports/annual-report-consumer-credit-reporting-complaints-analysis-of-complaint-responses-equifax-experian-transunion-2021/. A true and correct copy of this document is attached as **Exhibit 8**.

9. The Bureau's Consumer Financial Protection Circular 2022-07, dated November 10, 2022, which is publicly available on the Bureau's website at https://www.consumerfinance.gov/compliance/circulars/consumer-financial-protection-circular-2022-07-reasonable-investigation-of-consumer-reporting-disputes/. A true and correct copy of this document is attached as **Exhibit 9**.

In ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). "Courts may judicially notice public documents." *See St. John v. Toyota Motor Corp.*, No. 10-ML-02151, 2013 WL 5775072, at *2 (C.D. Cal. Oct. 10, 2013) (citing *Lee*, 250 F.3d at 689).

1    Here, the Court may properly take judicial notice of Exhibits 1–9 as government reports and publications "are matters of undisputed public record" of which the Court can take judicial notice. *See Quan v. Smithkline Beecham Corp.*, 149 F. App'x 668, 689 (9th Cir. 2005) (citing *Lee*, 250 F.3d at 689). Indeed, "[g]overnment reports and publications, including information on the [Bureau's] official website [are] judicially noticeable." *See Javaheri v. JPMorgan Chase Bank, N.A.*, No. 10-cv-08185, 2011 WL 97684, at *2 (C.D. Cal. Jan. 11, 2011); *Gately v. City of Port Hueneme*, No. 16-cv-04096, 2017 WL 8236269, at *3 (C.D. Cal. Oct. 2, 2017) ("Federal Rule of Evidence 201 permits judicial notice of public records and government documents available from reliable sources on the internet, such as websites run by governmental agencies."); *U.S. ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014) (taking judicial notice of publications found on a government website in considering a motion to dismiss). Accordingly, the Court may consider Exhibits 1–9 in ruling on EIS's Motion to Dismiss.

Dated: April 1, 2025

JONES DAY

By: */s/ Richard J. Grabowski*
    Richard J. Grabowski

Attorneys for Defendant
Experian Information Solutions, Inc.