# EXHIBIT 5

Exhibit 5 - Page 83



Bureau of Consumer Financial Protection
1700 G Street NW
Washington, D.C. 20552

November 9, 2020

Chi Chi Wu
National Consumer Law Center
7 Winthrop Square
Boston, MA 02110-1245

Dear Ms. Wu,

I am writing in response to your letter of September 24, 2020 requesting that the Bureau rescind part of its April 1, 2020 policy statement outlining the responsibilities of consumer reporting agencies (CRAs) and the companies that furnish data to CRAs during the pandemic.

I want to make clear that all companies continue to remain responsible for FCRA compliance with dispute resolutions in a timely fashion. However, during the extraordinary times in which we find ourselves, the Bureau does not intend to cite in an examination or bring an enforcement action against firms who exceed the deadlines to investigate such disputes - but ***only*** as long as efforts are made in good faith to do so as quickly as possible. The Bureau has stated that furnishers and CRAs remain responsible for conducting reasonable investigations of consumer disputes in a timely fashion and that it will evaluate individually the efforts and circumstances of each furnisher and CRA in determining if it made good faith efforts to investigate disputes as quickly as possible.[1]

The Bureau's supervision program is conducting Prioritized Assessments in response to the COVID-19 pandemic. Prioritized Assessments are higher-level inquiries than traditional examinations, designed to obtain real-time information from entities that operate in markets posing elevated risk of consumer harm due to pandemic related issues. Through Prioritized Assessments, the Bureau has expanded its supervisory oversight to cover a greater number of institutions than our typical examination schedule allows, gain a greater understanding of industry responses to pandemic-related challenges, and help ensure that entities are attentive to practices that may result in consumer harm, including dispute handling.

---

[1] *See* FAQ #3. https://files.consumerfinance.gov/f/documents/cfpb_fcra_consumer-reporting-faqs-covid-19_2020-06.pdf

consumerfinance.gov

Exhibit 5 - Page 84

Through both its more typical examination work and Prioritized Assessments, the Bureau is committed to using its supervisory authority to prevent violations of Federal consumer financial law and consumer harm. Prioritized Assessments are being used to identify the risk of violations of Federal consumer financial law and consumer harm, particularly in those markets that may be impacted by the COVID-19 pandemic, and to identify whether follow up work is necessary. While allowing the Bureau to expand the number of institutions under review, this inquiry into the risk of violations of Federal consumer law and consumer harm impacted by the COVID-19 pandemic is narrower than the Bureau's more typical examination work in its time period of review and scope, focusing on the most recent few months and pandemic-related issues.

The Bureau's supervision program reviewed and analyzed current pandemic related market developments, including complaints, to determine where COVID-related issues are most likely to pose a risk to consumers. As a result of that review, the Bureau is focusing its efforts on where it believes the risks are highest to consumers who have lost jobs or income and have trouble making loan payments that are due. The Bureau is also prioritizing markets where Congress provided special provisions to help consumers in the CARES Act, such as consumer reporting.

Bureau examiners sent a targeted information request pursuant to the Bureau's supervisory authority to each entity that is the subject of a Prioritized Assessment to obtain information necessary to assess the risk of violations of Federal consumer financial law and risk to consumers. Each targeted information request is specific to the product market, the market's attendant risks to consumers, and the institution.

For the consumer reporting related Prioritized Assessments, the Bureau request included, among other items, information related to compliance with the CARES Act amendments to the FCRA and dispute handling. I want to emphasize again that, in the Prioritized Assessment and future supervisory and enforcement work, the Bureau has been and will evaluate individually the efforts and circumstances of each furnisher and CRA in determining if it made good faith efforts to investigate disputes as quickly as possible.

I appreciate the fact that you are monitoring consumer challenges during this time and encourage you to continue to send information to us.

Should you have any questions about this response, please do not hesitate to contact me, or have your staff contact Keo Chea of the Bureau's Office of Public Engagement and Community Liaison. Ms. Chea can be reached at (202) 603-4761.

Sincerely,

Kathleen L. Kraninger
Director