UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CONSUMER FINANCIAL PROTECTION BUREAU ,

Plaintiff(s),

v.

EXPERIAN INFORMATION SOLUTIONS, INC.

Defendant(s).

Case No.
8:25–cv–00024–MWC–DFM

**ORDER SETTING SCHEDULING CONFERENCE**

Date:             June 6, 2025
Time:             1:30 p.m.
Courtroom:        6A

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS CASE**

**AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This matter is set for a Scheduling Conference on the above date in Courtroom 6A of the First Street Courthouse, 350 West First Street, Los Angeles, CA 90012.[1] If Plaintiff has not already served the operative complaint on *all* Defendants, Plaintiff shall do so *promptly* and shall file proofs of service within three (3) days thereafter. *See* FED. R. CIV. P. 4; Local Rule 4. Defendants shall also timely file and serve their responsive pleadings and file proofs of service within three (3) days thereafter, in compliance with the requirements of Local

_____

[1] By default, all scheduling conferences shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed seven (7) before the conference, supported by an appropriate declaration establishing good cause, and must indicate that counsel has met and conferred per Local Rule 7-3.

1  Rule 5-3.2. At the Scheduling Conference, the Court will dismiss all remaining

2  fictitiously named Defendants. The Court will also set a date by which motions to

3  amend the pleadings or add parties must be heard.

4       The Scheduling Conference will be held pursuant to Federal Rule of Civil

5  Procedure 16(b). The parties are reminded of their obligations under Federal Rule

6  of Civil Procedure 26(f) to confer on a discovery plan no later than twenty-one (21)

7  days before the Scheduling Conference. The Court encourages counsel to agree to

8  begin to conduct discovery actively *before* the Scheduling Conference. At the very

9  least, the parties shall comply fully with the letter and spirit of Federal Rule of

10 Civil Procedure 26(a) and thereby obtain and produce most of what would be

11 produced in the early stages of discovery, because at the Scheduling Conference

12 the Court will impose strict deadlines to complete discovery.

13      **This Court does not exempt parties appearing pro se from compliance**

14 **with any of the Federal Rules of Civil Procedure and the Local Rules,**

15 **including Local Rule 16. *See* Local Rule 1-3, 83-2.2.3. "Counsel," as used in**

16 **this Order, includes parties appearing pro se.**

17 **I.  Joint Rule 26(f) Report**

18      The Joint Rule 26(f) Report **must be filed no later than seven (7) days** after

19 the meeting of counsel and **fourteen (14) days** before the Scheduling Conference.

20 The Court discourages the submission of courtesy chambers copies of Joint Rule

21 26(f) Reports that have been electronically filed.

22      The Joint Rule 26(f) Report shall be drafted by Plaintiff or, if the parties

23 otherwise agree, by Defendant's counsel. If the Plaintiff is appearing pro se, the

24 Joint Rule 26(f) Report shall be drafted by Defendant's counsel unless Plaintiff

25 prefers to do so. In all circumstances, the Joint Rule 26(f) Report must be signed

26 jointly. "Jointly" means a single report, regardless of how many separately

27 represented parties are involved in the case. The Joint Rule 26(f) Report shall

28 specify the date of the Scheduling Conference on the caption page.

The Joint Rule 26(f) Report shall address the matters set forth in Federal Rule of Civil Procedure 26(f) and Local Rule 26, some of which are enumerated below, and shall also contain the following:

**A.    Statement of the Case:** A short statement by each party, not to exceed two (2) pages, setting forth that party's factual summary of the case, including the basis for any claims, counterclaims, or defenses.

**B.    Subject Matter Jurisdiction:** A statement of the specific basis for federal jurisdiction, including supplemental jurisdiction. If there is a federal question, cite the federal law, under which the claim arises.

**C.    Legal Issues:** A brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.

**D.    Damages:** The realistic range of provable damages.

**E.    Parties and Evidence:** A list of parties, percipient witnesses, and key documents with respect to the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates. The parties should discuss the likelihood of appearance of additional parties, if any.

