UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  8:25-cv-00024-MWC-DFM                                                    Date: August 6, 2025

Title       Consumer Financial Protection Bureau v. Experian Information Solutions, Inc.

Present: The Honorable:     Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order GRANTING Defendant's motion to dismiss WITH LEAVE TO AMEND (Dkt. 47)**

      Before the Court is a motion to dismiss filed by Defendant Experian Information Solutions, Inc. ("EIS"). Dkt. # 47-3 ("*Mot.*"). Plaintiff Consumer Financial Protection Bureau ("CFPB") opposed, Dkt. # 52 ("*Opp.*"), and EIS filed an untimely reply, Dkt. # 68 ("*Reply*").[1] The Court finds this matter appropriate for decision without oral

---

[1] EIS argues that the CFPB's opposition is procedurally deficient for ignoring its meet-and-confer obligations because it did not take a position during the meet-and-confer process. *See Reply* 2:2–4:7. EIS highlights that, under Local Rule 7-3, "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution," and if no resolution can be reached, "counsel for the moving party must include a declaration . . . that sets forth . . . ***the position of each party with respect to each disputed issue that will be the subject of the motion***." *Id.* 2:12–17 (emphasis in original). Furthermore, EIS points to the Court's Standing Order, which mandates that "[c]ounsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court." *Id.* 2:17–21 (citation omitted). CFPB concedes that it did not take a position during the meet-and-confer but argues that it is not required to state a position in advance of the motion being filed, and nonetheless it engaged in good faith. *Opp.* 4:1–3 n. 1.

Although EIS's argument is well-taken, the Court rejects it as it is not apparent that CFPB conferred in bad faith. As CFPB correctly notes, there is no authority that it is required to take a position before the filing of a motion. At this juncture, given the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   8:25-cv-00024-MWC-DFM | Date: August 6, 2025 |
| Title   Consumer Financial Protection Bureau v. Experian Information Solutions, Inc. | |

argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers, the Court **GRANTS** EIS's motion to dismiss **WITH LEAVE TO AMEND**.

I.      Background

On January 7, 2025, CFPB initiated this action against EIS, a consumer reporting agency ("CRA").  Dkt. # 1 ("*Compl.*").  On April 4, 2025, EIS filed a motion to dismiss all counts in CFPB's initial complaint on two grounds: (1) that the statute of limitations barred the CFPB's claims, and (2) the CFPB failed to plead a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  *See* Dkt. # 24.  CFPB's claims were split in two categories for purposes of timeliness: (1) violations that occurred between January 2018 and October 2021 (the "Discrete Violations"), and (2) ongoing violations (the "Ongoing Violations").  *See* Dkt. # 33 ("*Order*").

On May 5, 2025, the Court granted in part and denied in part EIS's motion to dismiss.  *See id*.  Relevant here, the Court found that the Discrete Violations were time-barred because they occurred between January 2018 and October 2021.  *Id.* at 3–5.  The claims for Discrete Violations were "facially deficient as this lawsuit was not initiated until January 7, 2025," more than three years after the Bureau discovered the violations.  *Id*. at 4.  CFPB attempted to rely on a tolling agreement with EIS, suspending the statute of limitations by a total of 554 days, but the complaint did not mention the tolling agreement.  *Id.* (citing *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006) ("[F]ederal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings[.]")).  Accordingly, the Court dismissed the Discrete Violations but permitted

---

parties' differing interpretations of the meet-and-confer process, the Court declines to discuss the issue any further and address the merits of the motion.

Separately, the Court flags that EIS's reply was untimely.  On June 25, 2025, the Court granted in part a stipulation to continue the associated filing deadlines of the instant motion, in which the deadline for EIS's reply was set for July 18, 2025.  Dkt. # 50.  On July 14, 2025, the Court granted CFPB's unopposed ex parte application to move the hearing date of August 1, 2025 to August 8, 2025.  Dkt. # 58.  That order only moved the hearing date—the Court did not move any other dates.  *See id.*  EIS filed its reply on July 25, 2025.  *Reply*.  Although the Court will consider EIS's reply, the Court does not condone the failure to make timely filings and warns against future non-compliance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-00024-MWC-DFM                                    Date: August 6, 2025

Title    Consumer Financial Protection Bureau v. Experian Information Solutions, Inc.

