Max Weinstein, Mass. Bar No. 600982
Admitted *Pro Hac Vice*
Email: max.weinstein@cfpb.gov
Tracy L. Hilmer, D.C. Bar No. 42121
Admitted *Pro Hac Vice*
Email: tracy.hilmer@cfpb.gov
Gabriel Hopkins, NY Bar No. 5242300
Admitted *Pro Hac Vice*
Email: gabriel.hopkins@cfpb.gov
CONSUMER FINANCIAL
PROTECTION BUREAU
1700 G Street, NW
Washington, DC 20552
Phone: (202) 435-9172
Fax: (202) 435-5468

Colin Hector, Cal. Bar No. 281795
Email: colin.hector@cfpb.gov
CONSUMER FINANCIAL
PROTECTION BUREAU
301 Howard Street, Ste. 1200
San Francisco, CA 94105
Phone: (681) 326-7093
Fax: (202) 435-5477


*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>*Plaintiff*,<br><br>v.<br><br>Experian Information Solutions, Inc.,<br><br>*Defendant*. | Case Number: 8:25-cv-00024-MWC-DFM<br><br>**[REDACTED VERSION]**<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PARTIALLY DISMISS THE SECOND AMENDED COMPLAINT AND TO STRIKE**<br><br>Judge: Hon. Michelle Williams Court<br>Hearing Date:  October 24, 2025<br>Time:  1:30 p.m. PST<br>Courtroom:  6A |

# TABLE OF CONTENTS

I.    LEGAL STANDARD ............................................................................ 1

II.   BACKGROUND ................................................................................. 2

III.  ARGUMENT ..................................................................................... 3

      A.    EIS's Motion Does Not Satisfy the Standard for Dismissal Under
            Rule 12(b)(6). ......................................................................... 4

            1.    The Discrete Claims Are Facially Timely. ............................. 4

            2.    EIS's Arguments Are Unavailing. ...................................... 8

                  i.    EIS Misapprehends the Second Amended Complaint. ...... 9

                  ii.   EIS's Reliance on United States v. FedEx Corp. Is
                        Misplaced. ..................................................... 10

                  iii.  EIS's Reliance on California Law Is Misplaced. ........... 11

      B.    The Court Should Not Strike Allegations Regarding the Tolling
            Agreements. ............................................................ 14

IV.   CONCLUSION ............................................................... 15

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................... 1

*Calhoun v. Downs*,
    211 Cal. 766 (1931) ................................................................................. 13

*Caliber One Indem. Co. v. Wade Cook Fin. Corp.*,
    491 F.3d 1079 (9th Cir. 2007).................................................................. 5

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*,
    590 F.3d 806 (9th Cir. 2010).................................................................... 1

*Certified Nutraceuticals, Inc. v. Clorox Co.*,
    No. 18-CV-0744 W (KSC), 2018 WL 4628364 (S.D. Cal. Sept. 27, 2018)...... 2

*Chaly-Garcia v. United States*,
    508 F.3d 1201 (9th Cir 2007).............................................................. 4, 11

*Chicago & N.W. Ry. Co. v. United States*,
    68 Ct. Cl. 524 (1929) .............................................................................. 11

*Clorox Co. v. Reckitt Benckiser Grp. PLC*,
    398 F. Supp. 3d 623 (N.D. Cal. 2019) ..................................................... 8

*Curtin v. United Airlines, Inc.*,
    275 F.3d 88 (D.C. Cir. 2001) ................................................................... 5

*FDIC v. GB Escrow, Inc.*,
    No. CV 11-05318 ODW (JCG), 2011 WL 4550831 (C.D. Cal. Sept. 28, 2011)2

*Fraass Surgical Mfg. Co. v. United States*,
    571 F. 2d 34 (Ct. Cl. 1978) .................................................................... 11

*FT Travel - N.Y., LLC v. Your Travel Ctr., Inc.*,
    112 F. Supp. 3d 1063 (C.D. Cal. 2015).................................................. 13

*Gayle Mfg. Co. v. Fed. Sav. & Loan Ins. Corp.*,
    910 F.2d 574 (9th Cir. 1990).................................................................... 4

*Har-Mar Collisions, Inc. v. Scottsdale Ins. Co.*,
    212 So. 3d 892 (Ala. 2016) .................................................................... 13

ii

*Hartford Cas. Ins. Co. v. Am. Dairy & Food Consulting Lab'ys, Inc.*,
    No. 09-CV-00914-OWW-DLB, 2009 WL 4269603 (E.D. Cal. Nov. 25, 2009) 5

