UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:25-cv-00024-MWC-DFM                                  Date: October 22, 2025

Title:  Consumer Financial Protection Bureau *et al.* v. Experian Information Solutions

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order DENYING Defendant's Partial Motion to Dismiss and Motion to Strike (Dkt. 79) REDACTED**

    Before the Court is a partial motion to dismiss and motion to strike filed by Defendant Experian Information Solutions, Inc. ("EIS"). *See* Dkt. # 79 ("*Mot.*"). Plaintiff Consumer Financial Protection Bureau ("CFPB") opposed, *see* Dkt. # 92 ("*Opp.*"), and EIS replied, *see* Dkt. # 100 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **DENIES** Defendant's motion. Defendant shall file and serve an answer no later than close of business on November 3, 2025.

I.    Background

    The Court assumes familiarity with its orders on EIS's previous motions to dismiss. *See* Dkt. # 33 ("*First Dismissal Order*"); Dkt. # 71 ("*Second Dismissal Order*"). For clarity, the Court will still reference those orders as appropriate.

    On January 7, 2025, CFPB initiated this action against EIS, a consumer reporting agency. *See* Dkt. # 1. On April 4, 2025, EIS filed a motion to dismiss all counts in CFPB's initial complaint on two grounds: (1) the statute of limitations barred the CFPB's claims, and (2) the CFPB failed to plead a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *See* Dkt. # 24. CFPB's claims were split in two categories for purposes of timeliness: (1) violations that occurred between January 2018 and October 2021 (the "Discrete Violations"), and (2) ongoing violations (the "Ongoing Violations"). *See First Dismissal Order*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00024-MWC-DFM                                      Date: October 22, 2025

Title:   Consumer Financial Protection Bureau *et al.* v. Experian Information Solutions

On May 5, 2025, the Court granted in part and denied in part EIS's motion to dismiss. *See id*. Relevant here, the Court found that the Discrete Violations were time-barred because they occurred between January 2018 and October 2021. *Id.* 3–5. The claims for Discrete Violations were "facially deficient as this lawsuit was not initiated until January 7, 2025," more than three years after CFPB discovered the violations. *Id*. 4. CFPB attempted to rely on a tolling agreement with EIS, suspending the statute of limitations by a total of 554 days, but the complaint did not mention the tolling agreement. *Id.* (citing *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 991 (9th Cir. 2006) ("[F]ederal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings[.]")). Accordingly, the Court dismissed the Discrete Violations but permitted CFPB to amend the complaint to allege the existence of a tolling agreement. *Order* 4–5.

On June 6, 2025, CFPB filed its First Amended Complaint ("FAC"). *See* Dkt. # 44 ("*FAC*"). EIS moved to dismiss the claims that fell under the Discrete Violations period as time-barred. *See* Dkt. # 47. On August 6, 2025, the Court granted EIS's motion while providing leave to amend. *See Second Dismissal Order*. Specifically, the Court identified that the Fourth Tolling Agreement was between CFPB and Experian Holdings, Inc. ("Experian Holdings") (not EIS). *See id.* 5. The Court granted leave to amend by identifying that "CFPB submits that both parties understood the Fourth Tolling Agreement pertained to EIS but there was 'mutual mistake' to include EIS in the agreement." *Id.* The Court highlighted that "[h]ad CFPB included those allegations, the FAC would have been facially sufficient to survive a motion to dismiss," since "[t]he truth of those allegations is a question of fact inappropriate for resolution on a motion to dismiss." *Id.* 5–6.

On August 22, 2025, CFPB filed its Second Amended Complaint ("SAC"). *See* Dkt. # 72 ("*SAC*"). EIS again moved to dismiss the claims that fall under the Discrete Violations period (Counts V, VI, and VII) as time-barred, *see Mot.*

II.   Legal Standard

To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00024-MWC-DFM | Date: October 22, 2025 |
| Title: Consumer Financial Protection Bureau *et al.* v. Experian Information Solutions | |

as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, a cause of action's elements that are "supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

