Richard J. Grabowski (State Bar No. 125666)
rgrabowski@jonesday.com
John A. Vogt (State Bar No. 198677)
javogt@jonesday.com
Ryan D. Ball (State Bar No. 321773)
rball@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612
(T) 949-851-3939
(F) 949-553-7539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS,
INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>              Plaintiff,<br><br>      v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>              Defendant. | Case No. 8:25-cv-00024-MWC-DFM<br><br>[Assigned for All Purposes to Michelle Williams Court - Courtroom 6A]<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU'S SECOND AMENDED COMPLAINT**<br><br>Complaint Filed:        1/7/2025<br>SAC Filed:              8/28/25 |

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Consumer Financial Protection Bureau's ("Plaintiff") Second Amended Complaint (the "Complaint") as follows:

## **PRELIMINARY STATEMENT**

1.      In response to paragraph 1 of the Complaint, Experian admits that Plaintiff purports to bring this action under the Fair Credit Reporting Act ("FCRA"), and the Consumer Financial Protection Act of 2010 ("CFPA").  Experian further admits that Plaintiff alleges that Experian violated both the FCRA and CFPA in various ways. Experian denies that it violated the FCRA and CFPA. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

2.      In response to paragraph 2 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. §§ 1681a(f), 1681a(p), and, as such, issues consumer disclosures to consumers pursuant to 15 U.S.C. § 1681g and consumer reports as defined by 15 U.S.C. § 1681a(d) to third parties with a permissible purpose in exchange for financial compensation. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3.      In response to paragraph 3 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. §§ 1681a(f), 1681a(p), and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d) to third parties with a permissible purpose in exchange for financial compensation.  Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

EIS'S ANSWER TO AMENDED
COMPLAINT
Case No. 8:25-cv-00024-MWC-DFM

4.    In response to paragraph 4 of the Complaint, Experian admits that the information contained in a consumer report is provided to Experian from data furnishers, which include banks, credit card companies, and other sources. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.    In response to paragraph 5 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegations in Paragraph 5 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.    In response to paragraph 6 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegations in Paragraph 6 inconsistent therewith.

7.    In response to paragraph 7 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegations in Paragraph 7 inconsistent therewith.

8.    In response to paragraph 8 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

9.    In response to paragraph 9 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

10.    In response to paragraph 10 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

EIS'S ANSWER TO AMENDED
COMPLAINT
Case No. 8:25-cv-00024-MWC-DFM

11.    In response to paragraph 11 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

12.    In response to paragraph 12 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

13.    In response to paragraph 13 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

14.    In response to paragraph 14 of the Complaint, Experian admits that Plaintiff brings this action to impose civil penalties against Experian for alleged violations of the FCRA and CFPA.  Experian denies that it violated the FCRA and CFPA. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## VENUE

15.    In response to paragraph 15 of the Complaint, Experian admits that it conducts business in this district and has its North American Headquarters in Costa Mesa, California. Experian further admits that Plaintiff has alleged venue in this district is proper pursuant to 12 U.S.C. § 5564(f). Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a further response is required, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PARTIES

16.    In response to paragraph 16 of the Complaint, Experian admits that Plaintiff is an Executive Branch agency of the United States created by the CFPA pursuant to 12 U.S.C. § 5491(a).  Experian further admits that the Bureau alleges it is authorized to initiate civil actions in federal district court to secure appropriate relief for violations of Federal consumer financial law, including the FCRA and the CFPA. Experian states that this is a legal conclusion that is not subject to denial or

EIS'S ANSWER TO AMENDED
COMPLAINT
Case No. 8:25-cv-00024-MWC-DFM

admission. To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

17.     In response to paragraph 17 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), 1681a(p).  Experian further admits that it is authorized to do and conducts business in the United States and in this District and has its North American Headquarters in Costa Mesa, California. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.     In response to paragraph 18 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. §§ 1681a(f), 1681a(p) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d) to third parties with permissible purposes in exchange for financial compensation. Experian admits that the Bureau has alleged that Experian offers "consumer financial products covered by the CFPA." Experian states that this is a legal conclusion that is not subject to denial or admission. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.     In response to paragraph 19 of the Complaint, admits that it is a consumer reporting agency as defined by 15 U.S.C. §§ 1681a(f), and, as such, issues consumer disclosures to consumers pursuant to 15 U.S.C. § 1681g and consumer reports as defined by 15 U.S.C. § 1681a(d) to third parties with a permissible purpose in exchange for financial compensation. Experian admits that the Bureau has alleged Experian offers "consumer financial products covered by the CFPA." Experian states that this is a legal conclusion that is not subject to denial or admission. Except as

specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.    In response to paragraph 20 of the Complaint, Experian admits that the Bureau has alleged that Experian is a "covered person" under the CFPA because it engages in offering or providing a consumer financial product or service. Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a further response is required, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.    In response to paragraph 21 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. §§ 1681a(f), 1681a(p), and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d) to third parties in exchange for financial compensation. Experian admits that it is subject to the FCRA. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## BACKGROUND

22.    In response to paragraph 22 of the Complaint, Experian admits that the FCRA imposes obligations on Experian. Experian further states that the FCRA speaks for itself and, on that basis, denies any allegation in Paragraph 22 inconsistent therewith.

23.    In response to paragraph 23 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegation in Paragraph 23 inconsistent therewith.

24.    In response to paragraph 24 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian

states that the FCRA speaks for itself and, on that basis, denies any allegation in Paragraph 24 inconsistent therewith.

25.     In response to paragraph 25 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegation in Paragraph 25 inconsistent therewith.

26.     In response to paragraph 26 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegation in Paragraph 26 inconsistent therewith.

27.     In response to paragraph 27 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegation in Paragraph 27 inconsistent therewith.

## E-OSCAR AND THE ACDV PROCESS

28.     In response to paragraph 28 of the Complaint, Experian admits that the credit reporting industry utilizes the e-OSCAR and Automated Credit Dispute Verification form ("ACDV") in connection with reinvestigating consumer disputes. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29.     In response to paragraph 29 of the Complaint, Experian admits that allegations contained therein appear to set forth a portion of an ACDV used by Experian and other consumer reporting agencies.  Experian states that ACDVs speaks for themselves and, on that basis, denies any allegation in Paragraph 29 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

EIS'S ANSWER TO AMENDED
COMPLAINT
Case No. 8:25-cv-00024-MWC-DFM

30.     In response to paragraph 30 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of an Experian ACDV. Experian states that the ACDV form speaks for itself and, on that basis, denies any allegations in paragraph 30 inconsistent therewith.

31.     In response to paragraph 31 of the Complaint, Experian admits that furnishers return ACDVs to Experian following the furnisher's completion of its investigation of the consumer's dispute. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.     In response to paragraph 32 of the Complaint, Experian admits that it communicates with furnishers regarding reinvestigations of consumer disputes through ACDVs.  Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## **FACTS**

**Experian Fails to Adequately Convey All Relevant Information to Furnishers**

33.     In response to paragraph 33 of the Complaint, Experian admits that consumers can submit disputes to Experian concerning information on their consumer reports via mail, phone, and online.  Experian also admits that it processes over a million consumer disputes each month.  Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34.     In response to paragraph 34 of the Complaint, Experian admits that consumers may submit documentation with their disputes and can submit such

documents via mail or electronically.  Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein

35.     In response to paragraph 35 of the Complaint, Experian admits that its dispute agents may internally process consumer based on documentation submitted by the consumer in certain situations.  Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36.     In response to paragraph 36 of the Complaint, Experian admits that its reinvestigation of consumer disputes often includes issuing an ACDV to furnishers and attaching relevant consumer-submitted documentation to the ACDV.  Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37.     In response to paragraph 37 of the Complaint, Experian admits that ACDVs contain a field for dispute codes, which are meant to identify the nature of dispute to the furnisher.  Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38.     In response to paragraph 38 of the Complaint, Experian admits that it selects dispute codes that accurately convey the nature of consumer disputes. Experian denies, generally and specifically, each and every allegation contained in the second sentence of Paragraph 38.  Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of

these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39.     In response to paragraph 39 of the Complaint, Experian admits that the allegations contained therein describe the contents and layout of Experian's online dispute center. Experian states that contents and layout in its online dispute center speaks for itself and, on that basis, denies any allegations in paragraph 39 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40.     In response to paragraph 40 of the Complaint, Experian admits that the allegations contained therein describe the contents and layout of Experian's online dispute center. Experian states that contents and layout its online dispute center speaks for itself and, on that basis, denies any allegations in paragraph 40 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41.     In response to paragraph 41 of the Complaint, Experian admits that it presents consumers with fewer dispute codes in commonly understood terms, making it easier for the average consumer to characterize and submit their dispute. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42.     In response to paragraph 42 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

