Max Weinstein, Mass. Bar No. 600982
Email: max.weinstein@cfpb.gov
Admitted *Pro Hac Vice*
Colin Hector, Cal. Bar No. 281795
Email: colin.hector@cfpb.gov
Tracy Hilmer, D.C. Bar No. 421219
Email: tracy.hilmer@cfpb.gov
Admitted *Pro Hac Vice*
CONSUMER FINANCIAL
PROTECTION BUREAU
1700 G Street, NW
Washington, DC 20552
Phone: (202) 435-9172 (Weinstein)
Phone: (681) 326-7093 (Hector)
Phone: (202) 435-7459 (Hilmer)
Fax: (202) 435-5468

Chung H. Han, Cal. Bar No. 191757
Email: chung.han@usdoj.gov
U.S. ATTORNEY'S OFFICE
300 N. Los Angeles St., Suite 7516
Los Angeles, CA 90012
Phone: (213) 894-0474
Fax: (213) 894-7819

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>*Plaintiff*,<br><br>v.<br><br>Experian Information Solutions, Inc.,<br><br>*Defendant*. | Case Number:<br>8:25-cv-00024-MWC-DFM<br><br>**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Judge: Hon. Michelle Williams Court<br>Second Amended Complaint Filed: August 28, 2025<br>Hearing Date: January 30, 2026<br>Time: 1:30 PM PST<br>Courtroom: 6A |

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

STANDARD OF LAW ............................................................................................... 2

ARGUMENT............................................................................................................... 4

    I.    The fair notice, estoppel, waiver, laches, and mootness defenses should be struck because they are legally invalid or insufficiently pled...... 4

    II.    The Bureau would be prejudiced by the insufficient and invalid affirmative defenses. ................................................................................ 11

CONCLUSION ........................................................................................................ 13

**TABLE OF AUTHORITIES**

CASES

*Adarand Constructors, Inc. v. Slater*,
   528 U.S. 216 (2000) .................................................................................... 13

*Alocozy v. U.S. Citizenship and Immigr. Servs.*,
   704 F.3d 795 (9th Cir. 2012) ........................................................................ 8

*Am. Bus Ass'n v. United States*,
   627 F.2d 525 (D.C. Cir. 1980) ...................................................................... 8

*Artist Revenue Advocs., LLC v. West*,
   No. 2:24-cv-06018-MWC-BFM, 2025 WL 2014314
   (C.D. Cal. May 16, 2025) .............................................................................. 3

*Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*,
   718 F. Supp. 2d 1167 (N.D. Cal. 2010) ........................................................ 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................... 3

*Bonshahi v. Fedex Corp.*,
   No. C12–2471 TEH, 2012 WL 3638608 (N.D. Cal. Aug. 22, 2012) ........... 12

*Cal. ex rel. State Lands Comm'n v. United States*,
   512 F. Supp. 36 (N.D. Cal. 1981) ................................................................. 3

*CFPB v. TransUnion*,
   701 F. Supp. 3d 744 (N.D. Ill. 2023) ............................................................ 9

*Conley v. Gibson*,
   355 U.S. 41 (1957) ........................................................................................ 3

*Dairy Emps. Union Loc. No. 17 v. Ferreira Dairy*,
   No. 5:14-cv-01295-RSWL-MAN, 2015 WL 505934
   (C.D. Cal. Feb. 6, 2015) ................................................................................ 4

*Empl. Painters' Tr. v. Pac. Nw. Contractors, Inc.*,
   No. C13-05018-BHS, 2013 WL 1774628 (W.D. Wash. Apr. 25, 2013) ........ 4

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) .. 3

*Foman v. Davis*,
   371 U.S. 178 (1962) ...................................................................................... 3

*FTC v. Am. Tax Relief, LLC*,
    No. CV 11-6397 DSF (PJWx), 2011 WL 13135578
    (C.D. Cal. Oct. 19, 2011) ...............................................................................11, 12

*FTC v. Amazon.com, Inc.*,
    735 F. Supp. 3d 1297 (W.D. Wash. 2024) ........................................................ 6

*FTC v. Amazon.com, Inc.*,
    No. 2:23-cv-00932-JHC, 2024 WL 4839389 (W.D. Wash. Nov. 20, 2024).... 10

