UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-00024-MWC-DFM                              Date: January 26, 2026

Title:      Consumer Financial Protection Bureau v. Experian Information Solutions

Present: The Honorable Michelle Williams Court, United States District Judge

|  T. Jackson  | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order GRANTING IN PART and DENYING IN
PART Plaintiff's Motion to Strike Affirmative Defenses WITHOUT LEAVE TO
AMEND (Dkt. [106])**

   Before the Court is Plaintiff Consumer Financial Protection Bureau's ("Plaintiff")
motion to strike Defendant Experian Information Solutions, Inc.'s ("Defendant") second
through sixth affirmative defenses. *See* Dkt. # 106 ("*Mot.*").  Defendant opposed, *see* Dkt.
# 109 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 110 ("*Reply*").  The Court finds this matter
appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.  After
considering the papers, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's
motion to strike **WITHOUT LEAVE TO AMEND**.

I.      Background

   On August 22, 2025, Plaintiff filed its Second Amended Complaint ("SAC"). *See*
Dkt. # 73 ("*SAC*").  After the Court denied Defendant's motion to dismiss the SAC and
motion to strike, *see* Dkt. # 102, Defendant filed an answer to the SAC, *see* Dkt. # 104.
Three weeks later, Defendant filed an amended answer. *See* Dkt. # 105 ("*Amended
Answer*").  The amended answer included six affirmative defenses, stating that Plaintiff's
claims were barred based on: the applicable statute of limitations; Plaintiff's failure to give
fair notice that Defendant's conduct violated the Fair Credit Reporting Act ("FCRA") and
Consumer Financial Protection Act ("CFPA"); the doctrine of estoppel due to Plaintiff's
"affirmative misconduct that caused substantial injustice" and inducing Defendant to
maintain allegedly illegal policies; Plaintiff's waiver of its claims through previous actions;
the doctrine of laches based on Plaintiff's affirmative misconduct; and mootness due to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-00024-MWC-DFM                                    Date: January 26, 2026

Title:      Consumer Financial Protection Bureau v. Experian Information Solutions

Defendant's recent actions.  *See generally Amended Answer*.  On December 15, 2025, Plaintiff filed a motion to strike Defendant's second through sixth affirmative defenses. *See Mot.*

II.    Legal Standard

A party may move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "A defense may be insufficient as a matter of pleading or a matter of law."  *G & G Closed Cir. Events, LLC v. Nguyen*, No. 5:10-CV-05718-EJD, 2011 WL 6293922, at *1 (N.D. Cal. Dec. 15, 2011).  "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Neo4j, Inc. v. PureThink, LLC*, 5:18-cv-07182-EJD, 2021 WL 810260, at *2 (N.D. Cal. Mar. 3, 2021) (citation omitted).  Still, motions to strike are disfavored and rarely granted. *See Delano Farms Co. v. Cal. Table Grape Comm'n*, 623 F. Supp. 2d 1144, 1183 (E.D. Cal. 2009) (citation omitted).

It is not settled whether the *Twombly* and *Iqbal* plausibility standard applies to affirmative defenses, or if instead the Defendant must only provide fair notice to plaintiff as to the nature of its affirmative defense.  *Compare Snap! Mobile, Inc. v. Croghan*, No. 18-CV-04686-LHK, 2019 WL 884177, at *2 (N.D. Cal. Feb. 22, 2019) (applying *Twombly* plausibility standard to affirmative defenses), *with McGuire v. City of L.A.*, No. 2:25-cv-00614-DSF-KES, 2025 WL 2631616, at *6 (C.D. Cal. May 14, 2025) (applying fair notice standard to affirmative defenses).  The parties do not contest that if a defendant satisfies the *Twombly* plausibility standard, it has satisfied the fair notice standard.

III.    Discussion

Plaintiff argues that the Court should strike Defendant's second through sixth affirmative defenses.  *See generally Mot.*  The Court will analyze each in turn.

