Max Weinstein, Mass. Bar No. 600982
Email: max.weinstein@cfpb.gov
Admitted *Pro Hac Vice*
Tracy Hilmer, D.C. Bar No. 421219
Email: tracy.hilmer@cfpb.gov
Admitted *Pro Hac Vice*
CONSUMER FINANCIAL
PROTECTION BUREAU
1700 G Street, NW
Washington, DC 20552
Phone: (202) 435-9172 (Weinstein)
Phone: (202) 435-7459 (Hilmer)
Fax: (202) 435-5468

Chung H. Han, Cal. Bar No. 191757
Email: chung.han@usdoj.gov
U.S. ATTORNEY'S OFFICE
300 N. Los Angeles St., Suite 7516
Los Angeles, CA 90012
Phone: (213) 894-0474
Fax: (213) 894-7819

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| Consumer Financial Protection Bureau,  *Plaintiff*,  v.  Experian Information Solutions, Inc.,  *Defendant*. | Case Number: 8:25-cv-00024-MWC-DFM  **DECLARATION OF MAX WEINSTEIN IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER CONTINUING EXPERT, SUMMARY JUDGMENT, AND OTHER CASE DEADLINES** |

I, Max Weinstein, having personal knowledge of the facts set forth below, declare:

1. I am an Enforcement Attorney employed by the Plaintiff, the Consumer Financial Protection Bureau (the "Bureau").

2. I submit this declaration in support of Plaintiff's *Ex Parte* Application for an Order Continuing Expert, Summary Judgment, and Other Deadlines.

3. The Bureau is not at fault in seeking expedited relief. As set forth in my Declaration in Support of Proposed Motion to Continue Expert Discovery, Summary Judgement, and Subsequent Deadlines (Weinstein Decl.), the Bureau proceeded diligently in discovery, *see* Weinstein Decl. ¶¶ 3-22, and I recently learned that the Bureau's expert has expert engagements in other proceedings that conflict with this Court's expert disclosure and discovery deadlines. *Id.* ¶¶ 23-28.

4. The Bureau would be irreparably prejudiced if an extension were not granted on an expedited basis. Plaintiff's expert disclosure deadline is April 3, 2026, just one week after the close of discovery, and the Bureau's expert's trial and arbitration schedule cannot be reconciled with these deadlines. *Id.* The Bureau intends to rely on expert testimony in bringing this case, and will be irreparably prejudiced in its ability to comply with all expert deadlines, engage in expert discovery, and prepare for summary judgment and trial under the current schedule.

5. On March 5, 2026, I notified Defendant's counsel, John Vogt, Matthew Billeci, Richard Grabowski and Ryan Ball of Jones Day, that the Bureau intended to move *ex parte* for a continuance of expert discovery, summary judgment and other case deadlines. I explained that, under the Local Rules, there was insufficient time before expert disclosure are due for the Bureau to pursue a joint stipulation for continuance of the expert, summary judgment and other case deadlines. I further advised counsel of the substance of the Bureau's motion and the date on which the Bureau intended to file.

6. On March 6, 2026, I also advised counsel for Experian that the

Bureau's understanding of Judge Williams Court's Procedures is that Experian will have 24 hours (not including weekend hours) to respond to this *Ex Parte* Application.

7. On March 6, 2026, Counsel for Experian advised that "Experian will not oppose the Bureau's request, provided it also includes a 45-day extension of the fact discovery deadline. Otherwise, Experian intends to oppose the request." The Bureau is not seeking a 45-day (or any) extension of the fact discovery deadline, and so anticipates that Experian intends to oppose this motion.

Dated: March 6, 2026                    Respectfully submitted,

                                        */s/ Max Weinstein*

                                        Max Weinstein
                                        *Consumer Financial Protection Bureau*