# Exhibit A

Max Weinstein, Mass. Bar No. 600982
(Admitted *Pro Hac Vice*)
Email: max.weinstein@cfpb.gov
CONSUMER FINANCIAL
PROTECTION BUREAU
1700 G Street, NW
Washington, DC 20552
Phone: (202) 435-9172
Fax: (202) 435-5468

Colin Hector, Cal. Bar No. 281795
Email: colin.hector@cfpb.gov
CONSUMER FINANCIAL
PROTECTION BUREAU
301 Howard St., Suite 1200
San Francisco, CA 94105
Phone: (681) 326-7093
Fax: (202) 435-5468

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau, <br><br> Plaintiff, <br><br> v. <br><br> Experian Information Solutions, Inc., <br><br> Defendant. | Case No. 8:25-cv-00024-MWC-DFM <br><br> **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO EXPERIAN INFORMATION SOLUTIONS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Consumer Financial Protection Bureau (Bureau), by its undersigned attorneys, requests that Experian Information Solutions, Inc. (Experian), produce the Documents, including Electronically Stored Information, in its possession, custody, or control, as specified below, within 30 days of service, in accordance with Rule 34 and the instructions below.

## INSTRUCTIONS

1. Except as otherwise specified, these Requests require production of all responsive material in existence on or after April 12, 2020.

2. These Requests are continuing, up to and during the course of the trial. Your response to these Requests must be supplemented as you obtain or become aware of additional information affecting any of your responses.

3. If, in responding to these Requests for Production, you encounter any ambiguities when construing a Request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

4. Responsive Documents shall be produced in a format consistent with the parties' attached Specifications for Production of Documents and Electronically Stored Information in this action  (the "ESI Protocol").

5. Whenever you are asked to produce a Document that you wish to assert may be properly withheld from production for inspection or copying, with respect to each Document:

   a. If you are withholding the Document under a claim of privilege (including, but not limited to, the work product doctrine), provide the information set forth in Fed. R. Civ. P. 26(b)(5), including the type of Document, the general subject matter of the Document, the date of the Document, and such other information as is sufficient to Identify the Document, including, where appropriate, the author, addressee, custodian, and any other recipient of the Document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected,

1

will enable the Bureau to assess the applicability of the privilege or protection claimed by you;

    b.  If you are withholding the Document for any reason other than a claim of privilege, an objection that it is beyond the scope of discovery, or that a Request is unduly burdensome, identify your objection as to each Document and, in addition to the information requested in paragraph 5(a) above, state the reason for withholding the Document.

6.  When a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible (or audible in the case of an audio file) on the redacted Document.

7.  The present tense shall be construed to include the past and future tenses, and the past tense shall be construed to include the present and future tenses, in order to bring within the scope of any Request below all information that otherwise might be construed to be outside the scope of such Request.

8.  The singular of each word shall be construed to include its plural, and the plural of each word shall be construed to include its singular, and all forms thereof (e.g., participles and infinitives) shall be construed to include each other in order to bring within the scope of any Request below all information that otherwise might be construed to be outside the scope of such Request.

9.  If there are no Documents responsive to any Request or subparagraph of a Request, provide a written response so stating.

2

10.    To the extent any Document requested below has already been produced to the Bureau by You in the course of the Bureau's Dispute Resolution Examination, or investigation or litigation of this matter, and it was produced in a format consistent with Rule 34 and the ESI Protocol, it need not be produced again, but your response must identify the date on which it was produced, along with its Bates number or range. Any confidentiality designations must be made consistent with the Court's rules and orders, including any protective order entered in this case.

## DEFINITIONS

A. "**Advertisement**" means any statement, illustration, depiction, or promotional material, whether in English or another language, that is designed to effect a sale or create interest in goods or services, regardless of where it appears.

B. "**And**" and "**or**" must be construed both conjunctively and disjunctively.

C. "**Any**" includes "**all**," and "**all**" includes "**any**."

D. "**Applicable Period**" means April 12, 2020 through the present.

E. "**CFPB**" or "**Bureau**" means the Consumer Financial Protection Bureau.

F. "**Consumer**" means an individual or an agent, trustee, or representative acting on behalf of an individual.

G. "**Consumer Report**" is defined to be synonymous in meaning and equal in scope to the usage of the term in 15 U.S.C. § 1681a(d)(1) and includes any written, oral, or other communication of any information by a consumer reporting agency bearing on a Consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the Consumer's eligibility for — (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 15 U.S.C. § 1681b.

