Richard J. Grabowski (State Bar No. 125666)
rgrabowski@jonesday.com
John A. Vogt (State Bar No. 198677)
javogt@jonesday.com
Ryan D. Ball (State Bar No. 321773)
rball@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
(T) 949-851-3939
(F) 949-553-7539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 8:25-cv-00024-MWC-DFM<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S OPPOSITION TO CONSUMER FINANCIAL PROTECTION BUREAU'S EX PARTE APPLICATION FOR ORDER CONTINUING EXPERT, SUMMARY JUDGMENT AND OTHER CASE DEADLINES** |

## INTRODUCTION

Experian Information Solutions, Inc. ("EIS") agrees with the Consumer Financial Protection Bureau (the "Bureau") that the deadlines for expert discovery, summary judgment, and the subsequent deadlines in this case should be continued. EIS further agrees that good cause exists for this continuance. But EIS opposes the Bureau's request for a continuance as presented because fails to also include an extension of the fact discovery cut-off. The Court should continue all case deadlines to allow the parties to finalize discovery in an orderly fashion and ensure that no party is unduly prejudiced.

The Bureau's motion concedes that the existing schedule is insufficient for the parties to complete the necessary fact discovery to support expert discovery, yet it only seeks an extension of the latter. This approach is misguided: because the expert discovery and summary judgment deadlines require adjustment to accommodate the processing and analysis of CAPS data, the fact discovery period should likewise be extended to allow for that data's actual production and any related follow-up. Moreover, the Bureau's proposed timeline would introduce an unprecedented 49-day interval between the conclusion of fact discovery and expert disclosures—a significant deviation from both the Court's standard scheduling practices and the parties' prior stipulation, which contemplated only a seven-day gap. There is no justification for requiring the parties to remain inactive for nearly seven weeks due to the Bureau's expert's availability issues. Instead, any modification to the expert discovery deadline should be accompanied by a proportional extension of the fact discovery deadline.

The Bureau is seemingly in agreement. Its motion acknowledges the realities facing the parties: multiple discovery matters remain unresolved, several critical depositions—including the parties' Rule 30(b)(6) designees—have yet to occur, and the parties will need to confer regarding the production of data from EIS's CAPS database. The Bureau further concedes that fact discovery and expert discovery are

"inextricably intertwined" in this case, particularly as it relates to the production of data from the CAPS database. Despite these acknowledgments, the Bureau seeks an asymmetrical continuance—one that extends all deadlines except fact discovery—solely to accommodate its expert witness.

This approach is neither logical nor equitable. A coordinated extension of all case deadlines—including fact discovery—is the better course. Such an approach would permit the parties to finalize discovery in an orderly fashion and ensure adequate time adequate time for the production of the CAPS data. Indeed, this approach aligns with the Court's standard practice and the current case schedule.

Simply put, good cause exists to extend all case deadlines. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) ("'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts"). Accordingly, the Court should grant the Bureau's motion, but extend all case deadlines by a commensurate amount.

## BACKGROUND

As the Bureau acknowledges, fact discovery closes on March 27, 2026, but there are multiple outstanding fact discovery matters that must be completed before then, which is unlikely under the current schedule. This includes producing certain data from the CAPS database, conducting multiple depositions, responding to significant written discovery, and addressing various privilege issues.

### A. The Bureau's Motion to Compel EIS's CAPS Database

As stated by the Bureau, its motion to compel the production of EIS's CAPS database is central to its request for a continuance. As EIS has explained, it will not be able to produce the database until well after the close of fact discovery. Indeed, it will take at least 1,000 employee hours to complete the requested production. ECF No. 115-29. The Bureau recognizes this reality, which is precisely why it seeks additional time for expert disclosures to enable Experian to produce the data and for its expert to review it. But additional time is also needed for Experian to produce the

requested data.

