Max Weinstein, Mass. Bar No. 600982
Email: max.weinstein@cfpb.gov
Admitted *Pro Hac Vice*
Tracy Hilmer, D.C. Bar No. 421219
Email: tracy.hilmer@cfpb.gov
Admitted *Pro Hac Vice*
CONSUMER FINANCIAL
PROTECTION BUREAU
1700 G Street, NW
Washington, DC 20552
Phone: (202) 435-9172 (Weinstein)
Phone: (202) 435-7459 (Hilmer)
Fax: (202) 435-5468

Chung H. Han, Cal. Bar No. 191757
Email: chung.han@usdoj.gov
U.S. ATTORNEY'S OFFICE
300 N. Los Angeles St., Suite 7516
Los Angeles, CA 90012
Phone: (213) 894-0474
Fax: (213) 894-7819

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau, | Case Number: |
| | 8:25-cv-00024-MWC-DFM |
| Plaintiff, | |
| | **[DISCOVERY MATTER]** |
| | **PROPOSED MOTION FOR A** |
| v. | **PROTECTIVE ORDER RELATING** |
| | **TO DEFENDANT'S RULE 30(B)(6)** |
| | **NOTICE OF DEPOSITION TO** |
| Experian Information Solutions, Inc., | **PLAINTIFF CONSUMER** |
| | **FINANCIAL PROTECTION** |
| Defendant. | **BUREAU** |
| | |
| | Judge: Hon. Douglas F. McCormick |
| | Hearing: March 24, 2026 [Requested] |
| | Time: 10:00 am |
| | Courtroom: 6B |
| | Fact Discovery Cutoff: Mar. 27, 2026 |

**TABLE OF CONTENTS**

A. Improper Contention Topics that Are Overbroad and Cumulative ......................3

B. Overbroad and Improper Supervision and Investigation Topics.......................10

    1. Supervision Topics................................................................................10

    2. Investigation Topics .............................................................................16

C. The Bureau's "Knowledge" of Experian's Processes .........................................18

D. The Bureau's Cares Act Statement and Related Material.................................20

E. Other Improper Topics.........................................................................................22

    1. Topic 9 ..................................................................................................22

    2. Topic 10 ................................................................................................22

    3. Topic 26 ................................................................................................24

    4. Topic 30 ................................................................................................25

F. Topics on which the Bureau Will Provide Testimony .......................................26

CONCLUSION ..........................................................................................................27

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER

# TABLE OF AUTHORITIES

## CASES

*Campidoglio LLC v. Wells Fargo & Co.*,
  870 F.3d 963 (9th Cir. 2017) ...................................................................................15

*CFPB v. 1st All. Lending, LLC*,
  No. 3:21-cv-55 (RNC), 2023 WL 3619478
  (D. Conn. May 24, 2023) ............................................................ 8, 9, 15, 19, 22

*Ecological Rts. Found. v. Hot Line Constr., Inc.*,
  No. EDCV 20-1108-AB (KKx), 2022 WL 3574450
  (C.D. Cal. July 27, 2022) ...................................................................................5, 25

*Faulk v. Gen. Elec. Co.*,
  No. 2:23-CV-05132-MWF-MAA, 2024 WL 5506976
  (C.D. Cal. Dec. 5, 2024) .....................................................................................24

*Faulk v. Gen. Elec. Co.*,
  No. CV 23-05132-MWF (MAAx), 2025 WL 899838
  (C.D. Cal. Mar. 25, 2025) ..................................................................................24

*FDIC v. Jones*,
  No. 2:13-cv-00168-GMN-GWF, 2015 WL 4275961 (D. Nev. July 14, 2015) ....15

*FTC v. Amazon.com, Inc.*,
  No. 2:23-cv-00932-JHC, 2024 WL 3924583 (W.D. Wash. Aug. 22, 2024) .......12

*FTC v. Warner Commc'ns Inc.*,
  742 F.2d 1156 (9th Cir. 1984)...................................................... 15, 20, 22, 23

*In re Grand Jury*,
  23 F.4th 1088 (9th Cir. 2021)................................................ 15, 20, 22, 23, 25

*In re NextCard, Inc. Sec. Litig.*,
  No. C-01-21029-JF(RS), 2003 WL 23142199 (N.D. Cal. Sept. 17, 2003)..........15

*In re Pac. Pictures Corp.*,
  679 F.3d 1121 (9th Cir. 2012)...................................................................17, 20

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*,
  No. 22-md-03047-YGR (PHK), 2025 WL 470482
  (N.D. Cal. Feb. 12, 2025)..................................................................5, 17, 20, 23

*NLRB v. Silver Spur Casino*,
  623 F.2d 571 (9th Cir. 1980)...............................................................................17

iii

*Robinson v. Cnty. of San Bernardino*,
  No. 5:24-cv-01540-SRM-SPx, 2025 WL 3237868
  (C.D. Cal. Sept. 23, 2025)....................................................8, 13, 18, 19, 21, 23, 24

*Schreiber v. Soc'y for Sav. Bancorp, Inc.*,
  11 F.3d 217 (D.C. Cir. 1993) ..................................................................15, 20, 22

*SEC v. Buntrock*,
  217 F.R.D. 441 (N.D. Ill. 2003) ..............................................................17, 20, 23

*Snyder v. Alight Sols. LLC*,
  No. 8:21-cv-00187-CJC-KES, 2022 WL 17185009
  (C.D. Cal. July 23, 2022) ...................................................... 8, 13, 18, 20, 24, 26

*TCL Commc'ns Tech. Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson*,
  No. SACV 14-0341 JVS (DFMx), 2015 WL 13882659
  (C.D. Cal. Nov. 6, 2015)..................................................................................5, 9

*The Icon At Panorama, LLC v. Sw. Reg'l Council of Carpenters*,
  No. 2:19-cv-00181 CBM (MRWx), 2024 WL 2208100
  (C.D. Cal. May 7, 2024)...................................................................................26

*U.S. Equal Emp. Opportunity Comm'n v. Justin Vineyards & Winery LLC*,
  No. CV 22-06039-MRA (RAOx), 2024 WL 5431489
  (C.D. Cal. Dec. 10, 2024) ...................................................... 5, 8, 9, 17, 20, 23, 25

*United States v. AmerisourceBergen Corp.*,
  No. CV 22-5209, 2025 WL 364445 (E.D. Pa. Jan. 31, 2025)..............................12

*United States v. Approximately 64,695 Pounds of Shark Fins*,
  520 F.3d 976 (9th Cir. 2008)............................................................................12

*United States v. City of Los Angeles*,
  No. 2:11-cv-00974-PSG-JC, 2023 WL 6370887
  (C.D. Cal. Aug. 28, 2023) ..................................................................17, 20, 23

*W. Pac. Kraft, Inc. v. Duro Bag Mfg. Co.*,
  No. CV 10-6017 DDP (SS), 2012 WL 12884045
  (C.D. Cal. Aug. 27, 2012)...............................................6, 8, 13, 18, 19, 21, 23, 24

*Watkins v. U.S. Army*,
  875 F.2d 699 (9th Cir. 1989)............................................................................12

*Zaragoza v. Ford Motor Co.*,
  No. CV 22-1959-SSS (PLAx), 2022 WL 22911169 (C.D. Cal. July 7, 2022) ....24

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER

STATUTES

12 U.S.C. § 5564(g)(1) ................................................................... 11, 18, 22

15 U.S.C. § 1681s(d) ...................................................................... 11, 18, 22

RULES

Fed. R. Civ. P. 26(b)(1)...................................................................9, 19, 23

