RICHARD J. GRABOWSKI (SBN 125666)
rgrabowski@goodwinlaw.com
JOHN A. VOGT (SBN 198677)
javogt@goodwinlaw.com
RYAN D. BALL (SBN 321772)
rball@goodwinlaw.com
**GOODWIN PROCTER LLP**
660 Newport Center Drive
Suite 450, 4th Floor
Newport Beach, CA 92660
Tel. +1 949 743 3400
Fax: +1 949 743 3485

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 8:25-cv-00024-MWC-DFM<br><br>**[DISCOVERY MATTER]**<br><br>**L.R. 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM PLAINTIFF CONSUMER FINANCIAL BUREAU**<br><br>Date:   May 12, 2026<br>Time:   1:30 p.m.<br>Ctrm.:  6-B (6th Fl.)<br>Judge:  Hon. Douglas F. McCormick<br>       411 West 4th Street<br>       Santa Ana, California 92701<br>Discovery Cutoff: May 29, 2026<br>Pretrial Conference: Nov. 13, 2026<br>Trial Date: Nov. 23, 2026 |

The Bureau has unilaterally declared its internal documents categorically irrelevant and refused to search the very repositories most likely to contain evidence bearing directly on Experian Information Solutions, Inc.'s ("EIS") defenses of fair notice, estoppel, and waiver—defenses this Court has already found plausibly pleaded and entitled to discovery. The Bureau's opposition fails to overcome four independently dispositive deficiencies: (1) its wholesale exclusion of internal documents is foreclosed by this Court's prior rulings, (2) its two-custodian search is facially inadequate, (3) its privilege assertions are substantively defective and legally untenable, and (4) its categorical privilege log violates Rule 26(b)(5)(A)(ii).

## I.  **The Bureau's Internal Documents Are Relevant.**

The Bureau's central argument—that EIS cannot have relied on documents it never saw—misstates the legal framework. This Court has already resolved the relevance question. In denying the Bureau's motion to strike, the Court held that EIS's defenses are plausibly pleaded and turn on the Bureau's own supervisory and enforcement conduct vis-à-vis EIS. Dkt. No. 112. The Court specifically recognized that EIS is entitled "to engage in discovery to determine if [it] can show … affirmative misconduct on the part of the government." *Id.* at 5 (internal citation omitted). The Court then confirmed this holding in ruling on the Bureau's motion for a protective order regarding EIS's Rule 30(b)(6) deposition, finding that topics related to the Bureau's internal supervision of EIS were "tailored . . . or pointed toward those defenses." Billeci Decl., ¶ 13, Ex. G at 14:8-16. Two rulings compel the same conclusion: the Bureau's internal documents are relevant and discoverable.

The Bureau's reliance requirement is a red herring. EIS's fair notice defense does not require subjective reliance on specific documents; it requires proof that the regulated party lacked adequate notice of the legal standard being enforced. Whether the Bureau engaged in knowing inducement—through affirmative misrepresentations or affirmative concealment—puts the Bureau's internal processes at the center of this case. Internal Bureau records bearing on what the Bureau

understood the law to require, and when, are directly relevant. EIS's estoppel and waiver defenses are equally implicated: the Bureau supervised EIS for more than a decade regarding FCRA compliance, yet with respect to the very practices it now challenges, it either approved those practices or failed to identify them as violations. The Bureau's internal records necessarily show what the Bureau knew and what it chose not to communicate—evidence bearing directly on inducement and waiver. As for the Bureau's assertion that its internal documents cannot be relevant to EIS's defenses since EIS only cited external documents in its Amended Answer and Interrogatory responses, that is quite the trick. Dkt. No. 161-1 at 34. Of course, EIS only cited to external documents; those are the only documents it *can* cite to given that the Bureau has wholly refused to produce any internal documents.

