UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  8:25-cv-00024-MWC-DFM                                    Date: June 8, 2026

Title:    Consumer Financial Protection Bureau v. Experian Information Solutions, Inc.

Present:  The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) ORDER GRANTING IN PART PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE CASE DEADLINES (DKT. 188)**

Before the Court is Plaintiff Consumer Financial Protection Bureau's ("Plaintiff") *ex parte* application to continue case deadlines (the "Application").  *See* Dkt. # 188-1 ("*Appl.*").  Defendant Experian Information Solutions, Inc. ("Defendant") opposed.  *See* Dkt. # 190 ("*Opp'n*").  For the following reasons, the Court **GRANTS IN PART** the Application.

I.     Background

On March 6, 2026, Judge McCormick directed Defendant to produce by April 20, 2026, the data contained in the "Dispute Response Log and the Disclosure Log" in its dispute resolution database for all consumer disputes from July 2, 2020, to the present.  *See* Dkt. # 129.  After the parties stipulated to a one-week extension for Defendant to produce this data, the Court granted the parties' stipulation.  *See* Dkt. # 157.  Defendant partially produced the relevant data on April 28, 2026, and later supplemented its production on May 1, 2026.  *See Appl.* at 2.  Plaintiff immediately transmitted the data to its expert, Michael Petron.  *See id.*  Mr. Petron identified discrepancies in Defendant's data, including that the number of rows in the Dispute Response Log did not match the number of rows in the Disclosure Log.  *See id.*  That discrepancy implicated millions of disputes.  *See id.*

Plaintiff immediately informed Defendant of the discrepancies.  *See id.*  Defendant acknowledged its error and produced supplemental files by May 28, 2026.  *See id.* at 2–3.  Plaintiff argues that because the current expert disclosure deadline is June 12, 2026, its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  8:25-cv-00024-MWC-DFM                                    Date: June 8, 2026

Title:      Consumer Financial Protection Bureau v. Experian Information Solutions, Inc.


expert will not be able to timely produce a report that addresses Defendant's correct data. *See id.* at 3.  Plaintiff notes that its expert "must, at a minimum, reimport the new data and again address a variety of import errors."  *Id.*  Plaintiff estimates that "this process will require four weeks to import the data, manually troubleshoot and resolve import errors, confirm the past production error has been corrected, and reconcile the supplemental tables, before proceeding with [Plaintiff's] originally requested analyses."  *Id.*  Mr. Petron believes that after importing and troubleshooting Defendant's dataset, identifying the relevant sample will require two additional weeks.  *See id.* at 4.  Based on Defendant's past production of dispute documentation, Plaintiff estimates that Defendant's production of the documentation for the relevant disputes will require four weeks.  *See id.*  Lastly, Plaintiff believes that it will require an additional four weeks to review the documentation and communicate with Mr. Petron for inclusion in his expert report.  *See id.*  Thus, Plaintiff requests a continuation of ninety days for all deadlines.  *See id.*

        Plaintiff proposes the following schedule:

| Event | Current Date / Deadline | Proposed Date / Deadline |
|---|---|---|
| Expert Disclosure (Initial) | June 12, 2026 | September 11, 2026 |
| Expert Disclosure (Rebuttal) | June 26, 2026 | September 25, 2026 |
| Expert Discovery Cut-Off | July 10, 2026 | October 9, 2026 |
| Last Date to Hear Motions | September 11, 2026 | December 11, 2026 |
| Deadline to Complete Settlement Conference | September 18, 2026 | December 18, 2026 |
| Meet and Confer 40 Days Prior to FPTC | October 2, 2026 | January 4, 2027 |
| Trial Filings (First Round) | October 16, 2026 | January 15, 2027 |
| Trial Filings (Second Round) | October 30, 2026 | January 29, 2027 |
| Final Pretrial Conference | November 13, 2026 | February 12, 2027 |
| Trial | November 23, 2026 | February 22, 2027 |

*See id.* at 5–6.


        Defendant does not oppose a continuance, but it argues that thirty days would be the appropriate continuance rather than ninety days.  *See Opp'n* at 6; *see also id.* (noting that Defendant "would even be amendable to a 45-day extension").  Defendant contends that its proposed extension would place Plaintiff in the same position as the Court's prior

---

CV-90 (03/15)                          Civil Minutes – General                          Page **2** of **5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  8:25-cv-00024-MWC-DFM                                     Date: June 8, 2026

Title:        Consumer Financial Protection Bureau v. Experian Information Solutions, Inc.


schedule—"in possession of the CAPS database files approximately six weeks prior to the initial disclosure of expert reports." *See id.*  It asserts that Plaintiff's expert's "estimate for completing [the relevant] work is approximately four-to-six weeks," and argues that Plaintiff "offers no explanation for the gap between its expert's stated four-week timeline and the 90-day extension it now demands." *See id.* at 9.