**F.    Insurance:** Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

**G.    Manual for Complex Litigation:** Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

**H.    Motions:** A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction.

**I.    Dispositive Motions:** A description of the issues or claims any party believes may be determined by motion to dismiss or motion for summary judgment.

\\\

\\\

1    **J.    Status of Discovery:** A discussion of the present state of discovery,

2    including a summary of completed discovery, and any current or anticipated

3    disputes.

4    **K.    Discovery Plan:** A detailed discovery plan, as contemplated by

5    Federal Rule of Civil Procedure 26(f). State what, if any, changes in the disclosures

6    under Federal Rule of Civil Procedure 26(a) should be made, the subjects on which

7    discovery may be needed, whether discovery should be conducted in phases or

8    otherwise be limited, whether applicable limitations should be changed or other

9    limitations imposed, and whether the Court should enter other orders. A statement

10    that discovery will be conducted as to all claims and defenses or other vague

11    description is not acceptable.

12    **L.    Expert Discovery:** Proposed dates for initial and rebuttal expert witness

13    disclosures and expert discovery cut-off under Federal Rule of Civil Procedure

14    26(a)(2).

15    **M.    Settlement Conference / Alternative Dispute Resolution ("ADR"):**

16    A statement of what settlement negotiations have occurred, excluding any

17    statement of the terms discussed. If a Notice to Parties of Court-Directed ADR

18    Program (Form ADR-08) was filed in this case, the Court will refer it to the

19    magistrate judge, the Court Mediation Panel, or private mediation at the parties'

20    expense. The parties must indicate their preference in their Joint Rule 26(f)

21    Report.[2] No case will proceed to trial unless all parties, including an officer

22    with full settlement authority for corporate parties, have appeared personally

23    at an ADR proceeding.

24    **N.    Trial Estimate:** A realistic estimate, in days, of the court time

25    required for trial and whether trial will be by jury or by the Court. Each side

26    _____

27
28    [2] Where the parties fail to select an ADR method, the Court will default select
the Court Mediation Panel per Local Rule 16-15.3.

1  should specify by number, not by name, the number of witnesses it contemplates

2  calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds

3  four (4) court days, counsel must be prepared to discuss in detail the basis for the

4  estimate.

5      **O.    Trial Counsel:** The name(s) of the counsel who will try the case.

6      **P.    Magistrate Judge:** Whether the parties agree to try the case before a

7  magistrate judge. Pursuant to 28 U.S.C. § 636 and General Order 05-07 (also

8  referred to as General Order 194), the parties may consent to have a magistrate

9  judge preside over all proceedings, including jury trials. The parties may choose

10  any magistrate judge identified on the Central District website.[3] The consent form

11  may also be found on the Central District website.[4]

12      **Q.    Independent Expert or Master:** Whether the Court should consider

13  appointing a master pursuant to Federal Rule of Civil Procedure 53 or an

14  independent scientific expert at the parties' expense. The appointment of a master

15  may be especially appropriate in cases where the parties anticipate substantial

16  discovery disputes, numerous claims to be construed in connection with a motion

17  for summary judgment, a lengthy *Daubert* hearing, or a resolution of a difficult

18  computation of damages.

19      **R.    Schedule Worksheet:** The parties must make every effort to agree on

20  all pretrial and trial dates. The parties must submit a completed copy of the

21  attached Schedule of Pretrial and Trial Dates Worksheet ("Worksheet") with their

22  Joint Rule 26(f) Report. The entries in the "Time Computation" column reflect

23  what the Court believes is appropriate for most cases and will allow the Court to

24  rule on potentially dispositive motions sufficiently in advance of the Final

_____

26  [3] A list of magistrate judges in the Central District Court of California can be found at
https://www.cacd.uscourts.gov/judges-schedules-procedures.

27  [4] The Statement of Consent to Proceed Before a United States Magistrate Judge (CV–11D) can be
found at https://www.cacd.uscourts.gov/sites/default/files/forms/CV-011D/CV-11D.pdf.