CFPB to amend the complaint to allege the existence of a tolling agreement. *Order* at 4–5.

On June 6, 2025, CFPB filed an amended complaint (the "FAC").  Dkt. # 44 ("*FAC*").  EIS now moves to dismiss the claims that fall under the Discrete Violations period (i.e., Counts V, VI, and VII) as time-barred.  *See Mot.*

II.    Legal Standard

To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff.  *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  However, a cause of action's elements that are "supported by mere conclusory statements, do not suffice."  *Id*.  Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

A contention that a claim is barred by the statute of limitations is an affirmative defense.  Fed. R. Civ. P. 8(c).  Rule 8 generally "does not require plaintiffs to plead around affirmative defenses."  *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019).  And "[o]rdinarily, affirmative defenses . . . may not be raised on a motion to dismiss."  *Id.* (citation omitted).  Nonetheless, courts "can consider an affirmative defense on a motion to dismiss when there is 'some obvious bar to securing relief on the face of the complaint.'"  *Id.* (citation omitted).  "An affirmative defense may be considered if the defense is based on undisputed facts or if the basis for the argument appears on the face of the complaint and any materials the court takes judicial notice of."  *Nguyen v. Stephens Institute*, 529 F. Supp. 3d 1047, 1056 (N.D. Cal. 2021); *see U.S. Commodity*, 931 F.3d at 972 ("In other words, dismissal based on an affirmative defense is permitted when *the complaint* establishes the defense." (emphasis in original)).  However, if the running of the statute of limitations is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00024-MWC-DFM | Date: August 6, 2025 |
| Title | Consumer Financial Protection Bureau v. Experian Information Solutions, Inc. |

apparent on the face of the complaint, the defense may be raised by a motion to dismiss accompanied by affidavits, in which case the motion is treated as one for summary judgment, and all parties must be given a reasonable opportunity to present all material relevant to the motion. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

III.   Discussion

Under the Consumer Financial Protection Act, CFPB has three years "after the date of discovery of the violation to which an action relates" to file an action. 12 U.S.C. § 5564(g)(1); *see Consumer Fin. Prot. Bureau v. Snap Fin. LLC*, No. 2:23-CV-00462-JNP-JCB, 2024 WL 3625007, at *14 (D. Utah Aug. 1, 2024). The "limitation period commences when the Bureau either knows of a violation or, through reasonable diligence, would have discovered the violation." *Integrity Advance, LLC v. Consumer Fin. Prot. Bureau*, 48 F.4th 1161, 1172 (10th Cir. 2022); *see also Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, No. 22 CIV. 3256 (KPF), 2025 WL 297389, at *12 (S.D.N.Y. Jan. 24, 2025) (applying constructive discovery under the CFPA); *Order* (same).

EIS argues that the Discrete Violations are time-barred because the tolling agreement (the "Fourth Tolling Agreement")—which CFPB relies on—only applies to Experian Holdings Inc. ("Experian Holdings"), not EIS.[2] *Mot.* 5:23–6:25. EIS further argues that the fact that EIS is a subsidiary of Experian Holdings changes nothing. *Id.* 6:26–7:16. CFPB counters that the Discrete Violations are facially sufficient. *Opp.*

---

[2] The Court **GRANTS** EIS's unopposed request for judicial notice of the Fourth Tolling Agreement. Dkt. # 48 ("*RJN*"). CFPB relies on the Fourth Tolling Agreement to allege that the Discrete Violations are timely, and therefore the agreement is judicially noticeable. *See FAC*; *Toyo Tire Holdings of Americas Inc. v. Ameri & Partners, Inc.*, 753 F. Supp. 3d 966, 977 (C.D. Cal. 2024) (explaining that courts can take judicial notice of documents referenced or relied upon in the complaint); *IGOLF, Inc. v. Bushnell Holdings, Inc.*, No. 3:23-cv-01595-L-DTF, 2025 WL 875913, at *2 (S.D. Cal. Mar. 4, 2025) ("While Plaintiff did not attach the contracts in question to the complaint, they are properly incorporated by reference as they are extensively referenced in the complaint . . . and form the basis of Plaintiff's claims." (citation omitted)). The Court deems **MOOT** the request for judicial notice as to the remaining exhibits that EIS moves for as they are immaterial for purposes of adjudicating the instant motion. *See RJN*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-00024-MWC-DFM                                        Date: August 6, 2025

Title   Consumer Financial Protection Bureau v. Experian Information Solutions, Inc.