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ................................................................. 6

*Klamath Water Users Protective Ass'n v. Patterson*,
    204 F.3d 1206 (9th Cir. 1999) ........................................................... 4, 11

*Lazar v. Trans Union, LLC*,
    195 F.R.D. 665 (C.D. Cal. 2000) ........................................................... 2

*LSO, Ltd. v. Stroh*,
    205 F.3d 1146 (9th Cir. 2000) ............................................................... 1

*Mabb v. Merriam*,
    129 Cal. 663 (1900) ............................................................................ 12

*McGruder v. Curators of Univ. of Mo.*,
    617 S.W.3d 464 (Mo. Ct. App. 2021) ................................................. 13

*Morning Star Packing Co., L.P. v. Crown Cork & Seal Co.*,
    303 F. App'x 399 (9th Cir. 2008) .................................................. 11, 12

*Novoa v. GEO Grp., Inc.*,
    No. EDCV 17-2514 JGB (SHKx), 2022 WL 2189626 (C.D. Cal. Jan. 25,
    2022) ................................................................................................... 12

*Oatman v. Niemeyer*,
    207 Cal. 424 (1929) ............................................................................ 13

*Panterra GP, Inc. v. Superior Ct. of Kern Cnty.*,
    74 Cal. App. 5th 697 (2022) ............................................................... 14

*Pattern Design LLC v. We are Sechey Inc.*,
    No. 24-cv-02604-CRB, 2024 WL 4369668 (N.D. Cal. Oct. 1, 2024) ............. 13

*Pauma Band of Luiseno Mission Indians of Pauma & Yuima Rsrv. v. California*,
    813 F.3d 1155 (9th Cir. 2015) ........................................................... 5, 12

*Radford v. Wells Fargo Bank*,
    No. 10-00767 SOM-KSC, 2011 WL 1833020 (D. Haw. May 13, 2011) .......... 6

*Ranch O, LLC v. Colo. Cattlemen's Agric. Land Tr.*,
    361 P.3d 1063 (Colo. App. 2015) ....................................................... 13

*SPS Techs., LLC v. Briles Aerospace, Inc.*,
    No. CV 18-9536-MWF (ASX), 2019 WL 6841992 (C.D. Cal. Oct. 30, 2019) 8

iii

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ............................................................ 1

*United States v. FedEx Corp.*,
  No. C14-00380 CRB, 2016 WL 1070653 (N.D. Cal. Mar. 18, 2016)......... 4, 10

*Westdale Nw. Ctr., LP v. United States*,
  154 Fed. Cl. 557 (2021) ........................................................... 10, 12

### STATUTES

Cal. Civ. Code § 3399 ........................................................... 13

### RULES

Fed. R. Civ. P. 12(f) ........................................................... 1, 14

Fed. R. Civ. P. 9(b) ........................................................... 5

### OTHER AUTHORITIES

19 Wright & Miller, Fed. Prac. & Proc. Juris. § 4520 (3d ed.)............................ 11

Restatement (Second) of Contracts § 152 (1981) ............................................ 4, 13

Restatement (Second) of Contracts § 155 (1981) ............................................ 5, 12, 13

Restatement (Second) of Contracts § 157 (1981) ............................................ 11, 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

In Counts V, VI, and VII of its Second Amended Complaint, Plaintiff Consumer Financial Protection Bureau (the "Bureau" or "Plaintiff") pleads that Defendant Experian Information Solutions, Inc. ("EIS" or "Defendant") violated the Fair Credit Reporting Act (the "FCRA") during a discrete time period between 2018 and 2021 (the "Discrete Violations"). This Court has already held that the Discrete Violations all state valid claims for violations of the FCRA. ECF No. 33 at 7, 10. The Second Amended Complaint alleges that EIS agreed, in return for benefits it has now received, to toll the statute of limitations applicable to all of the Bureau's claims by 554 days. It also alleges that the absence of EIS from the face of some of the relevant tolling agreements was an inadvertent mutual mistake. As a result, all of the Discrete Violations are timely and sufficient on the face of the Second Amended Complaint. Consequently, no part of the Second Amended Complaint should be struck. The Court should deny EIS's Motions to Partially Dismiss the Second Amended Complaint and to Strike.

## I.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[D]etailed factual allegations that go well beyond reciting the elements of a claim . . . are neither 'bald' nor 'conclusory,' and hence are entitled to the presumption of truth." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Finally, on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a court "must accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).