A contention that a claim is barred by the statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c). Rule 8 generally "does not require plaintiffs to plead around affirmative defenses." *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019). And "[o]rdinarily, affirmative defenses . . . may not be raised on a motion to dismiss." *Id.* (citation omitted). Nonetheless, courts "can consider an affirmative defense on a motion to dismiss when there is 'some obvious bar to securing relief on the face of the complaint.'" *Id.* (citation omitted). "An affirmative defense may be considered if the defense is based on undisputed facts or if the basis for the argument appears on the face of the complaint and any materials the court takes judicial notice of." *Nguyen v. Stephens Inst.*, 529 F. Supp. 3d 1047, 1056 (N.D. Cal. 2021); *see U.S. Commodity*, 931 F.3d at 972 ("In other words, dismissal based on an affirmative defense is permitted when *the complaint* establishes the defense." (emphasis in original)). However, if the running of the statute of limitations is not apparent on the face of the complaint, the defense may be raised by a motion to dismiss accompanied by affidavits, in which case the motion is treated as one for summary judgment, and all parties must be given a reasonable opportunity to present all material relevant to the motion. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

III.     Discussion

Under the Consumer Financial Protection Act, CFPB has three years "after the date of discovery of the violation to which an action relates" to file an action. 12 U.S.C. § 5564(g)(1); *see Consumer Fin. Prot. Bureau v. Snap Fin. LLC*, No. 2:23-CV-00462-JNP-JCB, 2024 WL 3625007, at *14 (D. Utah Aug. 1, 2024). The "limitation period commences when the Bureau either knows of a violation or, through reasonable diligence, would have discovered the violation." *Integrity Advance, LLC v. Consumer Fin. Prot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:25-cv-00024-MWC-DFM | Date: October 22, 2025 |
| Title:  Consumer Financial Protection Bureau *et al.* v. Experian Information Solutions | |

*Bureau*, 48 F.4th 1161, 1172 (10th Cir. 2022); *see also Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, No. 22 CIV. 3256 (KPF), 2025 WL 297389, at *12 (S.D.N.Y. Jan. 24, 2025) (applying constructive discovery under the CFPA); *First Dismissal Order* (same).

EIS reiterates its earlier argument that because the Fourth Tolling Agreement is between CFPB and Experian Holdings rather than EIS, CFPB's claims that fall under the Discrete Violations Period (Counts V, VI, and VII) are time-barred.[1]  *See generally Mot.* CFPB retorts that EIS's absence from the Fourth Tolling Agreement was the result of inadvertent mutual mistake, allowing for reformation of that agreement.  *See generally Opp.*  At this stage, CFPB's argument prevails.

"Contracts with the United States are generally governed by federal law." *Chaly-Garcia v. U.S.*, 508 F.3d 1201, 1203 (9th Cir. 2007) (citing *United States v. Seckinger*, 397 U.S. 203, 209 n.12 (1970)).  "We 'often look to the . . . Restatement when deciding questions of federal common law.'" *Pauma Band of Luiseno Mission Indians of Pauma & Yuima Reservation v. California*, 813 F.3d 1155, 1163 (9th Cir. 2015) (quoting *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 93 n.6 (D.C. Cir. 2001)).  The Restatement (Second) of Contracts § 155, entitled "When Mistake of Both Parties as to Written Expression Justifies Reformation," explains when a court may reform a contract due to mutual mistake:

> Where a writing that evidences or embodies an agreement in whole or in part fails to express the agreement because of a mistake of both parties as to the contents or effect of the writing, the court may at the request of a party reform the writing to express the agreement, except to the extent that

---

[1] The Court **GRANTS** EIS's unopposed request ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  *See SAC*; *Toyo Tire Holdings of Americas Inc. v. Ameri & Partners, Inc.*, 753 F. Supp. 3d 966, 977 (C.D. Cal. 2024) (explaining that courts can take judicial notice of documents referenced or relied upon in the complaint); *IGOLF, Inc. v. Bushnell Holdings, Inc.*, No. 3:23-cv-01595-L-DTF, 2025 WL 875913, at *2 (S.D. Cal. Mar. 4, 2025) ("While Plaintiff did not attach the contracts in question to the complaint, they are properly incorporated by reference as they are extensively referenced in the complaint . . . and form the basis of Plaintiff's claims." (citation omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:25-cv-00024-MWC-DFM | Date: October 22, 2025 |
| Title:  Consumer Financial Protection Bureau *et al.* v. Experian Information Solutions | |

> rights of third parties such as good faith purchasers for value will be unfairly affected.