43.     In response to paragraph 43 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

44.     In response to paragraph 44 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

EIS'S ANSWER TO AMENDED
COMPLAINT
Case No. 8:25-cv-00024-MWC-DFM

45.     In response to paragraph 45 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

46.     In response to paragraph 46 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

47.     In response to paragraph 47 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

48.     In response to paragraph 48 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

49.     In response to paragraph 49 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

50.     In response to paragraph 50 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

51.     In response to paragraph 51 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**Experian Regularly Relies Exclusively on Furnishers' ACDV Responses During its Reinvestigation Even When Presented with Information Suggesting that the Furnisher is Unreliable**

52.     In response to paragraph 52 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

53.     In response to paragraph 53 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

54.     In response to paragraph 54 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

55.     In response to paragraph 55 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

56.     In response to paragraph 56 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

57.    In response to paragraph 57 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

58.    In response to paragraph 58 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

59.    In response to paragraph 59 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

60.    In response to paragraph 60 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

61.    In response to paragraph 61 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

62.    In response to paragraph 62 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

63.    In response to paragraph 63 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

64.    In response to paragraph 64 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

65.    In response to paragraph 65 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

66.    In response to paragraph 66 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

67.    In response to paragraph 67 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

68.    In response to paragraph 68 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**Experian Fails to Inform Consumers of Reinvestigation Results**

69.    In response to paragraph 69 of the Complaint, Experian admits that it sends written "results letters" to customers to report the reinvestigation results.  As

to the remaining allegations in paragraph 69, Experian denies, generally and specifically, each and every allegation contained therein.

70.    In response to paragraph 70 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Experian's written "results letter." Experian states that the results letter set forth speaks for itself and, on that basis, denies any allegations in paragraph 70 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

71.    In response to paragraph 71 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of an Experian "results letter."  Experian states that the results letter set forth speaks for itself and, on that basis, denies any allegations in paragraph 71 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

72.    In response to paragraph 72 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Experian's written "results letter." Experian states that the results letter set forth speaks for itself and, on that basis, denies any allegations in paragraph 72 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

73.    In response to paragraph 73 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Experian's written "results letter." Experian states that the results letter set forth speaks for itself and, on that basis, denies any allegations in paragraph 73 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information

EIS'S ANSWER TO AMENDED
COMPLAINT
Case No. 8:25-cv-00024-MWC-DFM

sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

74.     In response to paragraph 74 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of an Experian "results letter." Experian states that the results letter set forth speaks for itself and, on that basis, denies any allegations in paragraph 74 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

75.     In response to paragraph 75 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

76.     In response to paragraph 76 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of certain Experian written "results letters." Experian states that these results letters set forth speaks for themselves and, on that basis, denies any allegations in paragraph 76 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

77.     In response to paragraph 77 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of certain Experian written "results letters." Experian states that these results letters set forth speaks for themselves and, on that basis, denies any allegations in paragraph 77 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

78.     In response to paragraph 78 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of certain Experian written "results letters." Experian states that these results letters set forth speaks for

themselves and, on that basis, denies any allegations in paragraph 78 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

79.    In response to paragraph 79 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of an Experian "results letter."  Experian states that the results letter set forth speaks for itself and, on that basis, denies any allegations in paragraph 79 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

80.    In response to paragraph 80 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

81.    In response to paragraph 81 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of certain Experian written "results letters."  Experian states that these results letters set forth speaks for themselves and, on that basis, denies any allegations in paragraph 81 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

82.    In response to paragraph 82 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of an Experian "results letter."  Experian states that the results letter set forth speaks for itself and, on that basis, denies any allegations in paragraph 82 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

83.    In response to paragraph 83 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

84.    In response to paragraph 84 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of certain Experian written "results letters." Experian states that these results letters set forth speaks for themselves and, on that basis, denies any allegations in paragraph 84 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

85.    In response to paragraph 85 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of an Experian "results letter."  Experian states that the results letter set forth speaks for itself and, on that basis, denies any allegations in paragraph 85 inconsistent therewith. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

86.    In response to paragraph 86 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**Experian Fails to Prevent New Furnishers From Reinserting Information Deleted as the Result of a Dispute**

87.    In response to paragraph 87 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegation in Paragraph 87 inconsistent therewith.