*FTC v. Com. Planet, Inc.*,
    No. SACV 09-01324-CJC(RNBx), 2010 WL 11673795
    (C.D. Cal. July 6, 2010) .................................................................................... 7

*FTC v. Green Equitable Sols.*,
    No. 2:22-cv-06499-FLA (MARx), 2023 WL 7107273
    (C.D. Cal. Sep. 29, 2023) ................................................................................ 10

*FTC v. IQVIA Holdings Inc.*,
    No. 23 Civ. 06188 (ER), 2023 WL 7152577 (S.D.N.Y. Oct. 31, 2023) .......... 11

*Grigoryan v. Experian Info. Sols., Inc.*,
    84 F. Supp. 3d 1044 (C.D. Cal. 2014) .............................................................. 5

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*,
    484 U.S. 49 (1987) ........................................................................................... 11

*Hart v. Baca*,
    204 F.R.D. 456 (C.D. Cal. 2001) ...................................................................... 2

*Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*,
    313 F.R.D. 572 (N.D. Cal. 2016) .................................................................... 12

*Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*,
    467 U.S. 51 (1984) ........................................................................................ 6, 9

*Illumina, Inc. v. BGI Genomics Co.*,
    No. 19-cv-03770-WHO, 2020 WL 571030 (N.D. Cal. Feb. 5, 2020) .............. 3

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*,
    517 F. Supp. 3d 994 (N.D. Cal. 2021) ............................................................ 10

*Kohler v. Flava Enters., Inc.*,
    779 F.3d 1016 (9th Cir. 2015) .......................................................................... 3

*League of United Latin Am. Citizens v. INS*,
    No. 87-4757-WDK(JRX), 1989 WL 252578 (C.D. Cal. Aug. 12, 1989) ......... 7

*Martin v. Consultants & Adm'rs, Inc.*,
    966 F.2d 1078 (7th Cir. 1992) .......................................................................... 9

*Mukherjee v. INS*,
 793 F.2d 1006 (9th Cir. 1986) .................................................................... 7

*Murphy v. Trader Joe's*,
 No. 16-cv-02222-SI, 2017 WL 235193 (N.D. Cal. Jan. 19, 2017) ................... 3

*Pac. Gas & Elec. Co. v. Fed. Power Comm'n*,
 506 F.2d 33 (D.C. Cir. 1974) ...................................................................... 8

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
 572 U.S. 663 (2014) ................................................................................... 9

*Prakash v. Pulsent Corp. Emp. Long Term Disability Plan*,
 No. C-06-7592 SC, 2008 WL 3905445 (N.D. Cal. Aug. 20, 2008) ................. 4

*Princess Cruises, Inc. v. United States*,
 201 F.3d 1352 (Fed. Cir. 2000) .................................................................. 7

*Reflex Media, Inc. v. Luxy Ltd.*,
 No. 2:20-cv-00423-RGK-KS, 2021 WL 5936974 (C.D. Cal. Oct. 3, 2021) ..... 4

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*,
 580 U.S. 328 (2017) ................................................................................... 9

*Stuart Park Assocs. Ltd. P'ship v. Ameritech Pension Tr.*,
 846 F. Supp. 701 (N.D. Ill. 1994) ............................................................... 7

*United States v. Acad. Mortg. Corp.*,
 No. 16-cv-02120-EMC, 2020 WL 7056017 (N.D. Cal. Dec. 2, 2020) ............ 3

*United States v. Cherokee Nation of Okla.*,
 480 U.S. 700 (1987) ................................................................................... 8

*United States v. Concentrated Phosphate Exp. Ass'n, Inc.*,
 393 U.S. 199 (1968) ............................................................................. 11, 13

*United States v. Dalton*,
 No. SACV 21-140 JVS(KESx), 2021 WL 4816604
 (C.D. Cal. June 9, 2021) .......................................................................... 10

*United States v. Hempfling*,
 No. CV F 05-594 LJO SMS, 2007 WL 1299262 (E.D. Cal. May 1, 2007) ...... 5

*United States v. Philip Morris Inc.*,
 300 F. Supp. 2d 61 (D.D.C. 2004) .............................................................. 8