A.    Second Affirmative Defense: Failure to Provide Fair Notice

Defendant's second affirmative defense is that it lacked fair notice that its alleged conduct violated the FCRA or CFPA.  *See Amended Answer* 31.  The fair notice defense hinges on whether the law "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-00024-MWC-DFM                          Date: January 26, 2026

Title:     Consumer Financial Protection Bureau v. Experian Information Solutions

discriminatory enforcement." *See FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012) (citation omitted); *see also Tingley v. Ferguson*, 47 F.4th 1055, 1089 (9th Cir. 2022) ("The operative question under the fair notice theory is whether a reasonable person would know what is prohibited by the law.").

Defendant notes that "Plaintiff consistently supervised Experian for more than a decade regarding its compliance with the FCRA," but "Plaintiff never informed Experian during its supervision that its dispute handling policies, procedures, systems, and practices ran afoul of the FCRA." *Amended Answer* 31.  Defendant cites an example where Plaintiff did not raise the issue of Experian's reliance on the Automated Credit Dispute Verification ("ACDV") process, even during its supervision exam in 2021.  *See id.* 32.  Moreover, Plaintiff had praised Defendant's use of automated protocols and the associated cost savings.  *See id.*  As to Plaintiff's other claims, Defendant notes that Plaintiff never "took issue with reporting previously deleted accounts from a subsequent furnisher."  *See id.* Nor, Defendant contends, is there any legal authority requiring Defendant "to code disputes in a certain way."  *See id.*

Plaintiff argues that the Court has already decided this issue.  *See Mot.* 4.  It highlights portions of the Court's order on Defendant's first motion to dismiss, *see* Dkt. # 33 ("*First Dismissal Order*"), and states that "[w]hether the CFPA and FCRA provide fair notice is a purely legal question that the court has already answered: the statutes provide all the notice required," *see Mot.* 5–6.  But Plaintiff ignores the context of the Court's determination.  The Court rested its ruling on several grounds but began its reasoning by noting that "'determining whether a defendant had fair notice of its purported offense requires examination of the facts of the case.'" *See First Dismissal Order* 12 (quoting *Sec. & Exch. Comm'n v. Payward, Inc.*, No. 23-CV-06003-WHO, 2025 WL 314001, at *7 (N.D. Cal. Jan. 24, 2025)).

To be sure, the Court's order used language that "[t]he CFPA provides fair notice that it prohibits unfair practices," and that "'[i]t is well settled that exclusive reliance on ACDV procedures does not suffice, as a matter of law, to establish that a 'reasonable investigation' took place once a consumer disputes the accuracy of the furnisher's information."  *See id.* 13.  But neither of these statements—or the Court's overall determination—precludes the fair notice affirmative defense at the pleading stage.  *See Fed. Trade. Comm'n v. OMICS Grp. Inc.*, No. 2:16-cv-02022-GMN-VCF, 2017 WL 6806802, at *2 (D. Nev. Dec. 15, 2017) ("The Court's previous ruling on Defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-00024-MWC-DFM                    Date: January 26, 2026

Title:      Consumer Financial Protection Bureau v. Experian Information Solutions

motion to dismiss is not binding on its decision regarding Defendants' Affirmative Defenses."); *Garity v. Donahoe*, No. 2:11-cv-01805-MMD-CWH, 2013 WL 4774761, at *3 (D. Nev. Sept. 4, 2013) ("Although Plaintiff alleges that some [affirmative defenses] were already the subject of motions to dismiss, that alone, is not sufficient to warrant striking them from the Answer.").

Because the Court is evaluating only plausibility rather than certainty, both Plaintiff's and Defendant's theories of the case can coexist at this juncture. The Court repeats its earlier finding that "determining whether a defendant had fair notice of its purported offense requires examination of the facts of the case." *See First Dismissal Order* 12 (citation omitted). Because Defendant has plausibly alleged the fair notice affirmative defense, and the parties have not yet completed discovery, it is premature to strike this defense.