H. "**Communication**" means the transmittal of information by any means, including, but not limited to emails, PowerPoint presentations, written reports, letters sent by

3

1   courier or postal mail, faxes, meeting agendas, meeting minutes, text messages,

2   messages sent using Slack, SalesForce, Zoom, Google Voice, Freshservice, or other

3   comparable software and Documents posted to an intranet or extranet.

4   I.  "**Company**" or "**you**" or "**your**" means Experian Information Solutions, Inc., and

5   any successor in interest.

6   J.  "**Dispute Resolution**" means the acceptance, reinvestigation, evaluation, and

7   disposition of a claim by a Consumer that information contained in a file maintained

8   by the Company is inaccurate or incomplete, and any action taken in response to any

9   such claim.  "Dispute Resolution" includes any action taken or activity performed to

10   comply with any provision in 15 U.S.C. § 1681i.

11   K.  "**Dispute Resolution Examination**" means the supervisory examination

12   conducted by the Bureau, beginning onsite in or about February 2021, concerning

13   the Company's Dispute Resolution practices.

14   L.  "**Document**" is defined to be synonymous in meaning and equal in scope to the

15   usage of the term "items" in Fed. R. Civ. P. 34(a)(1) and includes, but is not limited

16   to, any written matter of every type and description, including Electronically Stored

17   Information. "Document" includes any non-identical copy (such as a draft or

18   annotated copy) of another Document.

19   M.  "**Each**" includes "**every**," and "**every**" includes "**each**."

20   N.  "**Electronically Stored Information**," or "**ESI**," means the complete original and

21   any non-identical copy (whether different from the original because of notations,

22   different metadata, or otherwise) of any electronically created or stored information,

23   including but not limited to e-mail, instant messaging, videoconferencing, SMS,

24   MMS, or other text messaging, and other electronic correspondence (whether active,

25   archived, unsent, or in a sent or deleted-items folder), word-processing files,

26   spreadsheets, databases, unorganized data, Document metadata, presentation files,

27   and sound recordings, regardless of how or where the information is stored,

28   including if it is on a mobile device.

4

O. "**Identify**" **or** "**Identity**" means to provide: (a) for natural Persons, their name, title or position, present business affiliation, present business address, e-mail address, and telephone number, or if a present business affiliation or present business address is not known, the last known business address, home address, e-mail address, and telephone number; (b) for businesses or other organizations, the name, address, identities of officers, directors, or managers of the business or organization, and contact Persons with e-mail addresses and telephone numbers, where applicable; and (c) for Documents, the title, date, authors, recipients, Bates numbers, if applicable, type of Document or some other means of identifying the Document, and the present or last known location or custodian.

P. "**Includes**" or "**Including**" means includes but is not limited to, or including but not limited to, respectively.

Q. "**Person**" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

## REQUESTS FOR DOCUMENTS

1. A complete copy of the Consumer Assistance Processing System (CAPS) database, not limited to the Applicable Period, including all fields and other information contained therein. This request may be satisfied by the production of the most recent complete copy of the CAPS database that is held offline, i.e. in cold storage.

2. All ESI corresponding to Automatic Credit Dispute Verifications (ACDV) sent by Experian to furnishers during the Applicable Period.

3. All notices of the results of disputes sent by Experian to Consumers for disputes made during the Applicable Period.

4. All Documents uploaded into the NCAC Imaging System (NIS) during the Applicable Period.

Exhibit A - Page 016

5.  Organizational charts sufficient to show the structure, management, or ownership of the Company, including charts depicting the relationship between the Company and any unincorporated division, joint venture, or affiliate.

6.  Copies of all final versions, updates, amendments, and supplements of the Company's written policies, practices, procedures, system rules, or business rules in effect at any time during the Applicable Period relating to compliance with 15 U.S.C. §§ 1681i(a)(1)(A), (a)(2), (a)(4), (a)(5)(A), (a)(5)(B), (a)(5)(C), (a)(6)(A), or (a)(6)(B), or 1681e(b).