**B. Multiple Depositions Remain to Be Completed**

Several critical depositions remain to be conducted before fact discovery closes. Matthew Farnham's—the product owner of EIS's CAPS database—deposition is scheduled for March 13, 2026.[1] Ball Decl., ¶ 9. The parties' respective Rule 30(b)(6) depositions are scheduled to occur the week of March 23, 2026. *Id.*, ¶¶ 6-8, 10. The parties are presently conferring regarding the scope of those depositions. *Id.*, ¶ 10.

Additionally, EIS requested dates for the deposition of Elda Madrid—the lead supervisor during the Bureau's examination of EIS—from the Bureau. Ball Decl., ¶ 7. Despite repeated requests from EIS, the Bureau has not provided a date for Ms. Madrid's deposition because she is allegedly overseas and unreachable. *Id.* Ms. Madrid's deposition has therefore yet to be confirmed. *Id.*

**C. Written Discovery Propounded by the Bureau**

Substantial written discovery remains outstanding in this case. *Id.*, ¶ 11. The Bureau propounded 479 requests for admission on February 25, 2026, to which EIS is required to respond by March 27, 2026—the same day fact discovery closes. *Id.*, ¶ 12. Additionally, the Bureau propounded its second set of interrogatories and third set of requests for production of documents on February 23, 2026, to which EIS is required to respond by March 25, 2026. *Id.*, ¶ 13. These discovery responses are due at or near the close of fact discovery, leaving no time for the Bureau to review EIS's responses, conduct any necessary follow-up, or address any disputes that may arise from the responses.

**D. Privilege Assertion and Logs Remain Unresolved**

Lastly, the parties are in the process of conferring about the Bureau's privilege

---

[1] The Bureau's contention that "Experian has not identified any witnesses in this case" is incorrect. EIS has identified multiple witnesses, including Matthew Farnham, who the Bureau will be deposing.

assertions and privilege logs. *Id.*, ¶14. These disputes remain unresolved and may require judicial intervention, particularly given the Bureau's indication that they intend to assert certain privilege objections during the Bureau's 30(b)(6) deposition. *Id*. An extension of fact discovery will allow the parties to resolve these disputes and, if necessary, seek appropriate relief from the Court.

## ARGUMENT

The same factors the Bureau cites in support of its motion—diligence, usefulness of the continuance, lack of inconvenience to opposing parties and witnesses, and prejudice from denial—support an extension of fact discovery.

### A. The Parties Have Been Diligent

The parties have diligently litigated this matter. The parties briefed three motions to dismiss filed by EIS, ECF Nos. 24, 33, 47, 71, 79, the last of which was decided on October 22, 2025. ECF No. 103. EIS filed an amended answer to the Bureau's Second Amended Complaint on November 24, 2025, ECF No. 105. The Bureau thereafter filed a motion to strike EIS's affirmative defenses on December 15, 2025, ECF No. 106, which the court decided on January 26, 2026. ECF No. 112. The relevant claims and defenses for purposes of determining the scope of discovery were thus finalized on January 26, 2026. *Tex-V. Co. v. Shein US Servs., LLC*, 2024 WL 1677528, at *1 (C.D. Cal. Mar. 11, 2024) ("[T]he pleaded claims and defenses generally circumscribe the proper scope of discovery.").

Despite these pleadings challenges, the parties have been engaged in discovery for months. EIS responded to the Bureau's first set of discovery requests on August 4, 2025, agreeing to make rolling productions of responsive documents. Ball Decl. at ¶ 2. EIS thereafter made productions on September 24, October 7, October 23, November 18, 2025, and February 6, 2026, producing hundreds of thousands of pages of documents in the process. *Id*. EIS has also responded to the Bureau's first set of interrogatories and second set of requests for production, and is presently in the process of responding to the Bureau's second set of interrogatories and third set

of requests for production. *Id.*, ¶ 3. Additionally, as noted by the Bureau, the parties conferred repeatedly regarding the production of EIS's CAPS database between August and November 2025, but were unable to resolve their dispute. *Id.*, ¶ 4. The Bureau has since filed a motion to compel the production of CAPS, which was granted today by Judge McCormick. Under the order, the parties are required to meet and confer over the next two weeks, and Experian will need more than 1,000 hours of employee time to complete the production. ECF No. 115-29.