Fed. R. Civ. P. 26(b)(3).........................................................................8, 9

Fed. R. Civ. P. 26(b)(4)............................................................................8

Fed. R. Civ. P. 30(b)(6)...........................................................................13

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER

Plaintiff Consumer Financial Protection Bureau (Bureau) seeks a protective order to limit the scope of its Rule 30(b)(6) testimony pursuant to a deposition notice (Notice) served by Defendant Experian Information Solutions, Inc. (Experian).[1] Experian seeks the Bureau's testimony on March 26, 2026 regarding 28 topics, most of which are improper and lacking the specificity required by Rule 30(b)(6). As a whole, Experian's Notice is facially unreasonable, asking far too much of an individual Rule 30(b)(6) witness. Specifically, Experian's Notice includes ten improper contention topics that are overbroad, unreasonably cumulative, and seek privileged information, and for which the Bureau already meticulously answered similar interrogatories. The Notice further includes six irrelevant and overbroad topics covering over a decade of Bureau supervisory and investigative history and implicating significant privileged material. And the Notice includes multiple other irrelevant, overbroad, and otherwise improper topics, including topics that implicate Bureau privileges without any apparent likelihood of eliciting non-privileged testimony. Despite the Bureau's efforts to confer with Experian and narrow the Notice to conform with the Federal Rules of Civil Procedure and the law in this District, Experian has withdrawn only two of the topics and has refused to meaningfully narrow most others.

During the parties' March 5, 2026 videoconference concerning Experian's Notice, Experian stated it would withdraw Topic 9 and would consider withdrawing Topic 30.[2] At that time, Experian refused to narrow or withdraw any of the remaining 28 topics in response to the Bureau's objections. Instead, counsel

---

[1] Experian served the Notice on February 26, 2026, identifying 30 topics. Hilmer Decl. ¶ 2. A week after the parties' 1.5 hour meet and confer about the original Notice, Experian withdrew Topics 9 and 24 during a March 12, 2026 call in which the Bureau notified Experian that the Bureau would be filing this Proposed Motion. *Id.* ¶ 10; Ex. 7. For purposes of this Proposed Motion, "Notice" means the 28 Topics that Experian has not withdrawn.

[2] To date, however, Experian has not withdrawn Topic 30 but instead withdrew Topic 24.

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER

stated that Experian would expand the scope of certain topics. Experian made clear that it was demanding the Bureau prepare a designee to testify regarding, among other things, hundreds of thousands of disputes and the thousands of documents that related to those disputes, as well as any and every detail relating to the thirteen years of the Bureau's supervision of Experian, as well as any and every detail of the Bureau's three year civil investigation of Experian. Finally, Experian stated that the Bureau must defend its objections (which mirror objections to Experian's similarly worded interrogatories and document requests, and which Experian failed to challenge for nearly six months),[3] and demanded to know whether the Bureau would seek protection from the Court. Mar. 16, 2026 Declaration of Tracy L. Hilmer ("Hilmer Decl.") ¶ 8.

Experian later made several eleventh-hour concessions (described below), but the Notice remains unreasonable. Indeed, the Notice appears to be a thinly veiled, last-ditch effort to shoehorn into a one-day deposition extraordinarily broad topics that the Bureau has already meticulously addressed in written discovery, and to instigate challenges to the Bureau's longstanding objections to Experian's written discovery, which Experian has run out of time to challenge under the Court's fact discovery schedule. Dkt. 41 at 3 n.3 ("Any motions to compel must be filed and heard *before* the discovery cutoff."). Having sat on its hands for nearly six months, Experian has lost its opportunity to challenge these objections, which are stated in the Bureau's Responses and Objections to Experian's First Set of

---

[3] The Bureau served its Responses and Objections to Experian's First Set of Requests for Production of Documents and First Set of Interrogatories on September 12, 2025. The Bureau subsequently supplemented its interrogatory responses on November 13, 2025 and February 9, 2026, but never altered its objections. Experian never raised a challenge to *any* of the Bureau's objections until long after hours on Friday, February 27, 2026—only 28 days before the fact discovery and discovery motion hearing cutoff. Even then, Experian challenged only the Bureau's privilege objections, and none of its other objections, including as to relevance, burden, and proportionality. Hilmer Decl. ¶¶ 4-6; Ex. 3-6.

2

Requests for Production of Documents (Ex. 3) and First Set of Interrogatories (Ex. 4). Experian's attempted use of the Rule 30(b)(6) notice as a device to evade the consequences of its lack of diligence is improper. If the Court nevertheless wishes to entertain a challenge to the Bureau's privilege objections to any discovery request, notwithstanding Experian's utter failure to challenge those objections properly and timely, the Bureau respectfully requests that the Court set an appropriate briefing schedule so that the Bureau can fully defend its privileges.

Nonetheless, in an effort to resolve this matter without Court intervention, the Bureau has committed to produce a witness who is prepared to testify on Topics 11, 18, and 25-29, subject to certain limitations as described in more detail below. Experian has declined this offer, and insists on taking the Bureau's testimony on all 28 topics. *See* Hilmer Decl. ¶¶ 8, 10; Ex. 7. The Bureau therefore seeks a protective order as further set forth below.

**A. Improper Contention Topics that Are Overbroad and Cumulative**

Experian's Topics 1-8, 18, and 25 (Contention Topics) provide:

1. YOUR contention that EIS violated the FCRA or CFPA by inaccurately describing or failing to adequately convey all relevant information to the respective data furnisher(s) in conducting its reinvestigation of a consumer dispute.

2. YOUR contention that EIS violated the FCRA or CFPA by exclusively relying on a data furnisher's ACDV response to reinvestigate a consumer dispute when EIS either possessed information, the consumer submitted documentation, or received an illogical or inconsistent ACDV response from the data furnisher that alerted or should have alerted EIS that the data furnisher was unreliable or that a reinvestigation beyond the data furnisher's ACDV response was necessary.

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER

3. YOUR contention that EIS violated the FCRA or CFPA by failing to provide adequate notice of the results of its reinvestigation to the respective consumer.

4. YOUR contention that EIS violated the FCRA or CFPA by failing to reinvestigate a consumer's dispute of a hard inquiry.

5. YOUR contention that EIS violated the FCRA or CFPA by failing to forward a consumer's dispute to the respective data furnisher(s) within five business days of receiving the dispute.

6. YOUR contention that EIS violated the FCRA or CFPA by failing to initiate or complete a reinvestigation within 30 days of receiving a consumer dispute.

7. YOUR contention that EIS violated the FCRA or CFPA by reporting a tradeline that inaccurately reflected a "joint user" account status.

8. YOUR contention that EIS violated the FCRA or CFPA by failing to prevent the reinsertion of information that was previously deleted from a consumer's credit file following a reinvestigation by EIS prompted by a consumer's dispute.

18. YOUR knowledge of each dispute identified in YOUR responses to EIS's interrogatories, including the specific reasons YOU contend EIS's reinvestigation of those disputes violated the FCRA or CFPA.

25. The basis for YOUR allegations in the COMPLAINT, including the basis for YOUR allegations that EIS violated the FCRA and CFPA.[4]

---

[4] Capitalized terms are defined in the Notice as follows: "YOU" and "YOUR," "refers to Plaintiff Consumer Financial Protection Bureau and any agents, representatives, or other persons acting, or who have acted, on Plaintiff's behalf." "FCRA" "refers to the federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681-1681x." "CFPA" "refers to Consumer Financial Protection Act of 2010 ('CFPA'), 12 U.S.C. §§ 5481 *et seq.*" "COMPLAINT" refers to the Second Amended Complaint filed by Plaintiff in the United States District Court for the Central District of California as Civil Action No. 8:25-cv-00024-MWC-DFM on or

4

Ex. 1, 2.