Moreover, estoppel can arise from silence and deliberate inaction, not merely affirmative misrepresentation. A Bureau communication reflecting an internal assessment that EIS's practices were non-compliant—when deliberately withheld—is precisely the evidence that supports EIS's defenses. The Bureau has not determined whether such documents exist because it refused to search for them. Courts do not tolerate a party "unilaterally and unreasonably deciding that requested discovery is not relevant or discoverable under proportionality based solely on its own litigation position." *Treasure Island, LLC v. Affiliated FM Ins. Co.,* 2023 WL 6295500, at *4 (D. Nev. Sept. 26, 2023) (collecting cases).

## II.    The Bureau's Two-Custodian Search Is Facially Deficient

The Bureau concedes it searched only the files of two custodians—both attorneys—and limited its search to narrow categories of external communications. This is not a reasonable search under Rule 26. The Bureau's own privilege log fatally undermines its position, revealing that numerous additional personnel authored, sent, or received potentially responsive documents: Bureau Enforcement attorneys Eric Halperin, Amy Mix, Laura Arandes, Elizabeth Tucci, Colin Hector, Elizabeth Homan, Jesse Stewart, Chelsea Peter, and Alexander Johnson-Lee, as well as Bureau

Investigators Patrick Callahan and Irene Skricki, Bureau Contract Attorney Jasmine Scott-Bracy, Bureau Contract Paralegal Lissan Anfune, Bureau Enforcement paralegal Matthew Swink, and Bureau Office of Regulations attorney Pavneet Singh. The Bureau cannot simultaneously acknowledge that these individuals were actively involved in the investigation and enforcement of this matter while refusing to search their files. Moreover, the Bureau's boilerplate objections to RFP Nos. 2, 35, 36, 40, 41, and 42 as "overly broad, burdensome, and disproportionate" are legally insufficient. The Bureau has conducted no preliminary searches to quantify potentially responsive materials, and has proposed no reasonable limitations. The Bureau has even refused to search for documents of known deponents, such as Elda Madrid, a CFPB supervisory field manager who will be deposed this month. It is not EIS's obligation to identify the Bureau's custodians. *Hastings v. Ford Motor Co.*, 2021 WL 1238870, at *2 (S.D. Cal. Apr. 2, 2021). At a minimum, the Bureau should search the files of all custodians identified on its own privilege log regarding RFP Nos. 35, 36, and 40. For RFP No. 2, a targeted search of the Office of Supervision Policy and Office of Regulations, limited to the specific FCRA provisions at issue, is proportionate to the extraordinary stakes of this litigation.[1]

The Bureau's invocation of the August 15 agreement as a blanket excuse for deficient searches misreads that agreement and the record. The Bureau first disclosed to EIS on March 10, 2026, that it was unilaterally limiting its search to just two custodians and only external communications. It is not EIS's obligation to identify the Bureau's own custodians and search repositories. And once the Bureau confirmed it would search no internal documents whatsoever, any justification for deferring a conference on custodian searches evaporated. The Bureau conducted no search of internal repositories at all—not a narrowed search, not a phased search, no search at

---

[1] To reduce the Bureau's burden, *see* Dkt No. 161-1 at 39-42, 47-51. EIS agrees to limit RFP Nos. 2 and 40 to the specific FCRA provisions at issue: 15 U.S.C. §§ 1681i(a)(1)(A), (a)(2), (a)(4), (a)(5)(A), (a)(5)(B), (a)(5)(C), (a)(6)(A), or (a)(6)(B). EIS is also not requesting that the Bureau re-produce documents that have already been produced by EIS in this litigation. *See* Dkt No. 161-1 at 45-46 n.17.

all. The Rules do not afford any party this kind of line-item discovery veto power.

## III.    The Bureau's Privilege Assertions Fail On The Merits

**A.    Bank Examination Privilege.** The bank examination privilege protects only "communications between banks and their regulators" and does not extend to "purely factual information." *In re B of I Holding, Inc. Secs. Litig.*, 2022 WL 507663, at *2, *4 (S.D. Cal. Feb. 18, 2022). EIS is a consumer reporting agency, not a bank. The Bureau cites no authority—and EIS is aware of none—extending this privilege to CRA examinations. The privilege is facially inapplicable.