II.      Legal Standard

        "Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)).  In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492.  "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

        Federal Rule of Civil Procedure ("Rule") 16 governs any modification to the court's schedule.  Fed. R. Civ. P. 16(b).  Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  In the Ninth Circuit, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  In other words, if the schedule could not have been met despite the diligence of the party seeking the extension, modification may be appropriate. *See id.*  If the party was not diligent, however, the inquiry ends. *See id*.


III.     Discussion

        Plaintiff has satisfied the *Mission Power* factors.  If Plaintiff had filed its request as a properly noticed motion, the Court could not have heard the matter prior to the June 12, 2026, initial expert disclosure deadline.  Nor was this crisis one of Plaintiff's creation—

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  8:25-cv-00024-MWC-DFM                          Date: June 8, 2026

Title:      Consumer Financial Protection Bureau v. Experian Information Solutions, Inc.


Defendant produced faulty data, to which Plaintiff alerted Defendant reasonably promptly. Accordingly, *ex parte* consideration of Plaintiff's request is appropriate.

Regarding the substance of the Application, Plaintiff's request for a ninety-day extension is excessive.  To be sure, Plaintiff should suffer no prejudice stemming from Defendant's faulty data.  *See, e.g.*, *Kearns v. Loandepot.com, LLC*, No. 8:22-cv-01217-JWH (JDEx), 2024 WL 248575, at *3 (C.D. Cal. Jan. 11, 2024) ("The Court will not punish Plaintiff for Defendant's discovery shortcomings.").  But Defendant's errors—especially considering its acknowledgment of the mistakes and efforts to correct them—are not grounds to provide Plaintiff with a windfall.  *See Escobar v. Nev. Helicopter Leasing LLC*, No. 13-00598 HG-WRP, 2019 WL 6311355, at *5 (D. Haw. Nov. 25, 2019) ("A Court must amend the scheduling order as necessary to ensure fairness, due process, and justice is afforded to all Parties . . . .").  The Court previously rejected Plaintiff's argument that its expert's unavailability justified a significant extension of the Court's schedule.  *See* Dkt. # 150 at 4–5.  The Court also noted that "[t]o the extent the Court modifies expert deadlines, it does so only to provide time for the experts to analyze facts produced during discovery."  *See id.* at 5.  Plaintiff has not justified a departure from those conclusions.

But the Court will not punish Plaintiff.  Instead, it seeks to place Plaintiff in the same position it would have been in had Defendant's data production been correct.  *See LifeScan, Inc. v. Shasta Techs., LLC*, No. 5:11-CV-04494-EJD, 2012 WL 6045897, at *2 (N.D. Cal. Dec. 5, 2012) (identifying that "amending the schedule to prevent prejudice to a party is well within the court's authority").  Because Plaintiff was to receive the data production on April 27, 2026, prior to an initial expert disclosure deadline of June 12, 2026—a difference of forty-six days—the Court will provide a similar extension here.  And because expert discovery implicates summary judgment briefing and other case deadlines, the Court will continue those deadlines similarly.  *Cf. Haney v. Nelson*, 476 Fed. Appx. 147, 148 (9th Cir. 2012).

IV.      Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** the Application.  The Court modifies the Scheduling Order as follows:

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-00024-MWC-DFM                          Date: June 8, 2026

Title:      Consumer Financial Protection Bureau v. Experian Information Solutions, Inc.

| Event | Current Date / Deadline | New Date / Deadline |
|---|---|---|
| Expert Disclosure (Initial) | June 12, 2026 | July 31, 2026 |
| Expert Disclosure (Rebuttal) | June 26, 2026 | August 14, 2026 |
| Expert Discovery Cut-Off | July 10, 2026 | August 28, 2026 |
| Last Date to Hear Motions | September 11, 2026 | October 30, 2026 |
| Deadline to Complete Settlement Conference | September 18, 2026 | November 6, 2026 |
| Meet and Confer 40 Days Prior to FPTC | October 2, 2026 | November 20, 2026 |
| Trial Filings (First Round) | October 16, 2026 | December 4, 2026 |
| Trial Filings (Second Round) | October 30, 2026 | December 18, 2026 |
| Final Pretrial Conference | November 13, 2026 | January 8, 2027 |
| Trial | November 23, 2026 | January 19, 2027 |

**IT IS SO ORDERED.**

                                                                                :
                                                **Initials of Preparer**   TJ