Pretrial Conference. However, the parties may propose earlier dates by which the key requirements must be completed. Each date should be stated as month, day, and year (*e.g.*, 2/10/2022). Hearings shall be held on **Fridays starting at 1:30 p.m.** Other deadlines not involving the Court may be scheduled any day of the week. The parties must avoid holidays. The Court may order different dates than those required. The discovery cut-off date is the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must be heard, not filed. **In other words, any motion challenging the adequacy of discovery responses must be filed timely, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.** If the parties wish the Court to set dates in addition to those on the Worksheet, they may so request by a separate stipulation and proposed order. Additional hearings are often appropriate for class actions, patent cases, and cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").

If the parties agree on a date, the agreed-upon date should be put in the Plaintiff's column while the Defendant's column should be marked "Agree." If the parties disagree on a date, each party should put their proposed date in their respective column.

**S.    Other Issues:** A statement of any other issues affecting the status or management of the case, such as unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, witnesses who will need the assistance of a court interpreter, reasonable ADA accommodations, discovery in foreign jurisdictions, the applicability of foreign law, the advanced age or health of parties or key witnesses, and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above-described

1    information under section headings corresponding to those in this Order.

2    **II.  Trade Secret Cases**

3        This provision shall apply in any case in which there is a claim, counterclaim,

4    or crossclaim for misappropriation of trade secrets in violation of either the

5    California Uniform Trade Secret Act ("CUTSA," Cal. Civ. Code.

6    § § 3426-3426.11) or Defend Trade Secrets Act ("DTSA," 18 U.S. Code

7    §§ 1836-1839).

8        As a matter of case management, **this Court requires an identification**

9    **trade secrets with particularity,** akin to the disclosure required by California law.

10   *See* Cal. Civ. Proc. Code § 2019.210 ("In any action alleging the misappropriation

11   of a trade secret . . . before commencing discovery relating to the trade secret,

12   the party alleging the misappropriation shall identify the trade secret with

13   reasonable particularity.").

14       A party asserting a claim for trade secrets must both serve upon the opposing

15   part and file (under seal if appropriate) a **trade secret identification statement**

16   that includes: (1) a numbered list of each trade secret at issue, including a summary

17   each trade secret, and specific elements that define each trade secret (and if

18   appropriate, elements that distinguish the claimed trade secret from similar and

19   more broadly known technologies); (2) the background of the trade secret and

20   a description of how each secret has derived independent, actual or potential

21   economic value by virtue of not being generally known to the public; and (3)

22   a description of how each secret has been the subject of reasonable efforts

23   to maintain its secrecy.

24       This identification statement shall be used throughout the litigation. For

25   example, at summary judgment, either party may move for summary judgment

26   as to any one of or combination of the individually identified trade secrets, and

27   at trial, the jury may find that claims have been proven as to any one of or

28   combination of the individually identified trade secrets. The trade secret

identification may only be amended with leave of the Court (via either stipulation or motion). The identification must comply with the requirements of California law for trade secret identifications pursuant to Section 2019.210. *See, e.g., Advanced Modular Sputtering, Inc. v. Sup. Ct.*, 132 Cal. App. 4th 82, 836 (2005) (The plaintiff must identify the trade secrets with "sufficient particularity" to distinguish the trade secrets from "matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade." (internal alterations omitted)).

**The identification must be filed and served within 60 days from the the date of this order.** Should the parties wish, they may agree to a later deadline, and should state as such in the 26(f) report. Discovery into trade secrets shall not commence until the identification has been served and filed, but the plaintiff may commence discovery on any other subject prior to the identification.

## III. Scheduling Conference

A.    **Continuance:** A request to continue the Scheduling Conference will be granted only for good cause. The parties should refer to the Court's Standing Order for additional guidance regarding requests for continuance.