4:21–6:10.  CFPB also contends that, in any event, EIS's motion seeks determination of disputed facts and therefore adjudication of the Fourth Tolling Agreement's application to EIS requires conversion to a motion for summary judgment, and CFPB submits evidence in support that the Fourth Tolling Agreement applies to EIS.  *Id.* 7:19–8:9.  Alternatively, CFPB requests leave to amend its complaint.  *Id.* 8:10–13:8.

      The Court finds that it is apparent that, as alleged, CFPB is time-barred from pursuing the Discrete Violation claims.  Per CFPB's own allegations, it "did not possess facts sufficient to establish the [Discrete] [V]iolations . . . and did not discover those violations prior to the Bureau's supervisory examination of [EIS] that commenced on February 1, 2021."  *FAC* ¶ 107.  Initiating the instant lawsuit outside of the three-year statutory period, CFPB relies on the Fourth Tolling Agreement to suspend the statute of limitations by a total of 554 days.  *Id.* ¶ 108.  Indeed, CFPB alleges that it and EIS executed the Fourth Tolling Agreement.  *Id.*  However, CFPB's reliance is not sufficiently pleaded as the FAC's allegations are contradicted by the Fourth Tolling Agreement, which is between Experian Holdings and CFPB.  *See* Dkt. # 48-1 at Agreement; *United States v. FedEx Corp.*, No. C14-00380 CRB, 2016 WL 1070653, at *4 (N.D. Cal. Mar. 18, 2016) (dismissing action as time-barred where the tolling agreements did not include two of the named defendants and the government failed to meet the standard for contract reformation); *SOS Co. v. E-Collar Techs., Inc.*, No. CV 16-09667-AB (AFMx), 2017 WL 5714716, at *4 (C.D. Cal. Oct. 17, 2017) (finding that a party not named in a tolling agreement was not bound).  Thus, the Court **GRANTS** EIS's motion to dismiss.

      Nonetheless, the Court **GRANTS** CFPB leave to amend as it adequately argues that leave to amend will not be futile;[3] that is, CFPB submits that both parties understood the Fourth Tolling Agreement pertained to EIS but there was a "mutual mistake" to include EIS in the agreement.  *Opp.* 8:12–9:20.  Had CFPB included those allegations, the FAC would have been facially sufficient to survive a motion to dismiss.  *See*

---

[3] Whether to grant leave to amend rests in the sound discretion of the trial court.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile.  *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment."  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00024-MWC-DFM            Date: August 6, 2025

Title     Consumer Financial Protection Bureau v. Experian Information Solutions, Inc.

*Consumer Fin. Prot. Bureau v. Think Fin., LLC*, No. CV-17-127-GF-BMM, 2018 WL 3707911, at *9 (D. Mont. Aug. 3, 2018) (taking the allegations as true and finding that "CFPB has pleaded that the Subsidiaries exist as alter egos of Think Finance" which "imputes the tolling agreement to the alter egos" (citations omitted)). The truth of those allegations is a question of fact inappropriate for resolution on a motion to dismiss. *See Maramonte v. Ocwen Loan Servicing LLC*, No. CV-16-1706-MWF (GJSX), 2016 WL 11970721, at *1 (C.D. Cal. June 7, 2016) ("A motion to dismiss cannot be granted based upon an affirmative defense unless that 'defense raises no disputed issues of fact.'" (quoting *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)). In reaching its decision, the Court has not considered extrinsic evidence. Although CFPB moves this Court to adjudicate the motion to dismiss as a motion for summary judgment, *Opp.* 7:19–8:9, the Court declines to do so as EIS argues that conversion is unnecessary (and did not submit evidence to rebut CFPB's evidence), *Reply* 5:25–8:1. *See Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (district court has discretion to convert motion to dismiss into motion for summary judgment).

IV.     Conclusion

     For the foregoing reasons, the Court **GRANTS** EIS's motion to dismiss **WITH LEAVE TO AMEND**. CFPB must file any amended complaint no later than **August 22, 2025**. Failure to file an amended complaint by that date will result in dismissal of this action with prejudice.

     **IT IS SO ORDERED.**

                                                   :

                          **Initials of Preparer**    TJ