The Federal Rules provide that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored and are

'usually . . . denied unless the allegations in the pleading have no possible relation
to the controversy, and may cause prejudice to one of the parties.'" *Certified
Nutraceuticals, Inc. v. Clorox Co.*, No. 18-CV-0744 W (KSC), 2018 WL 4628364,
at *2 (S.D. Cal. Sept. 27, 2018). Moreover, "[w]hen ruling on a motion to strike,
the Court must view the challenged pleadings in the light most favorable to the
pleader." *FDIC v. GB Escrow, Inc.*, No. CV 11-05318 ODW (JCG), 2011 WL
4550831, at *2 (C.D. Cal. Sept. 28, 2011) (citing *Lazar v. Trans Union, LLC*, 195
F.R.D. 665, 669 (C.D. Cal. 2000)).

## II.   BACKGROUND

In its First Amended Complaint, the Bureau pleaded that the parties executed
four separate tolling agreements on January 27, 2022; June 13, 2022; February 13,
2023; and July 26 and 29, 2024 (the "First Tolling Agreement," "Second Tolling
Agreement," "Third Tolling Agreement," and "Fourth Tolling Agreement,"
respectively). *See* ECF No. 44, First Am. Compl. ¶ 108. The Bureau further
pleaded that the Fourth Tolling Agreement "replaced and superseded" the prior
three agreements and tolled the statute of limitations on "any cause of action or
related claim or remedy that could be brought against Experian by the Bureau" for
a total of 554 days. *See id.* ¶¶ 108-109.

EIS moved to dismiss the Discrete Claims for being untimely and sought to
strike all allegations in the First Amended Complaint related to tolling agreements.
*See generally* ECF No. 47. Specifically, it argued that the Fourth Tolling
Agreement only named Experian Holdings, Inc., EIS's parent company, and failed
to name EIS, the only party that the Bureau asserted claims against in the First
Amended Complaint. *See* ECF No. 47-3 at 5:25-6:3. EIS also argued that
allegations concerning tolling agreements should be struck as immaterial. *See id.* at
9:19-24.

The Bureau responded that the parties had intended for the Fourth Tolling
Agreement to bind EIS and its absence from the document was a mutual mistake.

*See* ECF No. 52 at 7:1-7. The Bureau requested leave to amend the complaint to add allegations of mutual mistake. *See id.* at 8:12-9:20. The Court granted the Bureau's request to amend to supplement the complaint with allegations that a mutual mistake occurred in the formation of the Fourth Tolling Agreement, observing that had the Bureau included such allegations the First Amended Complaint "would have been facially sufficient to survive a motion to dismiss." ECF No. 70 at 5.

The Bureau duly filed the Second Amended Complaint, replete with detailed allegations about the inadvertent omission of EIS from the Fourth Tolling Agreement despite the parties' mutual understanding and agreement that EIS would be a party to it. *See* ECF No. 72, Second Am. Compl. ¶¶ 107-124. EIS again moved to dismiss the Discrete Claims and strike all allegations concerning tolling agreements from the Second Amended Complaint. *See* ECF No. 79.

### III.    ARGUMENT

First, the Court should deny EIS's motion to dismiss because the Bureau has adequately alleged that the statute of limitations was tolled by the Fourth Tolling Agreement and that the absence of EIS from that written instrument was an inadvertent mutual mistake. The Discrete Claims are thus timely on the face of the Second Amended Complaint, and at this stage the Court need not adjudicate any of EIS's affirmative defenses nor resolve factual disputes.

Second, all of the arguments EIS marshals against the Second Amended Complaint are unpersuasive. Its primary attack on the sufficiency of the allegations is that they fail to allege enough about the conduct, intent, or fault of *Experian Holdings*. This is either a misreading or a misunderstanding of the gravamen of the Bureau's pleading, which alleges ███████████████████████ ██████████████████████████████████████████████ ██████████████████████████████ to the Fourth Tolling Agreement and then mutually erred in omitting EIS's name from the instrument.

EIS's reliance on *United States v. FedEx Corp.*, No. C14-00380 CRB, 2016 WL 1070653 (N.D. Cal. Mar. 18, 2016), is entirely misplaced because in that case the government sought to reform a contract due to an alleged misrepresentation, not a mutual mistake as the Bureau alleges here. EIS also argues that no reformation of the Fourth Tolling Agreement is possible by relying on a California Supreme Court decision even though federal law controls here. Even if state law supplied the rule of decision here, later California cases demonstrate that the opinion EIS relies on does not control.