Restatement (Second) of Contracts § 155. This provision means that the parties must have committed a mistake, and they must have reached an agreement on the issue for which reformation is sought that the final written document did not reflect. *See Westdale Nw. Ctr., LP v. United States*, 154 Fed. Cl. 557, 580 (Ct. Cl. 2021). Prior agreement is central to a finding of mutual mistake, as "'[reformation] is a remedy the purpose of which is to make a mistaken writing conform to antecedent expressions on which the parties agreed.'" *Atlas Corp. v. United States*, 895 F.2d 745, 750 (Fed. Cir. 1990), *cert. denied*, 498 U.S. 811 (1990) (quoting 3 Corbin on Contracts § 614 at 723 (1960)).

Like other allegations of fraud or mistake, a plaintiff pleading mutual mistake must satisfy the more rigorous pleading requirements of Rule 9(b). *See* Fed. R. Civ. P. 9(b). In the Ninth Circuit, that means that the claim must explain the "who, what, when, where, and how" of the misconduct alleged. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks and citation omitted).

The SAC includes several new allegations addressing the mutual mistake between the parties:



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-00024-MWC-DFM                                    Date: October 22, 2025

Title:   Consumer Financial Protection Bureau *et al.* v. Experian Information Solutions

- 

- "Counsel for the parties executed a tolling agreement ('the First Tolling Agreement')," which "named the Bureau, Holdings, and Experian as parties." *Id.* ¶ 111.

- 

- "These tolling agreements named only the Bureau and Holdings as parties." *Id.* ¶ 116.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-00024-MWC-DFM                           Date: October 22, 2025

Title:    Consumer Financial Protection Bureau *et al.* v. Experian Information Solutions



- "On July 26 and July 29, 2024, counsel for the parties executed another tolling agreement. This tolling agreement (the 'Fourth Tolling Agreement') replaced and superseded the parties' First, Second, and Third Tolling Agreements. As with the Second and Third Tolling Agreements, the Fourth Tolling Agreement named only the Bureau and Holdings as parties." *Id.* ¶ 120.



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  8:25-cv-00024-MWC-DFM                                          Date: October 22, 2025

Title:       Consumer Financial Protection Bureau *et al.* v. Experian Information Solutions

[redacted]

  Accepting CFPB's allegations as true and construing them in the light most favorable to CFPB, *see Cousins*, 568 F.3d at 1067, [redacted] The Fourth Tolling Agreement superseded the First, Second, and Third Tolling Agreements, and the exchange present in all tolling agreements to that point had not changed. *Id.* ¶ 120. [redacted]

  These allegations are sufficient to plead mutual mistake under Rule 9.  The SAC identifies the "who" as being the individuals representing Experian Holdings and EIS and the "what" as being the omission of EIS. *See Opp.* 7.  The SAC also provides the relevant dates and the location of the relevant mistake (the Fourth Tolling Agreement).  *See id.*  As to how the mistake occurred, since the SAC identifies that the same mistake was present in the Second and Third Tolling Agreements, it is understandable that the same omission would be present in the Fourth Tolling Agreement.  *Id.* 7–8.  Buttressing the Court's determination is a relevant provision of the Fourth Tolling Agreement referring to "Experian" rather than to "Experian Holdings."  *See SAC* ¶ 123.  Accordingly, it is plausible that the parties intended to bind EIS by nature of the agreement and inadvertently—and mutually—left EIS's name off the top of the agreement.

  EIS's arguments to the contrary are unavailing.  First, EIS contends that there is no mutual mistake, but a mistake only on CFPB's part.  *See Mot.* 5–7.  But, as the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:25-cv-00024-MWC-DFM | Date: October 22, 2025 |
| Title:  Consumer Financial Protection Bureau *et al.* v. Experian Information Solutions | |

already detailed, the Fourth Tolling Agreement was a bargained-for exchange ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the Fourth Tolling Agreement allowed for additional time ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, *see id.* ¶ 123, it defies logic to suggest that EIS was not an intended party.

    The case law on which EIS relies is inapt.  First, the reliance on *FedEx* is misplaced. *See United States v. FedEx Corp.*, No. C14-00380 CRB, 2016 WL 1070653 (N.D. Cal. Mar. 18, 2016).  Looking beyond the fact that this case was a criminal one, *see generally id.*, the case does not concern mutual mistake, but unilateral mistake.  *See id.* at *4.  To show unilateral mistake, "a court must find that a party's assent was induced by the other party's misrepresentations as to the terms or effect of the contract, and the party seeking reformation was justified in relying on the other party's misrepresentations."  *Id.* (referencing Restatement (Second) of Contracts § 166).  CFPB makes no such allegations here.  Rather, it offers allegations demonstrating that both parties understood the Fourth Tolling Agreement to apply to EIS but inadvertently neglected to list EIS's name in that agreement.  *See generally SAC*.