88.    In response to paragraph 88 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegation in Paragraph 88 inconsistent therewith.

89.    In response to paragraph 89 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

90.    In response to paragraph 90 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

91.    In response to paragraph 91 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

92.    In response to paragraph 92 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

93.    In response to paragraph 93 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

94.    In response to paragraph 94 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**Experian Refuses to Reinvestigate Certain Disputes Entirely**

95.    In response to paragraph 95 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

96.    In response to paragraph 96 of the Complaint, Experian admits that the allegations contained therein generally describe a "hard inquiry."   Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

97.    In response to paragraph 97 of the Complaint, Experian admits that consumers dispute hard inquiries by claiming that there was no permissible purpose. Except as specifically admitted, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

98.    In response to paragraph 98 of the Complaint, Experian admits that it conducts reinvestigations of consumer disputes of hard inquiries based on fraud and

identity theft. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation in paragraph 98.

99.    In response to paragraph 99 of the Complaint, Experian admits that it conducts reinvestigations of consumer disputes of hard inquiries in accordance with its obligations under the FCRA and that it informs consumers about hard inquiries. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 99.

100.    In response to paragraph 100 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**Experian's Problematic Dispute Resolution Processes Resulted in Experian Failing to Initiate Reinvestigations into Certain Disputes and Caused Other Errors in Consumers' Files**

*Experian's Failures Caused at Least Three Types of Problems for Consumers During Discrete Time Periods*

101.    In response to paragraph 101 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

102.    In response to paragraph 102 of the Complaint, Experian admits that it did not forward certain disputes, most of which occurred during the COVID-19 pandemic, within 5 days of receiving the disputes. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 102.

103.    In response to paragraph 103 of the Complaint, Experian admits that it complied with the FCRA by deleting disputed tradelines that were not reinvestigated in 30 days and then reinserted some of those deleted tradelines where the requirements of the FCRA for reinsertions were followed. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 103.

104.    In response to paragraph 104 of the Complaint, Experian admits that a system glitch prevented certain furnishers from removing a joint user from certain accounts.

105.    In response to paragraph 105 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

106.    In response to paragraph 106 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

*The Discrete Claims are Timely*

107.    In response to paragraph 107 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

108.    In response to paragraph 108 of the Complaint, Experian admits that Plaintiff issued a Civil Investigation Demand to Experian Holdings, Inc. on October 29, 2021.

109.    In response to paragraph 109 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of communications made on November 19, 2021 and January 6, 2022 between counsel for "Experian" and Plaintiff. Experian states that the communications speak for themselves and, on that basis, denies any allegation in Paragraph 109 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 109.

110.    In response to paragraph 110 of the Complaint, Experian admits that Plaintiff modified the definition of "Company" in certain CIDs to Experian Holdings Inc. As to the remaining allegations in Paragraph 110, Experian denies, generally and specifically, each and every allegation contained therein.

111.    In response to paragraph 111 of the Complaint, Experian admits that counsel for the parties executed the First Tolling Agreement on January 27 and 28, 2022.  Experian further admits that the First Tolling Agreement named Plaintiff, Experian Holdings, Inc., and Experian Information Solutions as parties. Except as

EIS'S ANSWER TO AMENDED
COMPLAINT
Case No. 8:25-cv-00024-MWC-DFM

specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 111.

112.   In response to paragraph 112 of the Complaint, Experian admits that the Bureau served eight additional CIDs to Experian.

113.   In response to paragraph 113 of the Complaint, Experian admits that it requested extensions of time to respond to Plaintiff's CIDs.

114.   In response to paragraph 114 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of communications made between Plaintiff and Experian.  Experian states that the communications speak for themselves and, on that basis, denies any allegation in Paragraph 114 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 114.

115.   In response to paragraph 115 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of two additional tolling agreements (the "Second Tolling Agreement" and "Third Tolling Agreement") between Plaintiff and Experian Holdings. Experian states that these agreements speak for themselves and, on that basis, denies any allegation in Paragraph 115 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 115.

116.   In response to paragraph 116 of the Complaint, Experian admits that the Second and Third Tolling agreements named only Plaintiff and Holdings as parties.