*United States v. Ruby Co.*,
 588 F.2d 697 (9th Cir. 1978) .................................................................... 10

*United States v. Summerlin*,
    310 U.S. 414 (1940) .................................................................................... 9

*United States v. Thornburg*,
    82 F.3d 886 (9th Cir. 1996) ........................................................................ 9

*Vogel v. Huntington Oaks Del. Partners, LLC*,
    291 F.R.D. 438 (C.D. Cal. 2013) ................................................................ 3

*Watkins v. U.S. Army*,
    875 F.2d 699 (9th Cir. 1989) ...................................................................... 6

## STATUTES

12 U.S.C. § 5564(g)(1) .................................................................................... 9

## RULES

Fed. R. Civ. P. 1 ............................................................................................ 13

Fed. R. Civ. P. 12(f) .................................................................................. 2, 3

Fed. R. Civ. P. 8(c)(1) .................................................................................... 2

## OTHER AUTHORITIES

CFPB, *Statement on Supervisory and Enforcement Practices Regarding the Fair Credit Reporting Act and Regulation V in Light of the CARES Act* (April 1, 2020), *rescinded* (April 1, 2021), https://files.consumerfinance.gov/f/documents/cfpb_credit-reporting-policy-statement_cares-act_2020-04.pdf .... 7

# INTRODUCTION

This is an enforcement action brought by the Consumer Financial Protection Bureau ("Bureau") against Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act ("FCRA") and the Consumer Financial Protection Act ("CFPA"). The Bureau filed its operative complaint on August 28, 2025, Dkt. 77, alleging, among other things, that Experian failed to reasonably reinvestigate consumer disputes and otherwise failed to maintain reasonable policies and practices concerning the accuracy of consumer credit information. Experian filed an amended answer on November 24, 2025. Dkt. 105. Experian raises six affirmative defenses: (1) statute of limitations; (2) failure to provide fair notice of unfair conduct; (3) estoppel; (4) waiver; (5) laches; and (6) mootness.

The second through sixth defenses should be struck because each defense is legally invalid, insufficiently pled, or both. Specifically:

- The fair notice defense is legally invalid because the statutory language of the CFPA and FCRA provide sufficient notice of prohibited conduct, as this Court has already found.

- Estoppel fails because Experian's allegations do not plausibly establish the traditional estoppel elements—neither the mere fact that the Bureau supervised Experian nor an explicitly non-binding policy statement are definite representations that can be reasonably relied on—let alone the affirmative misconduct that must be shown to estop the government.

- Waiver fails for a similar reason: past supervisory activity and an explicitly non-binding statement cannot possibly satisfy the heavy burden of showing that the Bureau unmistakably relinquished its right to future enforcement

actions.

- Laches does not lie against the government in an action, like this one, that enforces a public right, is redundant given the applicable statute of limitations, and in any case would require (like estoppel) a showing of affirmative misconduct.

- Mootness fails because Experian's bare contention that it has ceased certain practices does not plausibly allege the core requirement of mootness—that there is no reasonable possibility of recurrence.

Allowing these defenses to go forward would open up entirely new areas of discovery that are irrelevant to the case. This concern is far from hypothetical: Experian has already sought broad discovery into the Bureau's internal decision-making and policy discussions, areas that are rife with work product, attorney-client communications, and other privileges and highly sensitive materials. The Court should act now to strike these improper defenses in order to avoid entangling the parties (and the Court) in pointless discovery and the disputes that will inevitably ensue.

## STANDARD OF LAW

When responding to a pleading, a party must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). In turn, courts may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. 12(f). Although motions to strike are "disfavored," motions that "may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action . . . will be well taken." *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001) (quoting *Cal. ex rel. State Lands Comm'n v. United States*, 512 F.