B.      Third Affirmative Defense: Estoppel

Defendant's Amended Answer next includes the affirmative defense of estoppel. "[I]t is well settled that the [g]overnment may not be estopped on the same terms as any other litigant." *See Heckler v. Cmty. Health Servs.*, 467 U.S. 51, 60 (1984). "To estop the United States, the government's conduct supporting the estoppel must include affirmative misconduct, defined to be an affirmative misrepresentation or affirmative concealment of a material fact." *Hoefler v. Babbit*, 952 F. Supp. 1448, 1457 (D. Or. 1996); *see also Spencer Enters., Inc. v. U.S.*, 229 F. Supp. 2d 1025, 1045 (E.D. Cal. 2001) ("A party seeking to estop the government must show that the government engaged in some form of affirmative misconduct beyond negligence . . . ." (internal quotation marks and citation omitted)).

Defendant's estoppel defense hinges on many of the same facts relevant to its fair notice defense. It points to Plaintiff's supervision of Plaintiff and lack of opposition to the practices that it now deems illegal. *See Amended Answer* 33. Defendant also highlights Plaintiff's policy statements during the COVID-19 pandemic which provided that Plaintiff would not "cite in an examination or bring an enforcement action against a consumer reporting agency or furnisher making good faith efforts to investigate disputes as quickly as possible." *See id.* (citation omitted). Defendant notes that Plaintiff reaffirmed that same commitment in November 2020. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-00024-MWC-DFM                    Date: January 26, 2026

Title:        Consumer Financial Protection Bureau v. Experian Information Solutions

Plaintiff argues that "[e]ven if . . . the Bureau has never taken an issue prior to this lawsuit, 'an agency does not waive its right to enforce a statute when it has declined to do so in the past.'"  *See Mot.* 6 (citation omitted).  It also contends that the 2020 policy statements "did not change the applicable law" since these statements were non-binding references to the agency's intent, "not a definite statement that controls the Bureau's future actions and could reasonably be relied upon."  *See id.* 6–7.

Defendant has plausibly alleged an estoppel defense.  With reference to its fair notice defense, Defendant alleges that Plaintiff praised Defendant's practices, which induced it to maintain those practices.  Though Plaintiff argues that Defendant cannot point to a "definite misrepresentation of fact," Defendant's answer is sufficient at this stage. Defendant recounts that Plaintiff lauded its practices—that is at least enough to plausibly allege that Plaintiff made a definite representation that the practices it praised were legal. *See Fed. Trade Comm'n v. Amazon.com, Inc.*, No. 2:23-cv-00932-JHC, 2024 WL 4839389, at *3 (W.D. Wash. Nov. 20, 2024) (referencing allegation that FTC induced Defendant's processes that later formed the basis for prosecution); *see U.S. Secs. and Exch. Comm'n v. Miller*, No. 21-cv-1445 (DSD/ECW), 2024 WL 3565791, at *6 (D. Minn. July 29, 2024) ("While [defendants] have a heavy burden to meet, estoppel is a recognized defense that has been adequately pleaded and is not foreclosed by prior controlling decisions or statutes. [Defendants] should have an opportunity to engage in discovery to determine if they can meet the elements of estoppel and show affirmative misconduct on the part of the government.").  Here, Defendant has sufficiently pled that Plaintiff's act induced Defendant to take action that Plaintiff would later identify as the basis for Defendant's liability.  *See SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995), *aff'd sub nom*, *SEC v. First Pac. Bancorp*, 142 F.3d 1186 (9th Cir. 1998).  Accordingly, the Court will not strike Defendant's estoppel affirmative defense.