7.  Documents sufficient to show any unwritten policies, practices, procedures, system rules, or business rules in effect at any time during the Applicable Period related to compliance with 15 U.S.C. §§ 1681i(a)(1)(A), (a)(2), (a)(4), (a)(5)(A), (a)(5)(B), (a)(5)(C), (a)(6)(A), or (a)(6)(B), or 1681e(b).

8.  All Documents reflecting any potential policies, practices, procedures, system rules, or business rules discussed or considered but not implemented by the Company relating to 15 U.S.C. §§ 1681i(a)(1)(A), (a)(2), (a)(4), (a)(5)(A), (a)(5)(B), (a)(5)(C), (a)(6)(A), or (a)(6)(B), or 1681e(b) including:

    a.  Documents reflecting the Company's consideration or analysis of factors in deciding whether to implement any such potential policies, practices, procedures, system rules, or business rules, such as their expected cost or expected impact on the accuracy or completeness of Consumer Reports; and

    b.  Documents reflecting the reasons that any such potential policies, practices, procedures, system rules, or business rules were not implemented.

9.  All Documents relating to any substantive change to the Company's policies, practices, procedures, system rules, or business rules identified in Document Requests 6, 7, or 8, including Communications concerning such change.

10. All contracts and other Documents reflecting any agreement between the Company and any independent contractor or other third party with whom the Company contracted for performing activities related to Dispute Resolution.

11. All forms and templates used by the Company in its Communications with or notices to Consumers related to Dispute Resolution, including any forms or templates used to provide the notices required by 15 U.S.C. § 1681i(a)(5)(B)(ii)-(iii) and (a)(6) or any other subsection of 15 U.S.C. § 1681i.

12. All final versions of training materials relating to 15 U.S.C. §§ 1681i(a)(1)(A), (a)(2), (a)(4), (a)(5)(A), (a)(5)(B), (a)(6)(A), and (a)(6)(B) or relating to the Company's policies and procedures to ensure compliance with any of those provisions.

13. All Documents, including internal and external Communications, reflecting any warning, investigation, retraining, discipline, or termination of Company employees or agents for conduct inconsistent with 15 U.S.C. §§ 1681i(a)(1)(A), (a)(2), (a)(4), (a)(5)(A), (a)(5)(B), (a)(6)(A), and (a)(6)(B), or the Company's policies and procedures to ensure compliance with any of the foregoing provisions.

14. All Documents, including internal and external Communications, concerning the following subjects or issues:

    a. Instances in which the Company failed to notify furnishers of disputed information within five business days of receiving notice of Consumers' disputes;

    b. Instances in which the Company failed to provide furnishers with all relevant information regarding Consumers' disputes;

    c. Instances in which the Company deleted Consumers' tradelines without reinvestigation;

    d. Instances in which furnishers' ACDV responses appeared to be inconsistent with documentation supplied by the Consumer or any tradeline or public records information in the Consumer's file maintained by the Company;

    e. Concerns or warnings about the accuracy, reliability, completeness, or credibility of furnished information from any particular furnisher or source;

    f. Instances in which the Company failed to delete inaccurately-listed joint users from Consumers' disputed accounts;

7

g.  Consumer confusion caused by or related to notices the Company sent to the Consumer;

h.  The Company's procedures, practices, and systems to detect and prevent a new furnisher from reinserting information that the Company had previously deleted in response to a Consumer's dispute.

15. Documents (e.g., a log or report), sufficient to show all requests or tickets submitted to the Company's information technology department regarding errors related to Dispute Resolution, including the dates on which each such request was submitted and resolved, the nature of the error, and the Identities of the individuals involved in the submission and resolution of each such request.

16. Documents sufficient to identify and describe the purpose and functionality of any system, platform, or other software used by agents or other personnel to perform manual resolution of disputes submitted by Consumers to the Company, including any user manuals and guidance Documents maintained by the Company for the use of any system, platform, or other software.

17. All regularly generated reports relating to Dispute Resolution generated within the Applicable Period.

18. All Documents containing, discussing, or reflecting the results, findings, or recommendations arising from any formal or informal audit, testing, quality assurance, quality control, report, or review conducted by or for the Company relating to Dispute Resolution, including any Document containing an assessment, finding, or conclusion that the Company may have failed to comply with 15 U.S.C. § 1681i.