EIS also propounded its own written discovery on July 29, 2025. The Bureau served its initial responses to EIS's discovery on September 12, 2025, and has continued to supplement its responses to EIS's discovery as appropriate. Ball Decl. at ¶ 5. The parties have also conferred regarding the Bureau's privilege assertions and privilege log. *Id.*, ¶ 14.

Once pleadings were closed, the parties promptly served deposition notices and subpoenas. *Id.*, ¶¶ 6-10. EIS noticed the deposition of the Bureau's 30(b)(6) witness for March 18, 2026, and is presently conferring with the Bureau on the scope of the deposition topics. *Id.*, ¶¶ 7, 10. EIS also requested deposition dates for Elda Madrid, which the Bureau has yet to provide. *Id.*, ¶ 7.

For its part, the Bureau served a subpoena for the deposition of Matthew Farnham, which will commence on March 13, 2026. *Id.*, ¶ 8. The Bureau also noticed EIS's 30(b)(6) deposition. *Id.*, ¶ 6. The deposition is scheduled to commence on March 25, 2026 and the parties are conferring regarding the scope of the deposition topics. *Id.*, ¶ 10.

As demonstrated above, the parties have engaged in substantial motion practice and discovery to prepare this case for trial. This factor weighs in favor of a continuance of fact discovery.

**B. A Continuance Would be Useful**

The Bureau's motion concedes that the current schedule does not provide adequate time for the parties to complete the necessary fact discovery for the purpose

of conducting expert discovery. Yet, the Bureau seeks only to extend expert discovery. If expert discovery and summary judgment deadlines are extended to allow the parties to obtain, process, and analyze data that may be produced as a result of the motion to compel, it logically follows that fact discovery should also be extended to permit the actual production of that data and any associated follow-up discovery.

More fundamentally, a continuance of the fact discovery, along with the expert and summary judgment deadlines, ensures that the full benefit of an extension is utilized. Under the Bureau's proposal, there would be 49-day period between the close of fact discovery and expert disclosures. This is a drastic departure from the Court's standard case management schedule, as well as the parties' previous agreement, where there was seven days between the close of fact discovery and initial expert disclosures. It makes little sense for the parties to sit idly for 49 days simply because the Bureau's expert has scheduling conflicts. Any extension of the expert discovery deadline should therefore include a commensurate extension to the fact discovery deadline.

**C. A Continuance Would Not Inconvenience Any Party or Witness**

EIS agrees with the Bureau that a continuance would not inconvenience the Bureau, EIS, or any witness. To the contrary, the parties' and witnesses would benefit from a continuance, particularly with respect to preparing for depositions. The parties would benefit from additional time to complete the meet and confer process regarding the proper scope of the their respective 30(b)(6) depositions. A continuance would also allow the parties to schedule Ms. Madrid's deposition, and ensure that they have sufficient time to prepare for her deposition.

**D. EIS Would Be Prejudiced Without a Continuance**

EIS would be severely prejudiced if the fact discovery deadline is not extended. The Bureau is effectively asking the Court to enter an order that ensures that only the Bureau benefits from an extension. Under the Bureau's proposal, the

Bureau's expert would be permitted additional time to review discovery and complete his expert report, but Experian would be deprived of the ability to complete critical outstanding discovery, which could impact its expert's opinion. Rather than granting a continuance that would accommodate only one party and their expert, the Court should grant a continuance of all case deadlines for the benefit of all parties. Doing so would permit the parties to complete discovery in an orderly fashion, while ensuring that the Bureau's expert has sufficient time to prepare his report.

## **CONCLUSION**

For the reasons set forth above, EIS therefore respectfully requests an order continuing the fact discovery cutoff to May 8, 2026 along the continuance of case deadlines requested by the Bureau.

Dated: March 9, 2026

Respectfully submitted,

JONES DAY

By: */s/Richard Grabowski*
Richard Grabowski

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.