The Contention Topics seek facially improper contention testimony. *See, e.g.*, *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-md-03047-YGR (PHK), 2025 WL 470482, at *3-4 (N.D. Cal. Feb. 12, 2025) (collecting cases and sustaining state plaintiffs' objections to contention deposition topics stated as "the factual basis for the State's belief that" followed by a different subject matter for each topic) (internal alteration omitted); *TCL Commc'ns Tech. Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson*, No. SACV 14-0341 JVS (DFMx), 2015 WL 13882659, at *6 (C.D. Cal. Nov. 6, 2015) ("Contention questions are more appropriately raised via interrogatory, and it is unfair to make a single Rule 30(b)(6) witness, the representative of the party, attempt a response to questions about the position of the party that usually require entire teams of lawyers and experts to adequately answer."); *see also Ecological Rts. Found. v. Hot Line Constr., Inc.*, No. EDCV 20-1108-AB (KKx), 2022 WL 3574450, at *8 (C.D. Cal. July 27, 2022) ("inquiries seeking legal conclusions . . . should not form the basis for Rule 30(b)(6) deposition topics") (internal quotation marks omitted).

And although Experian stated on March 13, 2026, that it "will amend" Topics 1-8 to "[t]he basis for your contention…" (Ex. 7), that slight amendment, if Experian makes it, does not save Topics 1-8. *See In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 2025 WL 470482, at *3-4; *U.S. Equal Emp. Opportunity Comm'n v. Justin Vineyards & Winery LLC*, No. CV 22-06039-MRA (RAOx), 2024 WL 5431489, at *3-5 (C.D. Cal. Dec. 10, 2024) (granting EEOC motion to quash a 30(b)6) deposition of the EEOC, including finding that topics stated as "[f]actual information and documents that support or rebut" the EEOC's allegations and claims for relief sought "privileged information regarding the decision-making process of the EEOC or compilations of facts by the EEOC's

about August 22, 2025." "EIS" "refers to Defendant Experian Information Solutions, Inc." Ex. 1 at 2.

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER

attorneys"). For this reason alone, the Bureau's motion as to the Contention Topics should be granted.

Further, to the extent that Topics 1-8, even if amended, seek purely factual information, they are unnecessarily cumulative and burdensome. Indeed, the Bureau already responded to interrogatories that were nearly identical to Topics 1-8 and identified the documents on which those responses were based. Ex. 2 at 3-18; *compare* Ex. 4 (Bureau Resp. to Interrog. Nos. 4-11). Experian did not challenge the sufficiency of *any* of the Bureau's interrogatory responses or productions, which included the identification of more than 150,000 disputes and hundreds of associated documents. Hilmer Decl. ¶ 6; Ex. 6. Thus, to the extent that Experian now seeks the Bureau's testimony as to the same factual material, such a request is unnecessarily cumulative, duplicative, and burdensome. *See W. Pac. Kraft, Inc. v. Duro Bag Mfg. Co.*, No. CV 10-6017 DDP (SS), 2012 WL 12884045, at *2 (C.D. Cal. Aug. 27, 2012) (a "court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit").

Topic 18 asks for testimony about the disputes identified in the Bureau's responses to Experian's contention interrogatories and thus overlaps with Contention Topics 1-8. Not only is Topic 18 therefore doubly cumulative, but like Topics 1-8, it purports to require the Bureau's witness to be prepared to testify about an unreasonably large number of individual consumer disputes.

In an effort to reach a compromise on Topics 1-8 and 18, the Bureau proposed to Experian that each party agree to prepare its Rule 30(b)(6) witness to provide factual testimony about a reasonable number of disputes identified by the deposing party at least a week in advance of the deposition. Experian initially refused to provide any such testimony, but has now agreed to prepare its witness to

address up to 10 disputes identified at least a week in advance by the Bureau. *See* Hilmer Decl. ¶¶ 8, 10; Ex. 7. Experian's examination of the Bureau's witness should likewise be limited to a maximum of 10 of the disputes listed in the Bureau's Interrogatory Responses and identified by Experian at least a week in advance of the deposition of the Bureau's witness.[5]

Topic 25, which is also cumulative of the other Contention Topics, purports to require the Bureau to prepare its witness to testify about the allegations contained in all 200 paragraphs of the Bureau's Second Amended Complaint (Dkt. 77) ("SAC"). Many of SAC's paragraphs describe specifically Experian's handling of consumer disputes that the Bureau contends violated FCRA and the CFPA. Through its responses to Experian's contention interrogatories, the Bureau has already identified disputes that illustrate those allegations. *Compare, e.g.*, Dkt. 77 ¶¶ 40-46; 53-68; 69-86; 87-94 *with* Ex. 4 (Resp. to Interrog. Nos. 4(a)-(d); 5(a)-(c); 6(a) and (b); and 11, respectively). Therefore, Experian's Topic 25 also covers much of the same factual material as the Bureau's responses to Experian's contention interrogatories. Given the cumulative nature of Topic 25, and because it would be impossible for a single witness to prepare for questions about each and every paragraph in the SAC, the Bureau proposed that Experian identify specific paragraphs about which it wanted testimony. Experian refused to discuss any limitation of the topic during the March 5 conference and still refuses any reasonable limitation on it. Hilmer Decl. ¶¶ 8, 10; Ex. 7. Thus, this Topic, too, fails

---

[5] During the March 12 meet and confer, Experian offered to limit Topic 18 to 15-20 pre-identified disputes. Ex. 7. In the Bureau's view, 15-20 disputes is still unreasonable, given the number of documents that may be associated with a single dispute. And Experian apparently agrees, since it refuses to prepare its own witness for more than 10 pre-identified disputes. *Id.* Moreover, Experian has said it wants to inquire about at least one dispute in each of the subcategories listed in the Bureau's Interrogatory Responses. *Id.* There are 10 dispute subcategories in the Bureau's Interrogatory Responses: Nos. 4(a)-(d); 5(a)-(c); 6(a) and (b); and 11. Ex. 4. Therefore, 10 pre-identified disputes per side should satisfy the parties' needs.

to provide the "reasonable particularity" required by Rule 30(b)(6). *See Robinson v. Cnty. of San Bernardino*, No. 5:24-cv-01540-SRM-SPx, 2025 WL 3237868, at *3 (C.D. Cal. Sept. 23, 2025) ("For a Rule 30(b)(6) deposition to proceed properly the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are to be questioned, and that are relevant to the issues in dispute.") (internal quotation marks omitted); *Snyder v. Alight Sols. LLC*, No. 8:21-cv-00187-CJC-KES, 2022 WL 17185009, at *2 (C.D. Cal. July 23, 2022) ("A party who notices a Rule 30(b)(6) deposition should apply fairness and reasonableness to the scope of the matters that the witness is required to testify about."); *W. Pac. Kraft*, 2012 WL 12884045, at *4 ("Rule 30(b)(6) witnesses must be prepared and knowledgeable, but they need not be subjected to a memory contest.") (internal quotation marks omitted).