**B.    Deliberative Process Privilege.** The deliberative process privilege protects only documents that are "predecisional" and "deliberative." It does not cover post-decisional documents. The Bureau must segregate and produce non-privileged factual information within a document wherever possible. The Bureau's categorical log reflects no effort to perform this required segregation. Even where the privilege applies, it is qualified and can be overcome by a sufficient showing of need. That standard is satisfied here, where EIS's affirmative defenses turn on whether the Bureau engaged in knowing inducement and affirmative concealment—the exact conduct the Court found plausibly pleaded. The Bureau cannot invoke this privilege to obstruct discovery into the very misconduct at the heart of EIS's defenses.

**C. Law Enforcement Investigatory Privilege.** This privilege requires a formal claim of privilege by the head of the department having control over the requested information, assertion of the privilege must be based on actual personal consideration by that official, and the information for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege. *See Wagafe v. Trump*, 334 F.R.D. 619, 623 (W.D. Wash. 2020). The Morris Declaration fails to satisfy these requirements for the broad categories of materials withheld: the Bureau's investigation of EIS concluded with the filing of this action, and no ongoing law enforcement interest has been identified. Moreover, even if properly asserted, this privilege is qualified and may be overridden upon a showing

of good cause. *See Simpson v. City of Upland*, 2019 WL 6703397, at \*6 (C.D. Cal. Aug. 23, 2019). Good cause exists here given the centrality of the Bureau's conduct to EIS's defenses and the absence of any countervailing government interest that cannot be addressed through the existing protective order.

## IV.    The Bureau's Categorical Privilege Log Violates Rule 26(B)(5)(A)(ii)

The Bureau's categorical privilege log falls far short of Rule 26(b)(5)(A)(ii) requirements. Rather than identifying individual documents with the specificity required, the Bureau groups documents into broad, undifferentiated categories— some encompassing hundreds or even approximately 98,000 records—with only cursory descriptions and blanket privilege designations. This is precisely the type of conclusory, blanket assertion that courts repeatedly reject. *E.g.*, *California Native Plant Soc'y v. U.S. E.P.A.*, 251 F.R.D. 408, 413 (N.D. Cal. 2008) ("Conclusory statements that a document is deliberative do not suffice.").

The deficiency is concrete. The Bureau's "Category 1" groups 92 documents spanning nearly one year under a single entry, listing multiple privilege bases and nearly a dozen authors and recipients, without indicating which privilege applies to which document. Its "Category 2" sweeps in approximately 98,000 records with a single date and blanket privilege assertions. These categorical groupings prevent EIS from meaningfully assessing or challenging the Bureau's privilege claims, which is exactly what Rule 26(b)(5)(A)(ii) is designed to prevent. The Bureau's assertion that document-by-document logging would "risk disclosing privileged information" is unsupported. Descriptions of document type, date, author, recipient, general subject matter, and applicable privilege need not reveal privileged content. EIS served its own compliant privilege log on February 27, 2026, logging each document individually by date, sender, recipient, privilege basis, and specific description— demonstrating that compliance is neither burdensome nor impractical.

## V.    CONCLUSION

EIS respectfully requests that the Court grant its motion to compel.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

-5-    SUPPLEMENTAL MEMORANDUM
CASE NO. 8:25-CV-00024-MWC-DFM

Respectfully submitted,

Dated:   May 5, 2026

By:  /s/ *Richard J. Grabowski*
     RICHARD J. GRABOWSKI (SBN 125666)
     rgrabowski@goodwinlaw.com
     **GOODWIN PROCTER LLP**

     Attorneys for Defendant
     EXPERIAN INFORMATION SOLUTIONS, INC.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

SUPPLEMENTAL MEMORANDUM
CASE NO. 8:25-CV-00024-MWC-DFM