B.    **Vacating Scheduling Conference:** The Court may vacate the Scheduling Conference and issue the Scheduling Order based solely on the parties' Joint Rule 26(f) Report pursuant to Federal Rule of Civil Procedure 16(b).

C.    **Participation:** If the Court elects to conduct a Scheduling Conference, lead trial counsel must attend unless excused by the Court for good cause before the conference.

D.    **Failure to Submit a Joint Rule 26(f) Report:** The failure to submit a Joint Rule 26(f) Report in advance of the Scheduling Conference or to attend the Scheduling Conference may result in dismissal of the action, striking of the answer and entry of default, and/or imposition of sanctions.

## IV.  Notice to Be Provided by Counsel

Plaintiff's counsel or, if Plaintiff is appearing pro se, Defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

## V.  Disclosures to Clients

Counsel are ordered to deliver to their clients a copy of this Order.

## VI.  Court's Website

This and all other generally applicable orders of this Court are available on the Central District of California website[5] and on Judge Court's webpage.[6] The Local Rules are also available on the Central District of California website.[7]

The Court thanks the parties and their counsel for their anticipated cooperation.

IT IS SO ORDERED.


Dated:  April 2, 2025

_____

HON. MICHELLE WILLIAMS COURT

United States District Judge

---

[5] The website for the Central District of California can be found at https://www.cacd.uscourts.gov/.

[6] Judge Court's webpage can be found at http://www.cacd.uscourts.gov/honorable-michelle-williams-court.

[7] Copies of the Local Rules are available at https://www.cacd.uscourts.gov/court-procedures/local-rules.

**DISTRICT JUDGE MICHELLE WILLIAMS COURT**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No. | Case Name: | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date**<br>mm/dd/yyyy | **Def(s)' Date**<br>mm/dd/yyyy |
| Check one:  ☐ Jury Trial   or   ☐ Bench Trial<br>[Monday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity]<br>Estimated Duration: _____ Days | | | |
| Final Pretrial Conference ("FPTC" [L.R. 16], Hearing on Motions in Limine<br>[Friday at 1:30 p.m. at least 19 days before trial] | | | |
| **Event** [1]<br>Note: Hearings shall be on Fridays at 1:30 p.m.[2]<br>Other dates can be any day of the week | **Time Computation**[3] | **Pl(s)' Date**<br>mm/dd/yyyy | **Def(s)' Date**<br>mm/dd/yyyy |
| Last Date to <u>Hear</u> Motion to Amend Pleadings or Add Parties [Friday] | 6 weeks after scheduling conference | | |
| Fact Discovery Cut-Off<br>(no later than deadline for filing dispositive motion) | 24 weeks before FPTC | | |
| Expert Disclosure (Initial) | 23 weeks before FPTC | | |
| Expert Disclosure (Rebuttal) | 21 weeks before FPTC | | |
| Expert Discovery Cut-Off | 19 weeks before FPTC[4] | | |
| Last Date to <u>Hear</u> Motions [Friday]<br>• Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Court's website | 12 weeks before FPTC | | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br><u>Select one</u>:  ☐ 1. Magistrate Judge (with Court approval)<br>       ☐ 2. Court Mediation Panel<br>       ☐ 3. Private Mediation | 10 weeks before FPTC | *Select deadline and settlement method* | *Select deadline and settlement method* |
| <u>Trial Filings</u> (first round)<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | | |
| <u>Trial Filings</u> (second round)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | | |
| <u>Other Dates</u> (e.g. class cert motion cut-off, early mediation, etc ) | | | |

[1]  The parties may seek dates for additional events by filing a separate stipulation and proposed order.
[2]  By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed seven (7) days before the hearing, supported by a declaration establishing good cause, and must indicate that counsel has met and conferred per Local Rule 7-3
[3]  The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. But in every case, the last date to hear motions shall be no later than eight (8) weeks before the deadline for Trial Filings (First Round), and the deadline for Trial Filings (First Round) and Trial Filings (Second Round) must be no later than four (4) and two (2) weeks before the FPTC, respectively.
[4]  The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.