Third, because the allegations adequately and particularly plead that the Discrete Claims are timely on their face they are not immaterial or otherwise subject to being struck from the Second Amended Complaint.

## A.    EIS's Motion Does Not Satisfy the Standard for Dismissal Under Rule 12(b)(6).

### 1.    The Discrete Claims Are Facially Timely.

The Second Amended Complaint alleges sufficiently and with particularity that the Discrete Claims are timely and that the Fourth Tolling Agreement fails to name EIS as a party due to a mutual mistake. As a result, the Court may treat the Fourth Tolling Agreement as reformed to properly express the actual agreement of the parties, apply its terms to the Discrete Claims, and deny the motion to dismiss.

Tolling agreements are governed by contract law, which "has long recognized that it is unjust to permit either party to a transaction, in which both are laboring under the same mistake, to take advantage of the other when the truth is known." *Gayle Mfg. Co. v. Fed. Sav. & Loan Ins. Corp.*, 910 F.2d 574, 582 (9th Cir. 1990) (citing, *inter alia*, Restatement (Second) of Contracts § 152). Tolling agreements with federal executive branch agencies are governed by federal common law. *See Chaly-Garcia v. United States*, 508 F.3d 1201, 1203 (9th Cir 2007) ("Contracts with the United States are governed by federal law."); *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)

4

("Federal law controls the interpretation of a contract entered pursuant to federal
law when the United States is a party.") Courts look to the Restatement for the
federal common law rules of contracts. *See Pauma Band of Luiseno Mission
Indians of Pauma & Yuima Rsrv. v. California*, 813 F.3d 1155, 1163 (9th Cir. 2015)
(citing *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 93 n.6 (D.C. Cir. 2001)).

The Restatement provides that contracts containing an error or mistake that
fails to capture the actual agreement struck by the parties may be reformed so that
the writing properly reflects the agreement. Specifically, it provides:

> Where a writing that evidences or embodies an agreement in whole or
> in part fails to express the agreement because of a mistake of both
> parties as to the contents or effect of the writing, the court may at the
> request of a party reform the writing to express the agreement . . . .

Restatement (Second) of Contracts § 155 (1981). The commentary further explains
that "[t]he province of reformation is to make a writing express the agreement that
the parties intended it should." *Id.* cmt. a; *see also Caliber One Indem. Co. v. Wade
Cook Fin. Corp.*, 491 F.3d 1079, 1083 (9th Cir. 2007) ("Negligence in failing to
observe that a writing does not express what has been assented to is not a bar to
reformation of a contract when the reformation claim is based upon mutual . . .
mistake.") (quotation omitted).

As the Court previously held, the Bureau's First Amended Complaint alleged
the existence of the Fourth Tolling Agreement, but did not allege that as a result of
a mutual mistake EIS was not named as a party to that tolling agreement. ECF No.
71 at 5. Under Federal Rule of Civil Procedure 9(b), a party alleging mistake must
"state with particularity the circumstances constituting . . . [the] mistake." The
allegations must give EIS fair and complete notice of the mistake which is alleged
and the circumstances in which it occurred. *Hartford Cas. Ins. Co. v. Am. Dairy &
Food Consulting Lab'ys, Inc.*, No. 09-CV-00914-OWW-DLB, 2009 WL 4269603,
at *12 (E.D. Cal. Nov. 25, 2009) ("The pleading must set forth enough facts to

apprise the adversary of the particular 'circumstances constituting' the claimed mistake.") In the Ninth Circuit, the Rule 9(b) standard is often expressed as requiring the "who, what, when, where, and how" of the mutual mistake. *See Radford v. Wells Fargo Bank*, No. 10-00767 SOM-KSC, 2011 WL 1833020, at *10 (D. Haw. May 13, 2011) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009)). The Second Amended Complaint supplies these particulars.

First, the Second Amended Complaint clearly alleges "what" the mistake was: the omission of EIS from the Second, Third, and Fourth Tolling Agreements. The nature of the mistake is fully detailed in the allegations. The Bureau served a civil investigative demand ("CID") on Experian Holdings, Inc. *See* ECF No. 72, Second Am. Compl. ¶ 108. █████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████ *See id.* ¶ 109. ████████████████████

████████████████████████████ *See id.* ¶ 110.