    EIS also argues that this Court could not provide the remedy of reformation even if there had been mutual mistake.  Here too EIS is incorrect.  Though the parties argue about the substance of California contract law, that law is not the controlling one here.  Most importantly, none of the authority on which EIS relies states that the federal common law governing contracts prohibits reforming an agreement to include a name of a party inadvertently omitted.  *Morning Star Packing Co., LP v. Crown Cork & Seal Co. (USA), Inc.*, analyzes only California contract law.  *See generally* 303 Fed. Appx. 399 (9th Cir. 2008).  Beyond *Morning Star*, all but one of EIS's other citations are to California courts.  The only other federal case, *Monaco v. Bear Stearns Cos., Inc.*, No. CV 09–05438 SJO (JCx), 2011 WL 4059801 (C.D. Cal. Sept. 12, 2011), relies exclusively on *Morning Star* for the proposition relevant to this case.  *See id.* at *14.  EIS attempts to save its argument by stating that federal common law and California law are one in the same, but EIS's cases on this point referred to tribal-state compacts, not contract law generally.  *See Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 618 F.3d 1066, 1073 (9th Cir. 2010); *see also Pauma Band of Luiseno Mission Indians*, 813 F.3d at 1163.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-00024-MWC-DFM                                    Date: October 22, 2025

Title:       Consumer Financial Protection Bureau *et al.* v. Experian Information Solutions

     In the absence of case law controlling this question, the Court returns to the text of Restatement (Second) of Contracts § 155, which reads:

> Where a writing that evidences or embodies an agreement in whole or in part fails to express the agreement because of a mistake of both parties as to the contents or effect of the writing, the court may at the request of a party reform the writing to express the agreement, except to the extent that rights of third parties such as good faith purchasers for value will be unfairly affected.

Applying this language and based on the face of the SAC and the documents subject to judicial notice, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The Fourth Tolling Agreement failed to faithfully embody that agreement and, as such, reformation is an available remedy. This Court would be far from the first to adopt such an interpretation of § 155. *See, e.g.*, *FT Travel—New York, LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1087 (C.D. Cal. 2015) (stating that under § 155, "[i]t is an appropriate remedy [to reform the contract] where the wrong party is named in an agreement." (citing *EGW Temporaries, Inc. v. RLI Ins. Co.*, 83 A.D.3d 1481, 1482 (N.Y. App. Div. 2011))); *McGruder v. Curators of Univ. of Mo.*, 617 S.W.3d 464, 471–72 (Mo. Ct. App. 2021) (reversing grant of judgment on the pleadings and allowing claim to go forward under § 155 based on mutual mistake in identifying parties).

     One legal proposition about which there is no ambiguity is that "[o]n a motion to dismiss, it is the defendant's burden to demonstrate that plaintiff has failed to state a claim." *In re Theos Dark Chocolate Litig.*, 750 F. Supp. 3d 1069, 1091 (N.D. Cal. 2024) (quoting *Shay v. Apple Inc.*, 512 F. Supp. 3d 1066, 1071 (S.D. Cal. 2021)). EIS attempts to shift that burden to CFPB by arguing that the Restatement imposes such a requirement. *See* Reply 5. But EIS confuses the two relevant burdens. To be sure, the Restatement requires clear and convincing evidence of mutual mistake for a court to grant reformation. Restatement (Second) of Contracts § 155 cmt. c. In other words, the "clear and convincing" standard applies to the Court's factual determinations. Accepting all allegations as true, the Court finds it clear and convincing that there was mutual mistake. As to whether the Court *can* grant reformation, EIS is not making a factual argument, but a legal one, and that legal argument has failed to convince the Court that reformation is legally proscribed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  8:25-cv-00024-MWC-DFM                              Date: October 22, 2025

Title:    Consumer Financial Protection Bureau *et al.* v. Experian Information Solutions

Because EIS has failed to meet its burden to show that plaintiff has failed to state a claim, dismissal is inappropriate. *See Shay*, 512 F. Supp. 3d at 1071.

IV.    Conclusion

For the foregoing reasons, the Court **DENIES** EIS's partial motion to dismiss and motion to strike.  The October 24, 2025, hearing is **VACATED**.  Defendant shall file and serve an answer no later than close of business on November 3, 2025.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | TJ |