117.   In response to paragraph 117 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of written communications made by counsel for Experian on August 24, 2023 to Plaintiff. Experian states that the communications speak for themselves and, on that basis, denies any allegation in Paragraph 117 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 117.

118.   In response to paragraph 118 of the Complaint, Experian admits the allegations contained therein.

119.   In response to paragraph 119 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of communications made by Plaintiff on July 23, 2024 to Experian. Experian states that the communications speak for themselves and, on that basis, denies any allegation in Paragraph 119 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 119.

120.   In response to paragraph 120 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of another tolling agreement (the "Fourth Tolling Agreement") between Plaintiff and Experian Holdings. Experian states that the Fourth Tolling Agreement speaks for itself and, on that basis, denies any allegation in Paragraph 120 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 120.

121.   In response to paragraph 121 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of communications made between Experian and Plaintiff. Experian states that the communications speak for themselves and, on that basis, denies any allegation in Paragraph 121 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 121.

122.   In response to paragraph 122 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

123.   In response to paragraph 123 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the Fourth Tolling Agreement. Experian states that the Fourth Tolling Agreement speaks for itself and, on that basis, denies any allegation in Paragraph 123 inconsistent therewith.

124.   In response to paragraph 124 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## FCRA VIOLATIONS

## COUNT I

**Failure to Conduct a Reasonable Reinvestigation and Failure to Provide Furnishers with All Relevant Information in Violation of the FCRA, 15 U.S.C. § 1681i(a)(1)(A), (2)**

125.   In response to paragraph 125 of the Complaint, Experian repeats, realleges, and incorporates by reference Paragraphs 1 through 125 above as if fully set forth herein.

126.   In response to paragraph 126 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegations in Paragraph 126 inconsistent therewith.

127.   In response to paragraph 127 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

128.   In response to paragraph 128 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

129.   In response to paragraph 129 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

130.   In response to paragraph 130 of the Complaint, Experian admits that Plaintiff alleges that this claim arises from the Bureau's Investigation. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 130.

# COUNT II

**Failure to Conduct a Reasonable Reinvestigation by Exclusively Relying on a Furnisher's ACDV Response in Violation of the FCRA, 15 U.S.C. § 1681i(a)(1)(A)**

131.   In response to paragraph 131 of the Complaint, Experian repeats, realleges, and incorporates by reference Paragraphs 1 through 130 above as if fully set forth herein.

132.   In response to paragraph 132 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegations in Paragraph 132 inconsistent therewith.

133.   In response to paragraph 133 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

134.   In response to paragraph 134 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

135.   In response to paragraph 135 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

136.   In response to paragraph 136 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

137.   In response to paragraph 137 of the Complaint, Experian admits that Plaintiff alleges that this claim arises from the Bureau's Investigation. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 137.

# COUNT III

**Failure to Provide Notice of the Results of the Reinvestigation in Violation of the FCRA, 15 U.S.C. § 1681i(a)(6)(A)**

138.   In response to paragraph 138 of the Complaint, Experian repeats, realleges, and incorporates by reference Paragraphs 1 through 137 above as if fully set forth herein.

139.   In response to paragraph 139 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegations in Paragraph 139 inconsistent therewith.

140.   In response to paragraph 140 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

141.   In response to paragraph 141 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

142.   In response to paragraph 142 of the Complaint, Experian admits that Plaintiff alleges that this claim arises from the Bureau's Investigation. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 142.

## COUNT IV

**Failure to Reinvestigate Disputes About Hard Inquiries in Violation of the FCRA, 15 U.S.C. § 1681i(a)(1)(A), (2)**

143.   In response to paragraph 143 of the Complaint, Experian repeats, realleges, and incorporates by reference Paragraphs 1 through 142 above as if fully set forth herein.

144.   In response to paragraph 144 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegations in Paragraph 144 inconsistent therewith.

145.   In response to paragraph 145 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegations in Paragraph 145 inconsistent therewith.

146.   In response to paragraph 146 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

147.   In response to paragraph 147 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

148.   In response to paragraph 148 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

149.   In response to paragraph 149 of the Complaint, Experian admits that Plaintiff alleges that this claim arises from the Bureau's Investigation. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 149.

## COUNT V

**Failure to Forward Disputes in Violation of the FCRA, 15 U.S.C. § 1681i(a)(2)(A)**

150.   In response to paragraph 150 of the Complaint, Experian repeats, realleges, and incorporates by reference Paragraphs 1 through 149 above as if fully set forth herein.