Supp. 36, 38 (N.D. Cal. 1981)); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (observing that purpose of Rule 12(f) is to avoid spending time and money litigating spurious issues). Among other things, defenses may be struck when they fail to give "fair notice" and are insufficiently pled, or because they are deficient as a matter of law. Fed. R. Civ. P. 12(f); *see, e.g.*, *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013). While generally leave to amend pleadings shall be freely given, the Court has discretion to deny leave to amend if such amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

As the Court has recently recognized, the "fair notice" standard for affirmative defenses is the same plausibility standard that provides "fair notice of what the . . . claim is" in a complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Artist Revenue Advocs., LLC v. West*, No. 2:24-cv-06018-MWC-BFM, 2025 WL 2014314, at *2 (C.D. Cal. May 16, 2025) (Court, J.) (following majority view of the Northern District of California and applying *Twombly/Iqbal* standard to affirmative defenses).[1] "While 'a party need only plead some factual support for its affirmative defense[,] . . . the simple listing of a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist is not sufficient.'" *Artist Revenue Advocs.*, 2025 WL 2014314, at *2 (quoting *Illumina, Inc. v. BGI Genomics Co.*, No. 19-cv-03770-WHO, 2020 WL 571030, at *5 (N.D. Cal. Feb. 5, 2020)). This "serve[s] to weed out the

---

[1] Some courts have applied a slightly lower standard of "fair notice" based on *Kohler v. Flava Enters., Inc.*, in which the Ninth Circuit observed that "the fair notice required by the pleading standards only requires describing the defense in general terms." 779 F.3d 1016, 1019 (9th Cir. 2015) (internal quotations omitted). But *Kohler* did not directly address *Twombly* and *Iqbal*, and the "general terms" the court referred to only concerned the legal description of the defense at issue. *See, e.g.*, *United States v. Acad. Mortg. Corp.*, No. 16-cv-02120-EMC, 2020 WL 7056017, at *2 (N.D. Cal. Dec. 2, 2020); *Murphy v. Trader Joe's*, No. 16-cv-02222-SI, 2017 WL 235193, at *2 (N.D. Cal. Jan. 19, 2017).

boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010).

"[A]n affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" *Dairy Emps. Union Loc. No. 17 v. Ferreira Dairy*, No. 5:14-cv-01295-RSWL-MAN, 2015 WL 505934, at *3 (C.D. Cal. Feb. 6, 2015) (quoting *Empl. Painters' Tr. v. Pac. Nw. Contractors, Inc.*, No. C13-05018-BHS, 2013 WL 1774628, at *4 (W.D. Wash. Apr. 25, 2013)). "An affirmative defense that fails as a matter of law is also an 'impertinent' allegation, as it does not pertain to, and is not necessary to, the issues in question." *Dairy Emps. Union Loc. No. 17*, 2015 WL 505934, at *3 n.3 (quoting *Empl. Painters' Tr.*, 2013 WL 1774628, at *4). Affirmative defenses can be stricken with prejudice if there is no legal support for their allegations. *Dairy Emps. Union Loc. No. 17*, 2015 WL 505934, at *7.

## ARGUMENT

### I. The fair notice, estoppel, waiver, laches, and mootness defenses should be struck because they are legally invalid or insufficiently pled.

<u>Fair Notice (Second Defense)</u>: Defendant's second defense—that it lacked fair notice that its alleged misconduct violated the CFPA and FCRA—should be struck because the Court has already found that it is legally insufficient. It is improper to raise in an affirmative defense an issue already litigated and lost. *Reflex Media, Inc. v. Luxy Ltd.*, No. 2:20-cv-00423-RGK-KS, 2021 WL 5936974, at *5 (C.D. Cal. Oct. 3, 2021); *Prakash v. Pulsent Corp. Emp. Long Term Disability Plan*, No. C-06-7592 SC, 2008 WL 3905445, at *2 (N.D. Cal. Aug. 20, 2008) ("The Court previously rejected this exact argument in ruling on Plaintiffs' motion to dismiss the Counterclaim. The Court therefore strikes the Second

Affirmative Defense because it is legally insufficient and redundant." (citation omitted)); *see also United States v. Hempfling*, No. CV F 05-594 LJO SMS, 2007 WL 1299262, at *5 (E.D. Cal. May 1, 2007) ("A motion to strike a defense may be granted where the same defense was rejected by the Court in denying the defendant's motion to dismiss.").