C.        Fourth Affirmative Defense: Waiver

Defendant next includes the affirmative defense of waiver.  *See Amended Answer* 34–35.  Incorporating its fair notice and estoppel defenses, Defendant argues that Plaintiff did not oppose—and instead induced—the practices that it now deems illegal.  *See id.* Defendant also refers to Plaintiff's statement during the COVID-19 pandemic as evidence that it would not prosecute untimely investigation of disputes so long as the consumer reporting agency made a good faith effort to conduct those investigations.  *See id.* 35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-00024-MWC-DFM                                Date: January 26, 2026

Title:      Consumer Financial Protection Bureau v. Experian Information Solutions

"Waiver" is the intentional relinquishment of a known right. *United States v. Olano*, 507 U.S. 725, 733 (1993). Waiver is closely related to estoppel. *See Ventures Edge Legal PLLC v. GoDaddy.com LLC*, No. CV-15-02291-PHX-GMS, 2017 WL 1075059, at *3 (D. Ariz. Mar. 22, 2017) (citing *Stanolind Oil & Gas Co. v. Guertzgen*, 100 F.2d 299, 302 (9th Cir. 1938) ("A waiver is defined as the intentional relinquishment of a known right. Where the waiver is predicated on conduct, the elements of an estoppel are almost invariably present.")).

For the same reasons that Defendant has plausibly pled estoppel, it has plausibly pled waiver. Plaintiff repeats the same arguments—that its past supervisory activity does not waive its ability to enforce the law now, and that a non-binding COVID-19 policy statement is insufficient to establish a binding norm. *See Mot.* 8. But the Court is not referencing just Plaintiff's supervision of Defendant. Rather, it is the allegation of Plaintiff's praise of Defendant's actions that plausibly establishes a basis for waiver of Plaintiff's right to prosecute those same actions. *See Sands*, 902 F. Supp. at 1166. Thus, the Court will not strike the waiver affirmative defense.

D.      Fifth Affirmative Defense: Laches

Defendant alleges that the doctrine of laches bars Plaintiff's claims because Plaintiff engaged in affirmative misconduct. *Amended Answer* 35. Defendant cites the same set of facts as in its fair notice, estoppel, and waiver defenses—Plaintiff's "decades-long supervision of Experian and selecting enforcement of the FCRA and CFPA after a decade of supervision." *See id.* Defendant also refers to Plaintiff's unreasonable delay in filing a complaint against Defendant for these actions. *See id.*

"To successfully invoke the defense of laches, an individual must show there was inexcusable delay in the assertion of a known right and that the party asserting laches has been prejudiced." *Trs. for Alaska Laborers Const. Indus. Health and Sec. Fund v. Ferrell*, 812 F.2d 512, 518 (9th Cir. 1987). "The traditional rule is that the doctrine of laches is not available against the government in a suit by it to enforce a public right or protect a public interest." *United States v. Ruby Co.*, 588 F.2d 697, 705 n.10 (9th Cir. 1978). The Supreme Court has also noted that "[w]hen Congress enacts a statute of limitations, it speaks directly to the issue of timeliness and provides a rule for determining whether a claim is timely enough to permit relief." *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328, 334 (2017); *see also Petrella v. Metro-Goldwyn-Mayer, Inc.* 572 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-00024-MWC-DFM                          Date: January 26, 2026

Title:        Consumer Financial Protection Bureau v. Experian Information Solutions

663, 678–79 (2014).  The Court went on to highlight that "[t]he enactment of a statute of limitations necessarily reflects a congressional decision that the timeliness of covered claims is better judged on the basis of a generally hard and fast rule rather than the sort of case-specific judicial determination that occurs when a laches defense is asserted."  *SCA Hygiene Prods.*, 580 U.S. at 334–35.  "Therefore, applying laches within a limitations period specified by Congress would give judges a 'legislation-overriding' role that is beyond the Judiciary's power."  *Id.* at 335.