19. All Communications between the Company and any furnisher concerning the accuracy, reliability, completeness, or credibility of furnished information, and the Documents related to such Communications.

8

20. All whistleblower or other employee complaints concerning any of the subjects or issues or practices identified in Document Request 14, and Documents reflecting the Company's escalation of, response to, and resolution of such complaints.

21. All Consumer complaints received by the Company, from any source, concerning any of the subjects or issues identified in Document Request 14, and Documents reflecting the Company's escalation of, response to, discussion of, and resolution of such complaints.

22. All Documents containing or reflecting the findings or conclusions of any investigation, administrative proceeding, or litigation conducted by any state or federal governmental agency other than the Bureau, concerning any of the subjects or issues or practices identified in Document Request 14.

23. To the extent not produced in response to other requests, all Documents describing, discussing, analyzing, evaluating, or reviewing the Company's compliance or failure to comply with 15 U.S.C. §§ 1681i(a)(1)(A), (a)(2), (a)(4), (a)(5)(A), (a)(5)(B), (a)(6)(A), or (a)(6)(B), or 1681e(b).

24. All Documents related to the sample files, including the sample files themselves, produced by the Company to the Bureau during the Bureau's investigation related to this litigation, not limited to the Applicable Period.

25. All Documents provided to or received from the Bureau in connection with the Dispute Resolution Examination, not limited to the Applicable Period.

26. All Document retention or destruction policies and procedures, including any policies relating to recording and retaining telephone calls and Electronically Stored Information.

27. All system manuals, user manuals, instructions, directions, guidelines, or policies and procedures concerning the Dispute Center.

28. Documents sufficient to show all materially-different versions of the screens or pages in the Consumer user interface for the Dispute Center, and the dates such screens were shown to consumers, in the order in which they were presented to the

9

Consumer, including all interactive features (e.g., drop-down or other selection boxes or auto-populated fields) made available to Consumers, and all subsequent and sequential screens or pages that are linked in the screens or pages in the Consumer user interface for the Dispute Center.

29. Documents sufficient to show all materially-different versions of the screens or pages in any user interface for the CAPS Platform, All-Inclusive Customer Experience, NCAC Imaging System (NIS), any system used by MCE Agents, the Real-time Event System, or E-OSCAR, in the order in which they were presented to MCE Agents, including all interactive features (e.g., any drop-down or other selection boxes or auto-populated fields) and all subsequent and sequential screens or pages if the screens or pages include a link to other screens or pages, that have been used in conjunction with the Dispute Center.

30. Documents sufficient to show each materially-different version of any Communication or Advertisement, including hyperlinks and each page to which the hyperlink connects or connected and any other interactive features, intended for Consumers which refers to the Dispute Center, and Documents sufficient to show where, how, and when each such Communication or Advertisement was published, including the Uniform Resource Locator at which each page was published.

31. All talk tracks, screens, or scripts maintained by the Company for the purpose of communicating with a Consumer reporting a dispute.

32. Recordings of calls between the Company and Consumers made during the Applicable Period, concerning any of the issues or practices identified in Document Request 14.

33. All Documents, not limited to the Applicable Period, related to the factual basis for the Company's claims that the Bureau discovered or knew about any alleged violations before July 2, 2020, including materials concerning how, when, and from what source the Company claims the Bureau became aware of each such violation.

34. All Documents You provide to or receive from a non-party in connection with this litigation, whether via a Fed. R. Civ. P. 45 subpoena or otherwise.

35. The Documents listed on Your disclosure pursuant to Fed. R. Civ. P. 26(a)(1) and any supplemental disclosures, not limited to the Applicable Period.

36. Any Document on which you intend to rely in this litigation, including in support of any motion, for any hearing, for any expert report or testimony, or at trial, not limited to the Applicable Period.

Dated: June 20, 2025                    Respectfully submitted,

                                        /s/ Max Weinstein
                                        Max Weinstein, Mass. Bar No. 600982
                                        (Admitted *Pro Hac Vice*)
                                        Email: max.weinstein@cfpb.gov
                                        CONSUMER FINANCIAL PROTECTION BUREAU
                                        1700 G Street, NW
                                        Washington, DC 20552
                                        Phone: (202) 435-9172
                                        Fax: (202) 435-5468

Exhibit A - Page 022