Further, even contention topics that seek factual information are improper if they seek information that is protected from disclosure by one or more privileges. *See* Fed. R. Civ. P. 26(b)(3), (4) (generally protecting from discovery materials prepared in anticipation of litigation, including certain materials relating to a testifying expert); *see also, e.g.*, *Justin Vineyards & Winery LLC*, 2024 WL 5431489, at *3-6 (granting EEOC motion to quash a 30(b)6) deposition of the EEOC, including finding that topics stated as "[f]actual information and documents that support or rebut" the EEOC's allegations and claims for relief sought "privileged information regarding the decision-making process of the EEOC or compilations of facts by the EEOC's attorneys"); *CFPB v. 1st All. Lending, LLC*, No. 3:21-cv-55 (RNC), 2023 WL 3619478, at *2-3 (D. Conn. May 24, 2023) (issuing a protective order to preclude the Bureau's 30(b)(6) deposition, where the topics implicated the work product privilege and "the CFPB, as a federal law enforcement agency, compiles and relies on testimony and documents from third parties, and from Defendants themselves, who have independent knowledge of the facts in this case").

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER

As drafted, and even if Topics 1-8 are amended, the Contention Topics would cover significant privileged material, such as internal agency deliberations and analyses, attorney-client communications, attorney work product, and other privileged material. *See* Fed. R. Civ. P. 26(b)(3) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative"). If Experian is seeking the legal basis for the Bureau's contentions under its slight amendment to Topics 1-8, such an inquiry would improperly invade the Bureau's privileges. *See Justin Vineyards & Winery*, 2024 WL 5431489, at *3-6; *TCL Commc'ns Tech. Holdings*, 2015 WL 13882659, at *6. And in any event, the Bureau's internal legal opinions are irrelevant; it is the Court that must decide whether or not Experian's consumer dispute handling practices do or don't meet FCRA's requirements.

Likewise, Experian's request in Topic 18 for the Bureau's "knowledge" of the disputes identified in its interrogatory responses potentially invades the Bureau's privileges cited above. Moreover, the "knowledge" of the disputes is not an element of any claim or defense in this action, and therefore is not relevant and beyond the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). Further, the Bureau does not have independent "knowledge" of the disputes in question, since the dispute records are Experian's, not the Bureau's. *See 1st All. Lending*, 2023 WL 3619478, at *3.[6] Thus, this aspect of Topic 18 is improper, even if limited to a smaller number of disputes.

In sum, Experian should be prohibited from seeking the Bureau's deposition testimony on the Contention Topics 1-8; Experian's inquiry under Topic 18 should be limited to non-privileged material concerning a maximum of 10 disputes listed

---

[6] To the extent that Experian's use of the word "knowledge" is intended to seek information relevant to its statute of limitations defense, Topic 18 would be cumulative of other topics on this point and, as described in more detail below, irrelevant in light of the Bureau's proposed stipulations regarding the statute of limitations.

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER

in the Bureau's Interrogatory Responses and identified a week in advance of the deposition; and Topic 25 should be limited to non-privileged material relating to a reasonable number of paragraphs in the SAC.

**B. Overbroad and Improper Supervision and Investigation Topics**

**1. Supervision Topics**

Experian's Topics 12 and 14-16 seek information related to the Bureau's supervision of Experian (Supervision Topics). The topics provide:

12. YOUR supervision of EIS's dispute handling practices prior to the filing of this ACTION, including but not limited to, the supervision reflected in EXP-CFPB-Litigation_00268157, EXP-CFPB-Litigation_00268186, EXP-CFPB-Litigation_00268120, EXP-CFPB-Litigation_00268178, EXP-CFPB-Litigation_00268167, EXP-CFPB-Litigation_00268154, EXP-CFPB-Litigation_00268120, EXP-CFPB-Litigation_00268141, EXP-CFPB-Litigation_00268152, and EXP-CFPB-Litigation_00268147.[7]

14. YOUR supervisory examination of EIS that commenced on February 1, 2021.

15. YOUR March 4, 2021 Potential Action and Request for Response ("PARR") Letter.[8]

16. YOUR Supervisory Division's referral of its supervisory examination to the Enforcement Division.

Ex. 1, 2. The bates-numbered documents listed in Topic 12 are draft or final communications between the Bureau and Experian dating from September 2013 to March 2016. Hilmer Decl. ¶ 13.

The Supervision Topics are improper for several reason. First, the Supervision Topics are overbroad and not relevant to any claim or defense. The

---

[7] As defined in the Notice, "ACTION" means the above-captioned matter. Ex. 1 at 3.

[8] The Bureau notes that the referenced PARR letter is actually dated May 4, 2021.

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER

Bureau's claims here do not rely on any supervisory analyses or findings. *See Id.* ¶ 14. Nor are these topics clearly relevant to Experian's affirmative defenses, as further explained below.

With respect to Experian's statute of limitations defense, the Bureau is prepared to stipulate that, for Counts I-IV and VIII-XII in the SAC, it seeks relief only for violations of law arising from consumer disputes submitted to Experian: (a) on or after January 7, 2022, and (b) during any earlier period of time on or after July 2, 2020 during which it is determined that the statute of limitations was suspended. *See Id.* ¶ 15; Ex. 8 (Proposed Stip. No. 1); *see also* 12 U.S.C. § 5564(g)(1); 15 U.S.C. § 1681s(d).[9] Thus, discovery into when the Bureau learned of the violations it alleges in those claims is not relevant to Experian's statute of limitations defense.[10]

As for Experian's fair notice, estoppel, and waiver defenses, to the extent that the Supervision Topics seek testimony on Bureau internal documents and communications, such documents and communications are not relevant. For example, Experian's fair notice defense asserts, "Plaintiff never informed Experian during its supervision that its dispute handling policies, procedures, systems, and practices ran afoul of the FCRA." Dkt. 105 at 31:26-28. Indeed, a fair notice defense must focus on notice *to the defendant*; the Bureau's internal documents

---

[9] The relevant statute of limitations provides that an action must be brought within "3 years after the date of discovery of the violation to which an action relates," 12 U.S.C. § 5564(g)(1). The Bureau cannot discover a violation until it occurs. *See* Dkt. 33 at 5. Any disputes submitted to Experian within the three years before the Bureau filed its complaint on January 7, 2025, unequivocally fall within that limitations period. In addition, the parties entered tolling agreements that, if valid, would mean any disputes submitted on or after July 2, 2020 fall within the limitations period. SAC, Dkt. 77 ¶¶ 107-24; Dkt. 102.

[10] As for Counts V, VI, and VII, the Bureau seeks relief only for disputes submitted after January 1, 2018. Hilmer Decl. ¶ 15; Ex. 8 (Proposed Stip. Nos. 2-4). Regardless, and for the reasons stated in this Section, the Supervision Topics are overbroad, unduly burdensome, and disproportionate to the needs of the case.