No further █████████ CIDs were directed to Experian Holdings ██████████

██ any of the eight additional CIDs served by the Bureau on EIS. *See id.* ¶¶ 110, 112. On January 27 and 28, 2022, the Bureau, Experian Holdings, and EIS entered into the First Tolling Agreement. *See id.* ¶ 111.

███████████████████████████████████████

████████████████████████████████████████████ *See id.* ¶ 113. ██████████████████████████████████████████

███████████████████████ *See id.* ¶ 114. █████████████

████████████████████████████████ entered into the Second, Third, and Fourth Tolling Agreements. *See id.* ¶¶ 115, 119-120. ██

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████ *See id.* ¶¶ 114, 117, 121. However, █████████████████

6

█████████████████████████████████████████████████ the Second, Third, and Fourth Tolling Agreements named only the Bureau and Experian Holdings as parties. *See id.* ¶¶ 115-116, 120, 122-123.

In sum, the Second Amended Complaint alleges that ████████████████████ ██████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████ EIS's name was inadvertently omitted from the Fourth Tolling Agreement. *See id.* ¶ 122.

As to the "who," the Second Amended Complaint clearly alleges that the mistake was made by both parties, and more particularly by counsel to the parties ███████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████████████ *See id.* ¶¶ 113-115, 119-124. The Second Amended Complaint plainly alleges that EIS and its counsel understood what EIS was agreeing to.

Regarding the "where" and "when" the Second Amended Complaint is clear that the relevant mistake occurred in the wording of the Fourth Tolling Agreement. *See id.* ¶¶ 120, 123. ████████████████████████████████ █████████████████████████████████, and the Fourth Tolling Agreement, █████████████████████████, was executed on July 26 and 29, 2024. *See id.* ¶¶ 119-120.[1]

Finally, as to the "how" of the mistake, the Second Amended Complaint alleges that the Fourth Tolling Agreement only named the Bureau and Experian

---

[1] EIS points out that the Second Amended Complaint does not allege "when the mistake was discovered," ECF No. 79-2 at 6:4-5, but it does not explain how that is relevant or cite to any authority holding that such an allegation is required to plead mistake with particularity.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Holdings as parties and that the omission of EIS was inadvertent—an oversight that first occurred in the Second Tolling Agreement and was carried over to the Third and Fourth Tolling Agreements. *See id.* ¶¶ 114-116, 120, 122. A more particular allegation was not possible when the reason for the omission of the three words "Experian Information Solutions" from the agreement's text was a mistake. It should have been named, it was intended to be named, but it wasn't. That oversight—which is reflected in the difference between the written agreement and the surrounding circumstances—supplies the *how* of the mistake.

The Second Amended Complaint plainly supplies the allegations that "[h]ad CFPB included [them], the [First Amended Complaint] would have been facially sufficient to survive a motion to dismiss." ECF No. 71 at 5. And though the pleading requirements of Rule 9(b) are heightened, they should not be confused with the standard of proof required on a motion for summary judgment or at trial. *See Clorox Co. v. Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 636 (N.D. Cal. 2019) (carefully delineating difference between Rule 9(b) pleading requirement and ultimate proof requirement in denying motion to dismiss false advertising claims); *SPS Techs., LLC v. Briles Aerospace, Inc.*, No. CV 18-9536-MWF (ASX), 2019 WL 6841992, at *9 (C.D. Cal. Oct. 30, 2019) (same). At this stage in the proceedings, the Bureau does not need to *prove* the existence of a mutual mistake but only allege sufficient and particular facts to plausibly state a claim of mutual mistake.[2]

## 2.    EIS's Arguments Are Unavailing.

None of the arguments EIS makes or cases that it cites demonstrate that the Bureau has failed to adequately plead mutual mistake.

---

[2] Of course, should the Court convert EIS's motion to dismiss the Discrete Claims into a motion of summary judgment the Bureau is prepared to present evidence and meet that standard of proof. *See generally* ECF No. 52-1, Weinstein Decl.; ECF No. 52-2 to -28, Weinstein Decl. Exs. A-AA.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1

       *i.*   *EIS Misapprehends the Second Amended Complaint.*

2
      EIS attempts to show that the Second Amended Complaint is insufficient to

3
plead that the omission of *EIS* was a mistake by arguing at length that the Bureau

4
failed to allege facts about *Experian Holdings*. For example, EIS argues that the

5
Bureau fails to allege "who at Experian Holdings made a mistake" or "how

6
Experian Holdings intended to bind EIS." ECF No. 79-2 at 6:3-8. It argues that the

7
Bureau alleges that the parties ██████████████████████████████████████

8
████—*not Experian Holdings*." *Id.* at 7:7-9 (emphasis added). It asserts that the