151.   In response to paragraph 151 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegations in Paragraph 151 inconsistent therewith.

152.   In response to paragraph 152 of the Complaint, Experian admits that it did not forward certain disputes, most of which arose during the COVID-19 pandemic, within 5 days of receiving the dispute.

153.   In response to paragraph 153 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

154.   In response to paragraph 154 of the Complaint, Experian admits that Plaintiff alleges that this claim arises from the Bureau's Investigation. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 119.

## COUNT VI

### Deleting Tradelines Without an Investigation in Violation of the FCRA, 15 U.S.C. § 1681i(a)(1)(A)

155.   In response to paragraph 155 of the Complaint, Experian repeats, realleges, and incorporates by reference Paragraphs 1 through 154 above as if fully set forth herein.

156.   In response to paragraph 156 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegations in Paragraph 156 inconsistent therewith.

157.   In response to paragraph 157 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

158.   In response to paragraph 158 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

159.   In response to paragraph 159 of the Complaint, Experian admits that Plaintiff alleges that this claim arises from the Bureau's Investigation. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 159.

## COUNT VII

### Failure to Delete Inaccurate, Incomplete, or Unverified Information in Violation of the FCRA, 15 U.S.C. § 1681i(a)(5)(A)

160.   In response to paragraph 160 of the Complaint, Experian repeats, realleges, and incorporates by reference Paragraphs 1 through 159 above as if fully set forth herein.

161.   In response to paragraph 161 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegations in Paragraph 161 inconsistent therewith.

162.   In response to paragraph 162 of the Complaint, Experian admits that a system glitch prevented certain furnishers from removing a joint user from certain accounts. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 162.

163.   In response to paragraph 163 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

164.   In response to paragraph 164 of the Complaint, Experian admits that Plaintiff alleges that this claim arises from the Bureau's Investigation. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 164.

### COUNT VIII

**Failure to Maintain Reasonable Procedures Designed to Prevent Reinsertion and Unlawful Reinsertion of Previously Deleted Information in Violation of the FCRA, 15 U.S.C. § 1681i(a)(5)(B), (C)**

165.   In response to paragraph 165 of the Complaint, Experian repeats, realleges, and incorporates by reference Paragraphs 1 through 164 above as if fully set forth herein.

166.   In response to paragraph 166 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegations in Paragraph 166 inconsistent therewith.

167.   In response to paragraph 167 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegations in Paragraph 167 inconsistent therewith.

168.   In response to paragraph 168 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

169.    In response to paragraph 169 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

170.    In response to paragraph 170 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

171.    In response to paragraph 171 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

172.    In response to paragraph 172 of the Complaint, Experian admits that Plaintiff alleges that this claim arises from the Bureau's Investigation. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 172.

## COUNT IX

**Failure to Implement and Follow Reasonable Procedures to Assure Maximum Possible Accuracy in Violation of the FCRA, 15 U.S.C. § 1681e(b)**

173.    In response to paragraph 173 of the Complaint, Experian repeats, realleges, and incorporates by reference Paragraphs 1 through 172 above as fully set forth herein.

174.    In response to paragraph 174 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian states that the FCRA speaks for itself and, on that basis, denies any allegations in Paragraph 174 inconsistent therewith.

175.    In response to paragraph 175 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

176.    In response to paragraph 176 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

177.    In response to paragraph 177 of the Complaint, Experian admits that Plaintiff alleges that this claim arises from the Bureau's Investigation. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 177.

## CFPA VIOLATIONS

178.   In response to paragraph 178 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the CFPA. Experian states that the CFPA speaks for itself and, on that basis, denies any allegations in Paragraph 178 inconsistent therewith.

179.   In response to paragraph 179 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the CFPA. Experian states that the CFPA speaks for itself and, on that basis, denies any allegations in Paragraph 179 inconsistent therewith.

## COUNT X

### Unfair Acts or Practices: Excessive and Unreasonable Reliance on a Furnisher's ACDV Response

180.   In response to paragraph 180 of the Complaint, Experian repeats, realleges, and incorporates by reference Paragraphs 1 through 179 above as if fully set forth herein.