Experian's fair notice defense recycles, often verbatim, the same assertions made in its first motion to dismiss. *Compare* Dkt. 105 at 31-33 *with* Dkt. 24-1 at 11-13.[2] Namely, Experian reasserts that the Bureau supervised Experian for a long period; the Bureau praised the use of automated protocols; and that courts have blessed Experian's exclusive reliance on the ACDV system to resolve disputes. And Experian copy-and-pastes the claim that "the FCRA requires only that CRAs implement procedures regarding the reinsertion of deleted accounts by the *same furnisher*." Dkt. 105 at 32; Dkt. 24-1 at 13.

The Court squarely rejected these arguments. *See* Dkt. 33 at 11-13. The Court was "not persuaded" by "Experian's argument . . . that the Bureau has never taken issue with these unfair practice claims . . . ." *Id.* at 12. And in any event, the Court observed that the relevant question was "whether Experian had fair notice of what the CFPA requires." *Id*. Noting that unfairness under the CFPA is subject to "sufficient standards," the Court concluded that "[t]he CFPA provides fair notice that it prohibits unfair practices." *Id.* at 12-13.

The Court also rejected Experian's arguments that the FCRA permits the alleged violative conduct, holding that "'[i]t is well settled that exclusive reliance on ACDV procedures does not suffice, as a matter of law, to establish that a 'reasonable investigation' took place once a consumer disputes the accuracy of the furnisher's information." *Id.* at 13 (quoting *Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1074 (C.D. Cal. 2014)). And the Court specifically ruled that "Section 1681i(a)(5)(B), which sets forth requirements about the reinsertion of

---

[2] Docket pincites are to the page number of the document, not the ECF page number.

information that has been deleted, *does not limit reinsertions to only the same furnisher*." Dkt. 33 at 13 (emphasis added).

Whether the CFPA and FCRA provide fair notice is a purely legal question that the Court has already answered: the statutes provide all the notice required. The fair notice defense should therefore be struck without leave to amend.

<u>Estoppel (Third Defense):</u> The Supreme Court has declared it "well settled that the Government may not be estopped on the same terms as any other litigant." *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 60 (1984). Experian's estoppel defense fails to articulate any facts that could establish the knowledge, intent, and reasonable reliance required to show traditional estoppel, *id.* at 59, let alone the heightened showing of "affirmative misconduct" that "will cause a serious injustice" for an estoppel claim against the government. *Watkins v. U.S. Army*, 875 F.2d 699, 707 (9th Cir. 1989) (en banc).

Experian rests its estoppel defense on assertions that, despite many years of supervision activity, the Bureau "previously did not contend" Experian's conduct "amounted to violations." Dkt. 105 at 33. Estoppel requires that one party make "a definite misrepresentation of fact" that the other party places "reasonable" reliance on. *Heckler*, 467 U.S. at 59. The Bureau's past supervisory activity makes no such representation; indeed, as this Court has recognized, "[e]ven if . . . the Bureau has never taken an issue prior to this lawsuit, 'an agency does not waive its right to enforce a statute when it has declined to do so in the past.'" Dkt. 33 at 12 (quoting *FTC v. Amazon.com, Inc.*, 735 F. Supp. 3d 1297, 1331 (W.D. Wash. 2024)).

As additional grounds for its estoppel defense, Experian points to a 2020 policy statement and follow-up letter to a consumer advocacy organization that stated, during the COVID-19 emergency, the Bureau did not intend to bring an enforcement action against a consumer reporting agency making good faith efforts to investigate disputes as quickly as possible. These statements, however, did not change the applicable law and cannot do the heavy lifting that Experian asks of

6

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

them. By its own terms, the 2020 policy statement was "a non-binding general statement of policy" about intent, not a definite statement that controls the Bureau's future actions and could be reasonably relied upon.[3] *See, e.g., Stuart Park Assocs. Ltd. P'ship v. Ameritech Pension Tr.*, 846 F. Supp. 701, 712 (N.D. Ill. 1994) (explaining that a party "cannot reasonably rely upon a statement contained in a document expressly made non-binding"); *see also Princess Cruises, Inc. v. United States*, 201 F.3d 1352, 1360 (Fed. Cir. 2000) (holding that fax from regional director advising company that harbor maintenance tax did not apply to certain practices could not be basis of estoppel against government since it was not a "formal letter ruling or adjudication").