Because the Court is mindful of its limited role, as a matter of law, it cannot override Congress' determination as to the appropriate timeline to file suit.  Here, the CFPA offers an applicable statute of limitations.  *See* 12 U.S.C. § 5564(g)(1).  Thus, the applicable statute of limitations—an affirmative defense which Defendant raises—controls.  Defendant does not wrestle with the Supreme Court's recent clarification of the law, instead relying on a Seventh Circuit decision from 1992 to argue that the Court should not categorically foreclose a laches defense.  *See Opp.* 13 (citing *Martin v. Consultants & Adm'rs, Inc.*, 966 F.2d 1078, 1091 (7th Cir. 1992)).  Nor does Defendant cite any authority to support its logic that statutes of limitations and laches "serve different purposes."  *See id.*  Without more, the Court cannot contravene clear guidance from the Supreme Court.  Accordingly, the Court must strike Defendant's laches defense.

E.      Sixth Affirmative Defense: Mootness

Lastly, Defendant includes a mootness affirmative defense.  *See Amended Answer* 36.  It avers that "there are various challenged policies, procedures, systems, and practices that are no longer in effect or have been revised."  *See id.*  Plaintiff argues that Defendant has not made it "absolutely clear" that the wrongful behavior is not expected to recur, and that "mere voluntary cessation" is not sufficient to moot the case.  *See Mot.* 10–11.

An action is moot where the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.  *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988) (citations omitted).  "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."  *Id.* (citation omitted).  As long as effective relief may still be available, the controversy remains live and present.  *Id.* at 1245.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-00024-MWC-DFM                        Date: January 26, 2026

Title:        Consumer Financial Protection Bureau v. Experian Information Solutions

At this stage, Defendant's answer is sufficient to plead mootness. It is at least plausible that Defendant could later make absolutely clear that the wrongful behavior will not recur. "Issues of mootness often involve highly individualistic . . . appraisal of the facts of each case to determine if the doctrine applies." *See Alaska Ctr. for Env't v. U.S. Forest Serv.*, 189 F.3d 851, 856 (9th Cir. 1999) (internal quotation marks and citation omitted); *see also All. for the Wild Rockies v. Tidwell*, No. CV 08-89-M-DWM, 2008 WL 11348322, at *2 (D. Mont. Nov. 10, 2008) ("The determination of whether a case should be dismissed on grounds of mootness is a determination which is entirely dependent on the facts of a particular case."). Here, the facts of the case are not sufficiently developed for the Court to bar a mootness defense wholesale. *Cf. Aliser v. SEIU Cal.*, 419 F. Supp. 3d 1161, 1168 (N.D. Cal. 2019). Defendant has plausibly alleged that its activities will not recur— discovery will reveal whether the facts support that allegation. Accordingly, the Court will not strike Defendant's mootness defense.

IV.   Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "[A] district court has broad discretion . . . to deny leave to amend . . . ." *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980). Where an affirmative defense fails as a matter of law, it serves the interests of judicial efficiency to deny leave to amend. *Fed. Trade Comm'n v. John Beck Amazing Profits*, No. 2:09-CV-04719-JHN-CWx, 2010 WL 11459324, at *2 (C.D. Cal. Sept. 15, 2010) (citing *Grason Elec. Co. v. Sacramento Mun. Util. Dist.*, 526 F. Supp. 276, 281 (C.D. Cal. 1981)).

Because Defendant's laches defense fails as a matter of law, leave to amend is inappropriate. There is no amendment that could cure the deficiencies the Court has identified, rendering leave to amend futile. Accordingly, the Court **DENIES** leave to amend.

V.   Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to strike. The Court **STRIKES** Defendant's fifth affirmative defense **WITHOUT LEAVE TO AMEND**. The January 30, 2026, hearing is **VACATED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-00024-MWC-DFM                          Date: January 26, 2026

Title:      Consumer Financial Protection Bureau v. Experian Information Solutions

**IT IS SO ORDERED.**

                                                                                    :

                                                    **Initials of Preparer**    TJ