11

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER

and communications are irrelevant to that inquiry. *See United States v. Approximately 64,695 Pounds of Shark Fins*, 520 F.3d 976, 980 (9th Cir. 2008) ("Due process requires that an agency provide fair notice of what conduct is prohibited before a sanction can be imposed") (internal quotation marks omitted); *FTC v. Amazon.com, Inc.*, No. 2:23-cv-00932-JHC, 2024 WL 3924583, at *4-5 (W.D. Wash. Aug. 22, 2024) (denying defendants' motion to compel internal FTC documents, which were not relevant to defendants' fair notice affirmative defense). Similarly, with respect to Experian's estoppel defense, Experian has not explained how it could have relied on internal Bureau communications or documents to which it was not privy. *See Watkins v. U.S. Army*, 875 F.2d 699, 709 (9th Cir. 1989) (party asserting estoppel must rely on the conduct of the party to be estopped to his injury); *United States v. AmerisourceBergen Corp.*, No. CV 22-5209, 2025 WL 364445, at *1, 5 (E.D. Pa. Jan. 31, 2025) (holding that internal communications reflecting the unofficial views of DEA personnel were not relevant, including to defendant's affirmative defense of estoppel, where the defendant failed to explain how it could have relied on private statements it was never privy to and the government already agreed to produce communications to the defendant and outside entities). As for Experian's waiver defense, Experian alleges that the Bureau "supervised Experian for more than a decade regarding its compliance with the FCRA . . . But Plaintiff did not oppose the practices it now alleges violated the FCRA and CFPA." Dkt. 105 at 34:23-24, 34:26-35:1. And Experian bases its waiver defense on allegations that the CFPB waived certain violations through public statements. Dkt. 105 at 35:3-17. By Experian's own admission, what is relevant to its waiver defense is what the Bureau communicated to Experian or the public, not the Bureau's internal communications and deliberations. Thus, the Bureau's internal supervisory communications, work papers, and analyses are not relevant to Experian's defenses.

Second, to the extent that Experian's fair notice, estoppel, and waiver defenses seek to rely on publicly available materials or communications between the Bureau and Experian, these topics are overbroad, unduly burdensome, and disproportionate to the needs of the case because Experian has failed to describe with reasonable particularity the areas that it seeks to cover in the deposition.

As originally written, Topic 12 identifies a non-exclusive list of supervisory communications between the Bureau and Experian dating back to 2013, implicating more than a decade of supervisory activity. On March 12, Experian suggested that it would limit Topic 12 to the nine listed supervisory communications identified.[11] Ex. 7. But Experian's modification does not make the documents identified relevant and would do little to reduce the topic's burden. It is patently unreasonable and disproportionate to ask the Bureau's Rule 30(b)(6) witness to review thousands of pages of documentary material relating to the identified list of supervisory communications. Especially so because these materials have no apparent connection to the matters at issue in this litigation. And as written, Topic 12 also would require the Bureau to prepare a witness to testify at length, not about facts, but about the processes, procedures, communications, and decisions appurtenant to its supervision of Experian. Topic 12 is precisely the sort of memory test that is prohibited. *See Snyder*, 2022 WL 17185009, at *2; *W. Pac. Kraft*, 2012 WL 12884045, at *4; *see also* Fed. R. Civ. P. 30(b)(6); *see also Robinson*, 2025 WL 3237868, at *3.

To the extent Experian simply wants the Bureau to authenticate the nine identified documents under Fed. R. Evid. 803(6) and 901, the Bureau would be willing to provide such testimony or a stipulation as to documents it can authenticate.[12] The Bureau has also offered to stipulate, for purposes of this action,

---

[11] Document EXP-CFPB-Litigation-00268120 is listed twice.

[12] Certain of the documents appear to be non-final versions of documents drafted by Experian. The Bureau obviously could not authenticate such items without evidence they actually were received by the Bureau.

13

that "the Bureau does not contest that it has conducted supervisory examinations of Defendant between July 21, 2011 and July 1, 2020, and that certain of these examinations related to Defendant's consumer dispute handling policies, practices, and procedures." Ex. 8 (Proposed Stip. No. 5). This stipulation should satisfy any evidentiary need Experian has in this litigation for information about its supervisory history with the Bureau.

Topics 14-16 appear to focus on one examination, but that examination alone involved nearly a thousand documents, multiple Bureau examiners and other personnel, and multiple meetings occurring across several months. Moreover, the examination in question began on February 1, 2021, and thus has no relevance to Experian's statute of limitations defense to *any* of the Bureau's claims, given the Bureau's Proposed Stipulation Nos. 1-4. Ex. 8.[13] And since the Bureau is not relying in this action on any supervisory findings or analyses, that examination has no conceivable relevance to this litigation. The Bureau objected on grounds of irrelevance, burden, and disproportionality to similarly phrased document requests and interrogatories, which Experian has never challenged. Hilmer Decl. ¶ 5; Ex. 3 (Resp. to RFP Nos. 35 and 36); Ex. 4 (Resp. to Interrog. No. 16). And Experian still has not articulated how the February 2021 examination could be relevant to

---

[13] As explained in Note 9 above, the Bureau will stipulate that its actionable claims for Counts I-IV and VIII-XII are limited to disputes submitted to Experian during the 3-year period provided by 12 U.S.C. § 5564(g)(1), as extended by any tolling agreements held valid. Because the Bureau could not "discover" such disputes before they occurred, nothing that happened before or during the February 2021 examination has any bearing on the limitations period for these Counts. And since the earliest date for the violations alleged in Counts V-VII is January 1, 2018, documents dating from 2013-16 obviously have no relevance to the timeliness of those claims because, again, the Bureau could not discover those violations before 2018 at the earliest. Moreover, the Bureau is not contesting its discovery of those violations *after* the February 2021 examination commenced. SAC, Dkt. 77 ¶107. Thus, the February 2021 examination is totally irrelevant to Experian's statute of limitations defense, and the Court should deny Experian's proposed fishing expedition into that examination.

14

*any* claim or defense. Instead, Topics 14-16 represent an attempted fishing expedition into the Bureau's confidential examination materials that have no bearing on the outcome of any issue in this case.

Finally, to the extent Experian's Supervision Topics seek testimony about the Bureau's internal communications, deliberations, or analyses relating to supervisory activity, they would implicate information protected by the attorney-client privilege, deliberative process privilege, and bank examination privilege, and the attorney work product protection. *See In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021) ("The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice."); *Schreiber v. Soc'y for Sav. Bancorp, Inc.*, 11 F.3d 217, 220 (D.C. Cir. 1993) (noting that the bank examination privilege protects "agency opinions and recommendations from disclosure; purely factual material falls outside the privilege")[14]; *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (the deliberative process privilege applies when material is "predecisional—it must have been generated before the adoption of an agency's policy or decision," and "deliberative in nature, containing opinions, recommendations, or advice about agency policies"); *1st All. Lending*, 2023 WL 3619478, at *2-3. Once again, the Bureau raised precisely these objections (as well as relevance, burden, and disproportionality objections) in its September 12, 2025 responses to Experian's written discovery requests for virtually the same

---

[14] Although the Ninth Circuit has not yet defined the contours of the bank examination privilege in this circuit, *see Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 976 n.5 (9th Cir. 2017), courts in this circuit have noted that the privilege is one that "has long been recognized by federal courts." *FDIC v. Jones*, No. 2:13-cv-00168-GMN-GWF, 2015 WL 4275961, at *1 (D. Nev. July 14, 2015); *see also In re NextCard, Inc. Sec. Litig.*, No. C-01-21029-JF(RS), 2003 WL 23142199, at *4 (N.D. Cal. Sept. 17, 2003) ("A bank examiner's report is protected by a qualified privilege.").

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER

information, and Experian waited too long to challenge them. *See, e.g.*, Ex. 3 at 48-50 (Bureau Resp. to RFP Nos. 35 and 36); Ex. 4 at 46-47 (Bureau Resp. to Interrog. No. 16).[15]

**2. Investigation Topics**

Experian's Topics 13 and 17 relate to the Bureau's pre-suit investigation of Experian (Investigation Topics) and provide:

13. YOUR investigations of EIS's dispute handling practices prior to the filing of this Action.

17. YOUR Enforcement Division's investigation of EIS, including, but not limited to, each Civil Investigative Demand ("CID") issued by the Bureau, produced herewith at CFPB-EXP-00003648, CFPB-EXP-00003715, CFPB-EXP-00003769, CFPB-EXP-00001165, CFPB-EXP-00003835, CFPB-EXP-00001390, CFPB-EXP-00003908, CFPB-EXP-00002120, and CFPB-EXP-00002488, as well as EIS's responses to each CID and related correspondence.