9
Bureau never indicated Experian Holdings was no longer a subject of the

10
investigation and that Experian Holdings continued to appear in tolling agreements

11
████████████████████████.[3] *See id.* at 7:9-18. All of these arguments miss

12
the mark. The Bureau alleges that it ████████████████████████████████

13
███████████████████████████████████████████████████

14
███████████████████████████████████████████████

15
██████████████████ And that EIS then received and enjoyed the benefits of that

16
bargain. *See* ECF No. 72, Second Am. Compl. ¶¶ 113-115, 119-124. Any "failures"

17
of the allegations regarding Experian Holdings are therefore not failures at all

18
because they are irrelevant to what the allegations do assert: that the omission of

19
EIS in the Fourth Tolling Agreement was inadvertent and that the writing thereby

20
failed to properly express the parties' agreement.[4]

21

22
[3] EIS's assertions on these particular points would be contradicted by its own
contemporary written statements and a fully developed evidentiary record. *See,*

23
*e.g.*, ECF No. 60-11, Ex. J to Weinstein Decl., at 1 n.1. But these assertions are
beyond the four corners of the pleading and therefore not appropriate for

24
consideration on a motion to dismiss. The Second Amended Complaint contains *no*
allegations about the status of Experian Holdings as a subject of the Bureau's

25
investigation or about ████████████████████████████████████

26
███████. *See* ECF No. 72, Second Am. Compl. ¶¶ 109-110. On a motion to
dismiss, the Court should disregard Experian's introduction of selective extraneous
evidence.

27
[4] EIS claims it is "telling" that the Bureau "has never suggested that the inclusion
of Experian Holdings as a party to the tolling agreements was a mistake . . . ." ECF

28

ii. _EIS's Reliance on United States v. FedEx Corp. Is Misplaced._

Continuing to argue against a position the Bureau is not taking, EIS relies at length on a criminal case, _United States v. FedEx Corp._, for the proposition that the Bureau must allege misrepresentations by EIS and reliance by the Bureau to reform the Fourth Tolling agreement. _See_ ECF No. 79-2 at 6 n.4 (quoting _United States v. FedEx Corp._, No. C14-00380 CRB, 2016 WL 1070653, at *4 (N.D. Cal. Mar. 18, 2016). The Bureau has already responded to this exact same argument in a previous briefing, and EIS brings nothing new on this go-around. _See_ ECF No. 52 at 11:19-12:17. EIS was wrong then, and it is wrong now.

The opinion in _FedEx_ does not analyze section 155 of the Restatement on mutual mistake at all, but only section 166 on misrepresentations and as such is simply inapposite. _FedEx_, 2016 WL 1070653, at *4. The Second Amended Complaint does not allege that EIS or Experian Holdings made any misrepresentations to the Bureau or that "non-disclosure or bad faith gave rise to the government's mistake." ECF No. 79-2 at 8:18-19 (quoting _FedEx_, at *5). The Second Amended Complaint does not allege that the Bureau was confused by EIS and Experian Holdings' corporate structure or by a lack of information or strategic withholding by EIS. _See id._ at 8:20-25 (citing _FedEx_, at *4). Nor does the Second Amended Complaint allege that EIS had an obligation to correct the Bureau. _See id._ at 9:7-11 (citing _FedEx_, at *1).

Rather, as explained above, the Bureau alleges that ███████████████ ████████████████████████████████████████████ ████████████████████████ inadvertently omitted EIS's name from the writing. Where the parties both fail to notice an error in an agreement with a federal agency, courts have found that reformation is appropriate. _See, e.g._, _Westdale Nw. Ctr., LP v. United States_, 154 Fed. Cl. 557, 584 (2021) ("GSA's

---

No. 79-2 at 7 n.5. The argument certainly is telling as it demonstrates that EIS is missing the point of the Bureau's allegations.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1  failure to draft the lease correctly or to proofread it with care does not necessarily

2  present appropriate circumstances under which the Court would allocate risk to

3  GSA."). Indeed, even failing to read a contract does not necessarily preclude

4  reformation, because "the gravamen of the reformation inquiry is whether the

5  document reflects the agreement actually reached by the parties." *Fraass Surgical*

6  *Mfg. Co. v. United States*, 571 F. 2d 34, 37-38 (Ct. Cl. 1978) (citing *Chicago &*

7  *N.W. Ry. Co. v. United States*, 68 Ct. Cl. 524, 538 (1929)); Restatement (Second) of

8  Contracts § 157 (1981) ("A mistaken party's fault in failing to know or discover

9  the facts before making the contract does not bar him from . . . reformation . . . .").