181.   In response to paragraph 181 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

182.   In response to paragraph 182 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

183.   In response to paragraph 183 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

184.   In response to paragraph 184 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

185.   In response to paragraph 185 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

186.   In response to paragraph 186 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

187.   In response to paragraph 187 of the Complaint, Experian admits that Plaintiff alleges that this claim arises from the Bureau's Investigation. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 187.

## COUNT XI

**Unfair Acts or Practices: Failing to Prevent Improper Tradeline Reinsertions**

188.   In response to paragraph 188 of the Complaint, Experian repeats, realleges, and incorporates by reference Paragraphs 1 through 187 above as if fully set forth herein.

189.   In response to paragraph 189 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

190.   In response to paragraph 190 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

191.   In response to paragraph 191 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

192.   In response to paragraph 192 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

193.   In response to paragraph 193 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

194.    In response to paragraph 194 of the Complaint, Experian admits that Plaintiff alleges that this claim arises from the Bureau's Investigation. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 194.

## COUNT XII

## Violations of the CFPA Arising From FCRA Violations

195.    In response to paragraph 195 of the Complaint, Experian repeats, realleges, and incorporates by reference Paragraphs 1 through 194 above as if fully set forth herein.

196.    In response to paragraph 196 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the CFPA. Experian states that the CFPA speaks for itself and, on that basis, denies any allegations in Paragraph 196 inconsistent therewith.

197.    In response to paragraph 197 of the Complaint, Experian admits that Plaintiff alleges that the FCRA is an "enumerated consumer law" and therefore a "Federal consumer financial law." Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them

198.    In response to paragraph 198 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

199.    In response to paragraph 199 of the Complaint, Experian admits that Plaintiff alleges that this claim arises from the Bureau's Investigation. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in paragraph 199.

1
## RESPONSE TO PRAYER FOR RELIEF

2
200.    In response to paragraph 200 of the Complaint, Experian denies that

3
Plaintiff is entitled to any damages or other relief against Experian.

4
## JURY DEMAND

5
Experian demands a jury trial on all claims and issues.

6
## AFFIRMATIVE DEFENSES

7
In further response to Plaintiff's Complaint, Experian hereby asserts the

8
following affirmative defenses, without conceding that it bears the burden of

9
persuasion as to any of them.

10
## FIRST AFFIRMATIVE DEFENSE

11
(STATUTE OF LIMITATIONS)

12
Experian is informed and believes and thereon alleges that all claims for relief

13
in the Complaint herein are barred by the applicable statutes of limitation.

14
## SECOND AFFIRMATIVE DEFENSE

15
(LACHES)

16
Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

17
## THIRD AFFIRMATIVE DEFENSE

18
(ESTOPPEL)

19
Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

20
## FOURTH AFFIRMATIVE DEFENSE

21
(MOOTNESS)

22
Plaintiff's claims are barred, in whole or in part, to the extent that the claim or

23
relief sought is moot.

24
## FIFTH AFFIRMATIVE DEFENSE

25
(WAIVER)

26
Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

27

28

EIS'S ANSWER TO AMENDED
COMPLAINT
Case No. 8:25-cv-00024-MWC-DFM

### SIXTH AFFIRMATIVE DEFENSE

(FAILURE TO GIVE FAIR NOTICE)

Plaintiff's claims are barred, in whole or in part, on the grounds that Experian did not have fair notice that its alleged practices were unfair.

### SEVENTH AFFIRMATIVE DEFENSE

(TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person was true.

### EIGHTH AFFIRMATIVE DEFENSE

(MITIGATING FACTORS)

Any civil penalty that may be awarded shall be minimized by the mitigating factors contained in 12 U.S.C. § 5565(c)(3)(B).

### NINTH AFFIRMATIVE DEFENSE

(RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)    That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)    For costs of suit and attorneys' fees herein incurred; and

(3)    For such other and further relief as the Court may deem just and proper.

EIS'S ANSWER TO AMENDED
COMPLAINT
Case No. 8:25-cv-00024-MWC-DFM

1

2    Dated: November 3, 2025                    JONES DAY

3                                              By: */s/ Richard J. Grabowski*

4                                                  Richard J. Grabowski

5                                              Attorneys for Defendant
                                               EXPERIAN INFORMATION
6                                              SOLUTIONS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EIS'S ANSWER TO AMENDED
COMPLAINT
Case No. 8:25-cv-00024-MWC-DFM