There are also no plausible allegations of affirmative misconduct. There is no "intentional or active 'misrepresentation' or 'concealment,' or a 'deliberate lie' or 'pattern of false promises.'" *League of United Latin Am. Citizens v. INS*, No. 87-4757-WDK(JRX), 1989 WL 252578, at *2 (C.D. Cal. Aug. 12, 1989) (internal citations omitted); *see also, e.g., Mukherjee v. INS*, 793 F.2d 1006, 1009 (9th Cir. 1986) (finding mistaken advice provided by government employee was not affirmative misconduct). Indeed, Experian has not, and cannot, plausibly allege that the statement was even untrue, let alone affirmative misconduct: an agency may intend to not take action, but later change its mind after reconsidering its priorities. *FTC v. Com. Planet, Inc.*, No. SACV 09-01324-CJC(RNBx), 2010 WL 11673795, at *2 (C.D. Cal. July 6, 2010) (striking estoppel defense based on alleged false statements by government, including in policy statements, since "[e]ven assuming that these statements were false," defendant failed to allege statements were "misconduct" as opposed to being made "negligently or in good faith").

---

[3] CFPB, *Statement on Supervisory and Enforcement Practices Regarding the Fair Credit Reporting Act and Regulation V in Light of the CARES Act*, 3 (April 1, 2020), *rescinded* (April 1, 2021), https://files.consumerfinance.gov/f/documents/cfpb_credit-reporting-policy-statement_cares-act_2020-04.pdf.

Experian has not alleged any circumstances that would plausibly satisfy the high standard for estopping the government, nor do any exist. As a result, the Court should strike this defense without leave to amend.

Waiver (Fourth Defense): Experian's waiver defense also fails. "'Waiver' is the intentional relinquishment of a known right," *Alocozy v. U.S. Citizenship and Immigr. Servs.*, 704 F.3d 795, 797 (9th Cir. 2012), and to establish waiver against the government the relinquishment must be "unmistakable." *United States v. Philip Morris Inc.*, 300 F. Supp. 2d 61, 66 (D.D.C. 2004) (striking waiver defense because RICO claims were brought in United States' "capacity as sovereign, acting on behalf of the public to vindicate public rights," and therefore "any waiver of such sovereign authority must be unmistakable") (citing *United States v. Cherokee Nation of Okla.*, 480 U.S. 700, 707 (1987)).

Similar to its estoppel claim, Experian rests its waiver defense on the fact that the Bureau previously supervised it without taking action, and the policy statements concerning COVID-19. But, as shown above, the Bureau's past supervisory activity does not waive the agency's ability to enforce the law against Experian. Dkt. 33 at 12. Moreover, a non-binding statement about what an agency "intends" to do at a particular moment in time cannot establish an unmistakable relinquishment of a right. It is well-settled that a general policy statement "does not establish a 'binding norm'"; instead, it "announces the agency's tentative intentions for the future." *Pac. Gas & Elec. Co. v. Fed. Power Comm'n*, 506 F.2d 33, 38 (D.C. Cir. 1974). That is exactly what the statements did here: they expressed a non-binding intent to proceed in a certain manner, "leav[ing] the agency and its decision-makers free to exercise discretion." *Am. Bus Ass'n v. United States*, 627 F.2d 525, 529 (D.C. Cir. 1980).

As with estoppel, since Experian has not alleged any circumstances that would plausibly establish waiver, and given that no such circumstances exist, the Court should strike the defense without leave to amend.

8

   <u>Laches (Fifth Defense)</u>: The government generally is not subject to the equitable defense of laches in actions enforcing a public right. *United States v. Summerlin*, 310 U.S. 414, 416 (1940); *United States v. Thornburg*, 82 F.3d 886, 893 (9th Cir. 1996); *see also Heckler*, 467 U.S. at 67 (Rehnquist, J., concurring) (noting that as a general rule, laches is no defense to a suit brought by the government to enforce a public right or to protect a public interest). Here, because "the Bureau's suit is for the purpose of vindicating a broader public interest, rather than a discrete private one," laches does not apply, *CFPB v. TransUnion*, 701 F. Supp. 3d 744, 755 (N.D. Ill. 2023) (striking laches in Bureau suit alleging consumer reporting agency violated FCRA and CFPA).