Ex. 1, 2.

Other than material Experian produced to the Bureau during the investigation, the Investigation Topics primarily implicate internal Bureau communications, investigation strategy, analysis, and deliberations, which are protected by attorney client privilege and attorney work product protection, as well as materials protected by the law enforcement privilege and, for materials shared with the Bureau's state law enforcement partners, the common interest privilege. *See In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 2025 WL

---

[15] Experian has informed the Bureau that it intends to notice the deposition of Elda Madrid, the Bureau's field manager for the February 2021 examination. For the same reasons that the Court should bar Experian from obtaining Rule 30(b)(6) testimony on the Supervisory Topics, the Court should also preclude Experian from seeking such testimony from individual Bureau witnesses, if Experian does ultimately notice those depositions.

470482, at *8 (sustaining states' objection to 30(b)(6) topic stated as, "[t]he State's activity related to bringing this lawsuit, including . . . timing, procedures, decision making process, and approval for filing the Complaint," on the grounds of attorney-client and work product objections); *Justin Vineyards & Winery LLC*, 2024 WL 5431489, at *2-3 (sustaining objections to deposition topics about the EEOC's investigation of defendants and resulting conclusions supporting its determination of violations where the topics were cumulative to discovery already provided, likely encompassed privileged materials, and defendants did not show what non-privileged and relevant information they could solicit through deposition that they did not already have); *SEC v. Buntrock*, 217 F.R.D. 441, 444-45 (N.D. Ill. 2003) (Rule 30(b)(6) notice seeking testimony on the results of a government investigation "is an inappropriate attempt to depose opposing counsel and to delve into the theories and opinions of SEC attorneys" and finding that "the notice seeks, if not the deposition of opposing counsel, then the practical equivalent thereof"); *see also United States v. City of Los Angeles*, No. 2:11-cv-00974-PSG-JC, 2023 WL 6370887, at *8 (C.D. Cal. Aug. 28, 2023) (the law enforcement/investigative privilege "is a qualified privilege preserving the confidentiality of investigative files . . . [and] encompasses informal deliberations of prosecutorial agencies and branches of government") (citing *NLRB v. Silver Spur Casino*, 623 F.2d 571, 580 (9th Cir. 1980)); *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012) (the "common interest" rule is "an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other").

Further, the Investigation Topics are overbroad, unduly burdensome, disproportionate to the needs of the case, and implicate irrelevant materials. The topics seek the Bureau's testimony on a multi-year investigation involving tens of thousands of documents produced by Experian and related communications. As such, the Investigation Topics fail Rule 30(b)(6)'s "reasonable particularity"

17

requirement and constitute an impermissible "memory contest." *W. Pac. Kraft*, 2012 WL 12884045, at \*4; *see also Robinson*, 2025 WL 3237868, at \*3; *Snyder*, 2022 WL 17185009, at \*2.

Finally, to the extent that Experian noticed the Investigation Topics to elicit testimony related to its statute of limitations defense, the Bureau, as noted, is prepared to stipulate that, for Counts I-IV and VIII-XIII in the SAC, it seeks relief only for violations of law arising from consumer disputes submitted to Experian: (a) on or after January 7, 2022, and (b) during any earlier period of time on or after July 2, 2020 during which it is determined that the statute of limitations was suspended. *See* Hilmer Decl. ¶ 15; Ex. 8; *see also* 12 U.S.C. § 5564(g)(1); 15 U.S.C. § 1681s(d). Thus, discovery into when the Bureau learned of the violations it alleges in those claims is not relevant to Experian's statute of limitations defense.[16] And the Bureau has already agreed to testify on Topic 11, which relates to the parties' tolling arguments.

Experian should be prohibited from seeking the Bureau's deposition testimony on the Supervision and Investigation Topics.

## C. The Bureau's "Knowledge" of Experian's Processes

Topics 19-21 provide:

19. YOUR knowledge of Automated Credit Dispute Verification forms ("ACDV") and how ACDVs are utilized by EIS in reinvestigating consumer disputes.

20. YOUR knowledge of E-OSCAR and how E-OSCAR is utilized by EIS in reinvestigating consumer disputes.

21. YOUR Knowledge of EIS's Online Dispute Center.

---

[16] As also noted above, for Counts V, VI, and VII, the Bureau seeks relief only for periods after January 1, 2018, as the Bureau is prepared to stipulate. *See* Hilmer Decl. ¶ 15; Ex. 8 (Proposed Stip. Nos. 2-4). Regardless, and for the reasons stated in this Section, the Investigation Topics are overbroad, unduly burdensome, and disproportionate to the needs of the case.

18

The Bureau's "knowledge" of the credit reporting industry's internal processes and systems, and how Experian utilizes them, is not an element of any claim or defense in this action, and therefore is not relevant and beyond the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). Moreover, the Bureau does not have independent knowledge of these processes and systems. *See 1st All. Lending*, 2023 WL 3619478, at *3.

Further, Topics 19-21 are overbroad and unduly burdensome. As Experian's counsel explained during the March 5 meet and confer, Hilmer Decl. ¶ 8, Topics 19-21 seek testimony of the Bureau's knowledge about ACDV forms and E-OSCAR—forms and systems that the Bureau did not create—and how not only Experian, but the entire credit reporting industry, utilizes ACDV forms and E-OSCAR.[17] Similarly, Topic 21 purports to seek the Bureau's testimony of its knowledge of Experian's online dispute center, without any limitation. Experian is asking the Bureau's witness to, in essence, become an expert witness not only on Experian's dispute forms and practices, but that of the *entire* industry. This is plainly too much to ask of a Rule 30(b)(6) designee. As such, Topics 19-21 fail Rule 30(b)(6)'s "reasonable particularity" requirement and constitute an impermissible "memory contest." *W. Pac. Kraft*, 2012 WL 12884045, at *4; *see also Robinson*, 2025 WL 3237868, at *3. Alternatively, Experian is purporting to

---

[17] In an effort to resolve the dispute about these Topics, the Bureau has offered Experian stipulations that should obviate the need for Rule 30(b)(6) testimony on these issues. Hilmer Decl. ¶ 15; Ex. 8 (Proposed Stip. Nos. 7(a)-(g)). On March 13, Experian indicated that "there may be a workable framework through stipulation" for addressing Topics 19-21, and as an alternative, Experian may be willing to limit the testimony on Topics 19-21 to Experian's use of the identified form and systems. Ex. 7. But to date, Experian has not agreed to the Bureau's proposed stipulations on Topics 19-21. *Id.* And even if Experian were to agree to limit Topics 19-21 to Experian's use, the topics are still improper for the reasons set forth in this Section, including because Experian would still be seeking the Bureau's testimony on Experian's use of the referenced form and systems without any other limitation, which plainly exceeds the scope of the claims and defenses in this matter.

19

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER

require the Bureau's designee to provide expert opinions, which is also improper, unfair and unreasonable. *Snyder*, 2022 WL 17185009, at *2.