10         The *FedEx* decision does not apply here, and EIS's argument premised on

11  that opinion is entirely meritless.

12                     *iii. EIS's Reliance on California Law Is Misplaced.*

13         EIS's final argument against the sufficiency of the allegations in the Second

14  Amended Complaint invokes a "rule" of California contract law that supposedly

15  provides that "a court of equity can neither add additional parties nor substitute

16  other parties for those already appearing upon the face of the writing." ECF No.

17  79-2 at 9:13-16 (quoting *Morning Star Packing Co., L.P. v. Crown Cork & Seal*

18  *Co.*, 303 F. App'x 399, 401 (9th Cir. 2008)). That rule is inapplicable because, as

19  already noted above, *see supra* at 4:24-5:5, tolling agreements with federal

20  executive branch agencies are governed by federal common law, not by state law.

21  *See Chaly-Garcia v. United States*, 508 F.3d 1201, 1203 (9th Cir 2007) ("Contracts

22  with the United States are governed by federal law."); *Klamath Water Users*

23  *Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999) ("Federal law

24  controls the interpretation of a contract entered pursuant to federal law when the

25  United States is a party."); 19 Wright & Miller, Fed. Prac. & Proc. Juris. § 4520 (3d

26  ed.) ("[W]hen there is a valid and pertinent federal principle of law that applies to a

27  situation . . . then the Supremacy Clause requires that it be utilized,

28  notwithstanding a state rule to the contrary.").

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

On its face, then, *Morning Star* is inapposite since that decision explicitly and solely applied California law to a private commercial dispute. *See Morning Star*, 303 F. App'x at 401 (relying on and quoting *Mabb v. Merriam*, 129 Cal. 663 (1900)). EIS attempts to avoid this outcome by pointing to the uncontroversial principle that when federal law and state law are in accord on an issue, courts may rely on the state law. *See* ECF No. 79-2 at 9 n.6 (citing *Pauma Band of Luiseno Mission Indians of Pauma & Yuima Rsrv. v. California*, 813 F.3d 1155, 1163 (9th Cir. 2015) and *Novoa v. GEO Grp., Inc.*, No. EDCV 17-2514 JGB (SHKx), 2022 WL 2189626, at *12 (C.D. Cal. Jan. 25, 2022)). But that principle is inapplicable here because Experian fails to establish the premise—that federal and state law agree on this specific point—before rushing to cite cases solely applying California law in support of its position. *See* ECF No. 79-2 at 10:1-15. EIS's only attempt to articulate the applicable *federal* law is a citation to section 155 of the Restatement, which the Bureau agrees supplies the rule of decision here. *See id.* at 9:16-19. EIS attempts to confine section 155 as providing that "courts may correct errors in the terms of a contract—such as price, property description, or other substantive provisions—but [] cannot change the identity of the parties." *Id.* But this limitation is not expressed anywhere in section 155 or the commentary. EIS attempts to import a supposed rule of California law into federal common law by presuming, without showing, that the two sources of law are identical on this point. They are not. Therefore, assuming *arguendo* that *Morning Star* and *Mabb* correctly state California law, then the rule pronounced in those cases does not apply here because it would mean that federal law and state law diverge.

Under federal law contracts may be reformed on the basis of mutual mistake to express the parties' actual intent and agreement. *See Westdale*, 154 Fed. Cl. at 584; Restatement (Second) of Contracts § 155 cmt. a (1981) ("[t]he province of reformation is to make a writing express the agreement that the parties intended it should."). And there is no limitation against reforming a contract to include the

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

name of a party that was mutually understood and agreed to be a party.[5]