   Moreover, applying laches would be particularly inappropriate here, given the existence of an applicable statute of limitations. *See* 12 U.S.C. § 5564(g)(1). Laches applies when there is an "unreasonable, prejudicial delay in commencing suit," *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667 (2014). But "[w]hen Congress enacts a statute of limitations, it speaks directly to the issue of timeliness and provides a rule for determining whether a claim is timely enough to permit relief." *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328, 334 (2017); *see also Martin v. Consultants & Adm'rs, Inc.*, 966 F.2d 1078, 1091 (7th Cir. 1992) (noting that "the general principle that laches is not available against the government would seem to have particular application where Congress has specified a limitations period"). Here the Court found that the statute of limitations period is subject to a constructive knowledge test—such that the period is triggered when the Bureau, through reasonable diligence, would have discovered the violation. Dkt. 33 at 3. Although laches never applies against the government in actions like this one, applying laches here—where the limitations period already requires reasonableness—would make the defense completely redundant.

Finally, even if laches were available, the Ninth Circuit has stated that it would require "a showing of affirmative misconduct." *United States v. Ruby Co.*, 588 F.2d 697, 705 n.10 (9th Cir. 1978); *see also United States v. Dalton*, No. SACV 21-140 JVS(KESx), 2021 WL 4816604, at *2 (C.D. Cal. June 9, 2021) (acknowledging dicta in *Ruby* and concluding that "[t]he Court is aware of no case that expressly overturns the general principle outlined in *Summerlin* that the United States is not subject to the defense of laches"). Experian has alleged no facts—nor could it—that the Bureau engaged in "affirmative misconduct." *See, e.g.*, *FTC v. Green Equitable Sols.*, No. 2:22-cv-06499-FLA (MARx), 2023 WL 7107273, at *2 (C.D. Cal. Sep. 29, 2023). Experian vague and conclusory assertions that the Bureau engaged in misconduct "at least in connection with its decades-long supervision of Experian and selective enforcement of the FCRA and CFPA after a decade of supervision," Dkt. 105 at 34,[4] cannot plausibly establish affirmative misconduct. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, 517 F. Supp. 3d 994, 1000 (N.D. Cal. 2021) (finding allegations that SEC failed to bring suit earlier, coupled with conclusory assertions that agency acted wrongfully, were insufficient to plausibly establish affirmative misconduct). Because this defense is both legally invalid and insufficiently pled, it should be struck without leave to amend.

<u>Mootness</u>: The defendant's fourth affirmative defense of mootness is likewise deficiently pleaded. Experian fails to allege any facts that plausibly suggest that it would be "*absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur." *Gwaltney of Smithfield, Ltd. v.*

---

[4] The laches defense appears to be copied wholesale from the Answer in *FTC v. Amazon.com, Inc. See* Answer at 74, *FTC v. Amazon.com, Inc.*, 2:23cv00932 (W.D. Wash. June 21, 2023), Dkt. 171. Although the court in *Amazon* denied the FTC's motion to strike the laches defense, it did not apply the plausibility standard from *Iqbal/Twombly*, and did not explain how Amazon's conclusory statements showed affirmative misconduct. *See* No. 2:23-cv-00932-JHC, 2024 WL 4839389, at *4 (W.D. Wash. Nov. 20, 2024). Here, the Court should strike the defense now, since it is both legally invalid and factually implausible, and should not be a topic of discovery.

*Chesapeake Bay Found., Inc.*, 484 U.S. 49, 66 (1987) (quoting *United States v. Concentrated Phosphate Exp. Ass'n, Inc.*, 393 U.S. 199, 203 (1968)). Experian does not say which violations it supposedly ceased, nor when. But even if it did provide those specifics, the "[m]ere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant . . . free to return to his old ways." *Concentrated Phosphate Exp. Ass'n*, 393 U.S. at 203 (internal quotations omitted). As long as Experian is operating as a consumer reporting agency, it will be capable of the alleged misconduct. Experian's bare assertions that "there are various challenged policies, procedures, systems, and practices that are no longer in effect or have been revised," *see* Dkt. 105 at 36, cannot plausibly support the defense of mootness.