Further, inquiry into the Bureau's "knowledge" of these processes and systems implicates numerous privileges, including the attorney-client privilege, attorney work product doctrine, deliberative process privilege, law enforcement investigatory privilege, bank examination privilege, Trial-Preparation Protection under Federal Rule 26(b)(3) and (4), and common interest privilege. *See, e.g.*, *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 2025 WL 470482, at *8; *Justin Vineyards & Winery*, 2024 WL 5431489, at *2-3; *Buntrock*, 217 F.R.D. at 444-45; *see also In re Grand Jury*, 23 F.4th at 1091; *In re Pac. Pictures*, 679 F.3d at 1129; *Schreiber*, 11 F.3d at 220; *Warner Commc'ns*, 742 F.2d at 1161; *City of Los Angeles*, 2023 WL 6370887, at *8.

For all these reasons, Experian should be prohibited from seeking the Bureau's deposition testimony on Topics 19-21.

**D. The Bureau's Cares Act Statement and Related Material**

Topics 22-23 provide:

22. YOUR CARES ACT STATEMENT.

23. YOUR NATIONAL CONSUMER LAW CENTER CORRESPONDENCE.[18]

---

[18] As defined in the Notice, "CARES ACT STATEMENT" "refers to The Bureau's Statement on Supervisory and Enforcement Practices Regarding the Fair Credit Reporting Act and Regulation V in Light of the CARES Act, dated April 1, 2020, which is publicly available on the Bureau's website at https://www.consumerfinance.gov/compliance/supervisory-guidance/statement-fair-credit-reporting-act-regulation-v-cares-act/, and produced herewith at EXP-CFPB-Litigation_00267879." Further, "NATIONAL CONSUMER LAW CENTER CORRESPONDENCE" "refers to the Bureau's November 9, 2020 response letter to National Consumer Law Center's Ms. Chi Chi Wu's September 24, 2020 letter regarding the Bureau's April 1, 2020 policy statement, produced herein at EXP-CFPB-Litigation_00267882." Ex. 1 at 3.

20

Ex. 1, 2.[19]

The Bureau's position is that these documents are irrelevant to this litigation. In any event, the documents speak for themselves, and the Bureau has already provided the website link to the Bureau's Cares Act statement and related publicly available information to Experian on September 12, 2025. *See* Ex. 3 (Bureau Resp. to Interrog. Nos. 3 (Items 2, 3, 26-29), 17). Further, the National Consumer Law Center correspondence is publicly available.[20]

To the extent that Experian seeks the Bureau's testimony about internal Bureau material relating to the Cares Act statement and the referenced correspondence with the National Consumer Law Center, such material is not relevant to any defense because, as stated above, Experian cannot possibly have relied upon information or documents of which it was unaware. Because Experian has agreed to withdraw Topic 24, the Bureau understands that Topics 22-23 are limited to the expressly referenced documents (which, again, speak for themselves). To the extent Experian still intends to ask about any other documents, the Bureau objects that such an inquiry would be unreasonably overbroad, unduly burdensome, and disproportional to the needs of the case, in that they fail to provide the "reasonable particularity" required by Rule 30(b)(6). *See, e.g.*, *Robinson*, 2025 WL 3237868, at *3; *W. Pac. Kraft*, 2012 WL 12884045, at *4.

---

[19] During the March 12 conference, Experian agreed to withdraw Topic 24, which sought "DOCUMENTS and COMMUNICATIONS related to YOUR CARES ACT STATEMENT AND NATIONAL CONSUMER LAW CENTER CORRESPONDENCE," and which the Bureau had objected to on numerous grounds. *See* Ex. 2 at 36-37; Ex.7.

[20] *See* September 24, 2020 letter to Director Kraninger from NCLC et al., https://www.nclc.org/wp-content/uploads/2022/08/Letter-to-CFPB-urging-revocation-of-extra-time-for-disputes.pdf; March 25, 2021 letter to Acting Director Uejio, https://www.nclc.org/wp-content/uploads/2022/08/CFPB_Followup_Revoke_Dispute_Time-1.pdf.

21

Finally, to the extent Topics 22-23 seek testimony about the Bureau's internal communications and deliberations with respect to the two expressly referenced documents, such information would implicate one or more Bureau privileges, including the attorney-client privilege, the deliberative process privilege and bank examination privileges, and the attorney work product protection. *See In re Grand Jury*, 23 F.4th at 1091; *Schreiber*, 11 F.3d at 220; *Warner Commc'ns*, 742 F.2d at 1161; *1st All. Lending*, 2023 WL 3619478, at *2-3. Indeed, these Topics appear to seek the same internal information that Experian previously requested in Interrogatory and Document Requests, which the Bureau objected to as irrelevant and privileged, among other things, and Experian chose not to challenge. *See* Ex. 3 at 54-56 (Bureau Resp. to RFP Nos. 41 and 42); Ex. 4 at 47-48 (Bureau Resp. to Interrog. No. 17).

For the foregoing reasons, Experian should be prohibited from seeking deposition testimony on Topics 22-23.

**E. Other Improper Topics**

**1. Topic 10**

Topic 10 states, "YOUR knowledge of and/or discovery of EIS's alleged violations of the FCRA and CFPA as alleged in the COMPLAINT." The Bureau should not be required to testify on this topic for several reasons.

First, Topic 10 appears to be designed to elicit testimony relating to Experian's statute of limitations defense. As previously noted, the Bureau is prepared to stipulate that, for Counts I-IV and VIII-XIII in the SAC, it seeks relief only for violations of law arising from consumer disputes submitted to Experian: (a) on or after January 7, 2022, and (b) during any earlier period of time on or after July 2, 2020 during which it is determined that the statute of limitations was suspended. *See* Hilmer Decl. ¶ 15; Ex. 8 (Proposed Stip. No. 1); *see also* 12 U.S.C. § 5564(g)(1); 15 U.S.C. § 1681s(d). Thus, discovery into when the Bureau learned

22

of the violations it alleges in those claims is not relevant to Experian's statute of limitations defense.[21]

Second, to the extent Topic 10 seeks the Bureau's "knowledge" of the violations alleged in the Second Amended Complaint, the Bureau's "knowledge" of Experian's violations is not an element of any claim or defense in this action, and therefore is not relevant and beyond the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). Further, inquiry into the Bureau's "knowledge" of the violations implicates numerous privileges, including the attorney-client privilege, attorney work product doctrine, deliberative process privilege, and law enforcement investigatory privilege. *See In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 2025 WL 470482, at *8; *Justin Vineyards & Winery LLC*, 2024 WL 5431489, at *2-3; *Buntrock*, 217 F.R.D. at 444-45; *see also In re Grand Jury*, 23 F.4th at 1091; *Warner Commc'ns*, 742 F.2d at 1161; *City of Los Angeles*, 2023 WL 6370887, at *8.

Even to the extent it seeks testimony that is not privileged, Topic 10 is still unreasonably overbroad, unduly burdensome, and disproportional to the needs of the case in that it purports to require the Bureau's witness to prepare for and testify about the Bureau's discovery of each individual dispute that failed to comply with the law—out of the hundreds of thousands of disputes that Experian has produced data for. Like the Contention Topics, above, and Topic 26, below, Topic 10 as written is facially overbroad, burdensome, and unfair for an individual Rule 30(b)(6) designee. *See Robinson*, 2025 WL 3237868, at *3; *W. Pac. Kraft*, 2012 WL 12884045, at *4.

The Bureau should not be required to prepare a witness for Topic 10.

---

[21] As for Counts V, VI, and VII, the Bureau seeks relief only for periods after January 1, 2018. Hilmer Decl. ¶ 15; Ex. 8 (Proposed Stip. Nos. 2-4). Regardless, and for the reasons stated in this Section, Topic 10 is overbroad, unduly burdensome, and disproportionate to the needs of the case.