In any event, it is not at all clear that California courts would follow *Mabb* on the facts presented here. Even after that decision, the Supreme Court of California has not hesitated to reform contracts to correct misspellings in a party's name or to insert a party to a contract when they were inadvertently omitted from the writing. *See, e.g.*, *Oatman v. Niemeyer*, 207 Cal. 424, 427 (1929) (citing Cal. Civ. Code § 3399 and permitting reformation of contract to correct misspelling of party's name because "[t]here is no making of a new contract in such a case. There is but the making of a new instrument, either to correctly express the contract or to carry it into effect."); *Calhoun v. Downs*, 211 Cal. 766, 768-70 (1931) (following *Oatman* and permitting reformation of contract to insert name of party that had been inadvertently omitted from the instrument). Nor have federal courts followed *Mabb*. In *Pattern Design LLC v. We are Sechey Inc.*, the same judge that decided *United States v. FedEx Corp.*—on which EIS so heavily relies—denied a motion to dismiss a claim to reform a contract by substituting in the name of the proper party for the party that was mistakenly identified in the writing. No. 24-cv-02604-CRB, 2024 WL 4369668, at *3-4 (N.D. Cal. Oct. 1, 2024). Applying California law, the court held that the allegations "plausibly support an inference that both parties intended to name Sechey as the sole counterparty and would have done so but for mutual mistake." *Pattern Design*, 2024 WL 4369668, at *4. Presumably, the court

---

[5] Numerous state-law cases that rely on the Restatement have permitted reformation of a mistakenly named party in an agreement, reinforcing the appropriateness of such reformation under federal common law. *See, e.g.*, *FT Travel - N.Y., LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1087-89 (C.D. Cal. 2015) (reforming contract by substituting the name of proper party in for party that was mistakenly identified in the writing, citing Restatement (Second) of Contracts § 155); *McGruder v. Curators of Univ. of Mo.*, 617 S.W.3d 464, 471-72 (Mo. Ct. App. 2021) (same, citing Restatement (Second) of Contracts §§ 153 and 155); *Ranch O, LLC v. Colo. Cattlemen's Agric. Land Tr.*, 361 P.3d 1063, 1065-68 (Colo. App. 2015) (same, citing Restatement (Second) of Contracts §§ 152 and 157); *Har-Mar Collisions, Inc. v. Scottsdale Ins. Co.*, 212 So. 3d 892, 899-901 (Ala. 2016) (same, citing Restatement (Second) of Contracts § 152).

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

found no inconsistency between its two rulings because, as discussed above, they rely on different legal principles.

At least one California court has criticized *Mabb* as inconsistent with the state statute on contract reformation. In *Panterra GP, Inc. v. Superior Ct. of Kern Cnty.*, a state appellate court declined to follow *Mabb* and instead applied Cal. Civ. Code § 3399 to permit reformation of a contract by substituting in the name of the proper party for the related, but distinct, corporate entity that was mistakenly named in the writing. *See* 74 Cal. App. 5th 697, 713-16 (2022). The court there explained that:

> [T]he proposition that a person cannot be made a party to a written instrument by reformation is an overstatement. No 'new contract' is made when the plaintiff, on a proper showing of . . . mistake, asks to have the writing conform to the original oral agreement concerning the parties to the contract.

*Panterra*, 74 Cal. App. 5th at 714 (internal citations and quotations omitted).

**B.    The Court Should Not Strike Allegations Regarding the Tolling Agreements.**

The Court should not strike any allegations regarding the tolling agreements from the Second Amended Complaint, since they are not "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Second Amended Complaint contains sufficient and particular allegations that a mutual mistake by the parties caused the Fourth Tolling Agreement to not express the actual agreement reached by the parties. The Bureau's allegations about the tolling agreements are plainly material to EIS's statute of limitations affirmative defense. Moreover, EIS has not met its burden to show that these allegations are redundant, impertinent, or scandalous. They are not and should not be stricken.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   CONCLUSION

For the foregoing reasons, EIS's motions to partially dismiss the First
Amended Complaint and to strike should be denied.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1  Dated: September 26, 2025          Respectfully submitted,

2                                     */s/ Max Weinstein*

3                                     Max Weinstein
                                      Email: max.weinstein@cfpb.gov
4                                     CONSUMER FINANCIAL
                                      PROTECTION BUREAU
5                                     1700 G Street, NW
                                      Washington, DC 20552
6                                     Phone: (202) 435-9172
                                      Fax: (202) 435-5468
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Consumer Financial Protection
Bureau certifies that this brief contains 5,391 words, which complies with the word
limit of L.R. 11-6.1.


Dated: September 26, 2025                    Respectfully submitted,

                                             */s/ Max Weinstein*
                                             Max Weinstein
                                             Email: max.weinstein@cfpb.gov
                                             CONSUMER FINANCIAL
                                             PROTECTION BUREAU
                                             1700 G Street, NW
                                             Washington, DC 20552
                                             Phone: (202) 435-9172
                                             Fax: (202) 435-5468