## II. The Bureau would be prejudiced by the insufficient and invalid affirmative defenses.

Allowing Experian's second through sixth defenses to go forward would significantly prejudice the Bureau. Because these defenses are legally invalid, cannot be plausibly supported by the circumstances of this case, or both, the Court should strike these defenses without leave to amend.

The defenses of estoppel, waiver, and laches would expose the Bureau to highly intrusive discovery into its internal deliberations and practices, which have no bearing on the matters at issue in this case. *See FTC v. Am. Tax Relief, LLC*, No. CV 11-6397 DSF (PJWx), 2011 WL 13135578, at *1 (C.D. Cal. Oct. 19, 2011) (granting motion to strike where "[m]any of the affirmative defenses—particularly estoppel and laches—threaten to shift litigation attention and discovery towards the FTC's actions, rather than Defendants' actions," and would "open up entirely new areas to discovery"); *FTC v. IQVIA Holdings Inc.*, No. 23 Civ. 06188 (ER), 2023 WL 7152577, at *8-12 (S.D.N.Y. Oct. 31, 2023) (observing that allowing invalid laches and estoppel defenses would needlessly complicate discovery and trial). As was true of the FTC in *American Tax Relief*, the Bureau's conduct and state of

mind are not at issue here, and Experian should not be permitted to divert discovery into those irrelevant topics. The Bureau's concern about Experian's intention to do just that is not speculative: Experian has already served written discovery requests seeking "all facts" and documents (including internal Bureau communications) relating to, among other things, the Bureau's 2020 policy statements and the referral by the Bureau's Supervision Division to its Enforcement Division of the examination findings concerning Experian's dispute handling procedures. Hilmer Decl. ¶¶ 3, 4, 6, and 7. The Bureau has objected to these requests because they have no bearing on the matters at issue in the case, while implicating multiple privileges, including the deliberative process privilege, bank examination privilege, attorney-client privilege, and attorney work product protection. Unless these untenable defenses are struck now, the Bureau (and the Court) will waste valuable time and resources addressing discovery about this wholly irrelevant material.

      Moreover, laches—as well as the fair notice defense—does not require a showing of prejudice to be struck. "[A] motion to strike an insufficient affirmative defense does not require a prejudice showing." *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 575 (N.D. Cal. 2016). And "[e]ven if prejudice were required, 'the burden of conducting discovery regarding irrelevant and unsustainable affirmative defenses constitutes such prejudice.'" *Id.* (quoting *Bonshahi v. Fedex Corp.*, No. C12–2471 TEH, 2012 WL 3638608, at *2 (N.D. Cal. Aug. 22, 2012)). There are particularly strong reasons for the Court to exercise its discretion to strike here, to avoid embroiling the parties and the Court in discovery and motions practice over legally irrelevant issues. *See, e.g.*, *Am. Tax Relief, LLC*, 2011 WL 13135578, at *1.

      As for mootness, since Experian cannot allege any facts that would satisfy the "heavy burden" of showing that it is "*absolutely* clear that the allegedly wrongful behavior could not reasonably be expected to recur," *Adarand*

12

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

*Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (quoting *Concentrated Phosphate Exp. Ass'n*, 393 U.S. at 203), the Court should exercise its discretion and strike this defense with prejudice as well.

## CONCLUSION

The Court should strike Experian's second through sixth defenses without leave to amend. The defenses would invite discovery on irrelevant topics, including areas that are rife with privileged materials, burdening the parties and the Court. Because these defenses are legally invalid and factually implausible, removing them at this stage would unquestionably promote the "just, speedy, and inexpensive determination of this action." Fed. R. Civ. P. 1.

Dated: December 15, 2025

Respectfully submitted,
*/s/ Colin Hector*
Colin Hector
Email: colin.hector@cfpb.gov
CONSUMER FINANCIAL
PROTECTION BUREAU
1700 G Street, NW
Washington, DC 20552

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Consumer Financial Protection Bureau certifies that this brief contains 4034 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 15, 2025

Respectfully submitted,
*/s/ Colin Hector*
Colin Hector
Email: colin.hector@cfpb.gov
CONSUMER FINANCIAL
PROTECTION BUREAU
1700 G Street, NW
Washington, DC 20552