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER

**3. Topic 26**

Topic 26 provides, "The responses YOU provided to EIS's interrogatories and requests for production in this ACTION." This Topic is improper for several reasons.

The Bureau offered to discuss with Experian an appropriate narrowing of this topic so that its witness could be adequately prepared to provide factual testimony on this topic, but Experian refused to consider any narrowing. That refusal makes the topic overbroad, unduly burdensome, and disproportionate to the needs of the case. As written, it purports to require the Bureau to prepare its witness to testify to every one of the thousands of consumer disputes and related documents, dozens of Bureau publications, and millions of consumer complaints identified in the Bureau's Interrogatory Responses and the thousands of documents that the Bureau has produced in this action, including materials from third parties and Experian itself. As such, this topic fails to provide the "reasonable particularity" required by Rule 30(b)(6). *See Robinson*, 2025 WL 3237868, at *3; *Snyder*, 2022 WL 17185009, at *2; *W. Pac. Kraft*, 2012 WL 12884045, at *4.

Second, to the extent the Topic 26 seeks discovery on discovery, such an inquiry is not warranted. *See Faulk v. Gen. Elec. Co.*, No. 2:23-CV-05132-MWF-MAA, 2024 WL 5506976, at *11 (C.D. Cal. Dec. 5, 2024) ("discovery on discovery is generally frowned upon and only warranted in exceptional situations"), *R&R adopted*, No. CV 23-05132-MWF (MAAx), 2025 WL 899838 (C.D. Cal. Mar. 25, 2025); *Zaragoza v. Ford Motor Co.*, No. CV 22-1959-SSS (PLAx), 2022 WL 22911169, at *8 (C.D. Cal. July 7, 2022) (discovery on discovery is "disfavored" and "[g]enerally, courts will only permit such discovery where there is some indication that a party's discovery has been insufficient or deficient") (internal quotation marks and citation omitted).

And to the extent Topic 26 seeks the Bureau's legal opinions relating to the formulation of its responses and objections to discovery, that is also plainly

impermissible. *Ecological Rts. Found.*, 2022 WL 3574450, at \*8. And such questioning would also intrude upon one or more of the Bureau's privileges, including the attorney-client privilege, attorney work product doctrine, law enforcement investigatory privilege, common interest privilege, Trial-Preparation Protection under Federal Rule 26(b)(3) and (4), and the deliberative process privilege and bank examination privileges. S*ee, e.g.*, *Justin Vineyards & Winery*, 2024 WL 5431489, at \*5 (precluding a defendant from deposing the EEOC regarding its discovery responses, as doing so "would amount to a deposition of opposing trial counsel").

Absent an appropriate narrowing, the Bureau should not be required to prepare a witness for Topic 26.

**4. Topic 30**

Topic 30 provides, "To the extent not covered above, all information that YOU may rely upon in support of any claims or defenses raised in this ACTION."

This Topic purports to require the Bureau to prepare its witness to preview the Bureau's entire trial strategy and thereby to disclose material protected by the attorney work-product doctrine and Trial-Preparation Protection set forth in Federal Rule 26(b)(3) and (4), and to prematurely disclose the evidence and any expert opinions on which the Bureau may seek to rely. *See In re Grand Jury*, 23 F.4th at 1093 (9th Cir. 2021) (the work-product doctrine preserves "a zone of privacy in which a lawyer can prepare and develop legal theories and strategy with an eye toward litigation, free from unnecessary intrusion by his adversaries"). Further, the Court's Scheduling Order sets the time at which the Bureau must make various disclosures, and the Defendant cannot alter those deadlines by setting a Topic such as this in a Rule 30(b)(6) notice. *See* Dkt. 41 at 3.

Topic 30 is also overly broad, burdensome and disproportionate to the needs of the case in that it seeks to require the Bureau's witness to identify all the evidence the Bureau's attorneys may seek to rely on in the Action. *See The Icon At*

25

*Panorama, LLC v. Sw. Reg'l Council of Carpenters*, No. 2:19-cv-00181 CBM (MRWx), 2024 WL 2208100, at *4 (C.D. Cal. May 7, 2024) ("[D]eponents under Rule 30(b)(6) must be prepared and knowledgeable, but they need not be subjected to a memory contest."); *Snyder*, 2022 WL 17185009, at *2.

During the March 5 meet and confer, Experian counsel indicated a willingness to consider withdrawing this topic, but it did not repeat that willingness during the March 12 conference. *See* Hilmer Decl. ¶ 8. The Bureau should not be required to prepare a witness for Topic 30.

**F. Topics on which the Bureau Has Agreed to Provide Testimony**

On March 26, by remote deposition or at a deposition located in Washington, DC, the Bureau can be prepared to provide non-privileged, fact testimony regarding the following Topics identified in the Notice:

- **Topic 11**: The Bureau's witness can be prepared to testify about the basis for the Bureau's "allegations that Counts V, VI, and VII of YOUR Complaint were tolled due to a mutual mistake between the parties in executing the FOURTH TOLLING AGREEMENT."

- **Topic 18**: The Bureau's witness can be prepared to testify about 10 of the disputes identified in the Bureau's responses to Experian's interrogatories that are identified at least a week in advance of the deposition.

- **Topic 25**: The Bureau's witness can be prepared to testify about the factual basis for an appropriately limited number of paragraphs in the Second Amended Complaint.

- **Topic 26**: The Bureau's witness can be prepared to testify regarding an appropriately limited number of the Bureau's responses to Experian's interrogatories.

- **Topics 27-29**: The Bureau's witness can be prepared to provide non-expert testimony about these Topics.

By agreeing to prepare a witness on the above topics, the Bureau does not waive any privilege or other valid objection to those topics, including objections to improper questions that Experian may pose during the deposition.

**CONCLUSION**

For the reasons set forth herein, the Bureau respectfully requests that this Court enter a protective order precluding Defendants from deposing the Bureau's Rule 30(b)(6) witness on Topics 1-8, 10, 12-17, 19-23, and 30, and limiting the permissible scope of examination for Topics 11, 18, and 25-29 as set forth in above and the accompanying proposed order.

Dated: March 16, 2026                    Respectfully submitted,


                                         /s/ Max Weinstein
                                         Max Weinstein, Mass. Bar No. 600982
                                         CONSUMER FINANCIAL
                                         PROTECTION BUREAU
                                         1700 G Street, NW
                                         Washington, DC 20552
                                         Phone: (202) 435-9172
                                         Fax: (202) 435-5468
                                         Email: max.weinstein@cfpb.gov

                                         *Attorney for Plaintiff the Consumer
                                         Financial Protection Bureau*

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER

## LOCAL RULE 7-19.1 CERTIFICATION

Pursuant to Local Rule 7-19.1, the Bureau orally advised Experian's counsel Matthew Billeci of Jones Day on March 12, 2026, about the substance of the motion. On March 13, 2026, Counsel for Experian advised that Experian would not withdraw the topics that the Bureau objects to, with the exception of Topics 9 and 24. The Bureau also spoke with Experian counsel John Vogt on March 13, 2026, and Experian counsel Richard Grabowski and Ryan Ball on March 16, 2026 and advised them of the Bureau's intention to file this motion in light of the remaining disagreements and the case schedule. The Bureau anticipates that Experian will file an opposition to this motion.

Dated: March 16, 2026                Respectfully submitted,

                                    /s/ Max Weinstein
                                    Max Weinstein, Mass. Bar No. 600982
                                    CONSUMER FINANCIAL
                                    PROTECTION BUREAU

PLAINTIFF'S PROPOSED MOTION FOR A PROTECTIVE ORDER