Max Weinstein, Mass. Bar No. 600982
Email: max.weinstein@cfpb.gov
Admitted *Pro Hac Vice*
Tracy Hilmer, D.C. Bar No. 421219
Email: tracy.hilmer@cfpb.gov
Admitted *Pro Hac Vice*
Nicholas Lee, D.C. Bar No. 1004186
Email: nicholas.lee@cfpb.gov
Admitted *Pro Hac Vice*
Chelsea Peter, D.C. Bar No. 1007462
Admitted *Pro Hac Vice*
CONSUMER FINANCIAL
PROTECTION BUREAU
445 12th Street, SW
Washington, DC 20024-2101
Phone: (202) 435-9172 (Weinstein)
Phone: (202) 435-7459 (Hilmer)
Phone: (202) 425-7059 (Lee)
Phone: (202) 435-7224 (Peter)
Fax: (202) 435-5468

Chung H. Han, Cal. Bar No. 191757
Email: chung.han@usdoj.gov
U.S. ATTORNEY'S OFFICE
300 N. Los Angeles St., Suite 7516
Los Angeles, CA 90012
Phone: (213) 894-0474
Fax: (213) 894-7819

*Attorneys for Plaintiff*
*Consumer Financial Protection Bureau*

Richard J. Grabowski
Ryan D. Ball
Matthew Billeci
John A. Vogt
GOODWIN PROCTER LLP
660 Newport Center Drive
Suite 450, 4th Floor
Newport Beach, CA 92660
Telephone: (949) 743-3400
Fax: (949) 743-3485
Email: rgrabowski@goodwinlaw.com;
rball@goodwinlaw.com;
mbilleci@goodwinlaw.com;
javogt@goodwinlaw.com

*Attorneys for Defendant Experian*
*Information Solutions, Inc.*

JOINT MOTION FOR CONTINUANCE OF CASE DEADLINES

ACTIVE/208699366.1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau, | Case No. 8:25-cv-00024-MWC-DFM |
| Plaintiff, | **JOINT MOTION FOR CONTINUANCE OF CASE DEADLINES** |
| v. | |
| Experian Information Solutions, Inc., | Judge: Hon. Michelle Williams Court |
| Defendant. | |

TABLE OF CONTENTS

I.      BACKGROUND ............................................................................................1

II.     THE PARTIES' REQUEST MEETS THE LEGAL STANDARD FOR THE REQUESTED EXTENSIONS......................................................................6

   A.     The Parties Are Diligently Preparing This Case For Trial .........................7

      1.     The Bureau's Discovery Demands .............................................7

      2.     EIS's Discovery Demands .........................................................9

   B.     The Continuance Would Be Useful and Essential...................................10

   C.     The Continuance Would Not Inconvenience Any Witnesses....................10

   D.     The Parties Would Suffer Substantial Prejudice From the Denial of the Continuance...........................................................................................10

III.    CONCLUSION..........................................................................................11

PRIOR REQUEST FOR CONTINUANCES.........................................................11

Plaintiff Consumer Financial Protection Bureau (the "Bureau") and Defendant Experian Information Solutions, Inc. ("EIS"), by and through their counsel of record, pursuant to Local Rule 7-1 and paragraph 13 of Judge Court's standing order in civil cases, move to continue the deadlines set by the scheduling order in this case. Dkt. 191.

The purpose of the parties' request is twofold: first, to allow EIS sufficient time to produce missing data regarding the consumer disputes at issue that, in the Bureau's view, is critical to the Bureau's claims in this case, but was not included in EIS's prior data productions (the last of which occurred on May 28, 2026); and second, to provide the Bureau's expert statistician adequate time after the Bureau receives EIS's additional production to process and analyze the data before preparing his expert report. An extension would also accommodate EIS's counsel, who will all be in trial in Orange County Superior Court scheduled to begin on August 17, 2026 and anticipated to last 10 days.

The parties submit the supporting Declarations of Max Weinstein (Weinstein Decl.), Matthew T. Billeci, and Matthew Farnham demonstrating that good cause exists for an extension of these deadlines.

## I.    BACKGROUND

In response to a Bureau motion to compel, Judge McCormick directed EIS to "produce the data contained in the Dispute Response Log and the Disclosure Log" in its dispute resolution database for all consumer disputes from July 2, 2020 to the present. Dkt. 129 at 4. On May 28, 2026, EIS completed a substantial production to the Bureau, which consisted of approximately 94 million rows of data, each corresponding to a different consumer dispute. Weinstein Decl. ¶ 30.

Importing and processing this substantial production to ready it for analysis required nearly four weeks of work by the Bureau's expert statistician. *Id.* ¶ 31. Once the data was usable, the Bureau's expert set to analyzing it and drawing representative samples from it in connection with preparing his expert report. This

JOINT MOTION FOR CONTINUANCE OF CASE
DEADLINES                                             1

work included writing code to execute numerous queries that relate to the Bureau's allegations. Substantial time was required to formulate and execute the queries and validate the results. *Id.* ¶¶ 31-36.

While analyzing EIS's most recent data production, the Bureau discovered that it did not include certain internal remarks made by EIS agents that appear on screenshots of the Dispute Response Log ("DR Log"). *Id.* ¶ 38. These internal remarks on certain DR Log screenshots indicated, among other things, whether EIS agents had concluded that certain consumer-submitted documentation was insufficient proof of the consumer's claims and whether EIS agents had contacted furnishers or third parties by phone to verify the accuracy or authenticity of the consumer's claims or documentation. At approximately the same time, the Bureau also discovered that EIS's dataset did not include consumer disputes received by EIS on or after July 2, 2020, that EIS resolved internally, that is, without contacting the furnisher of the disputed information. *Id.* ¶ 39. These disputes may theoretically have been resolved by, among other means, an EIS agent calling a third party to verify pertinent information or by concluding that consumers had submitted sufficient proof of their claims. Immediately after identifying these omissions, the Bureau contacted EIS by email on July 16 and 21, 2026. *Id.* ¶ 40. The parties met and conferred about the matter on July 22. EIS has confirmed that the dataset it produced does not include these internal remarks and does not include any of the disputes that EIS resolved internally. *Id.* ¶ 41.

The Bureau believes that the internal remarks appearing on the DR Log and the internally-resolved consumer disputes in the DR Log and Disclosure Log are plainly encompassed by Judge McCormick's order compelling the production of EIS's dispute data. In its motion to compel, the Bureau sought "the information contained in two text-based reports within EIS's CAPS database: the Dispute Response or 'D/R' Log and the Disclosure Log." Dkt. 117-01 at 5-6. Judge McCormick ordered EIS to "produce the data contained in the Dispute Response

JOINT MOTION FOR CONTINUANCE OF CASE DEADLINES

2

Log and the Disclosure Log within the CAPS database for the period July 2, 2020 through the present." Dkt. 129 at 4. Judge McCormick's order did not identify any exclusions or carve-outs from the datasets. The Bureau also submits that the omitted data is highly relevant to the claims in its Second Amended Complaint (SAC) (Dkt. 77), which include allegations that EIS gave insufficient weight to documents submitted by consumers in support of their disputes, and that EIS failed to employ sufficient investigative measures, such as contacting furnishers by phone to correct illogical furnisher responses regarding disputed accounts or to verify the accuracy or authenticity of consumers' claims or documentation in connection with consumer disputes (Count II).

EIS believes that it produced the data sought by the Bureau. During the Bureau's investigation prior to this matter, EIS produced a sample extract of the D/R Log for approximately 600,000 disputes, as well as the corresponding Disclosure and ACDV logs for those disputes. Billeci Decl., ¶ 2. Each of the the dipsutes in the extract were external disputes—e.g. where EIS sent an ACDV to the furnisher as part of the reinvestigation. *Id*. The extract did not include a data field for internal remarks made by EIS. *Id*. Because, in EIS's view, the Bureau's claims asserted in this action relate to external disputes and the Bureau's motion to compel stated it sought the "production of the same kinds of data that were produced in the investigation," Dkt No. 115-1, at 11 n.3, EIS produced the D/R Log, Disclosure Log, and ACDV Log in the same form as during the investigation. Billeci Decl., ¶ 3. That is, the D/R Log EIS produced here includes all external disputes and contains the same data fields as the extract. *Id*. EIS never understood the Bureau to be seeking data related to internal disputes or additional data fields. Billeci Decl., ¶ 4.

After the Bureau raised the issue with EIS, the parties conferred to discuss EIS's misunderstanding of the data sought by the Bureau. *Id*., ¶ 5. Following the conferral, EIS agreed to produce an additional data field in the D/R Log containing

JOINT MOTION FOR CONTINUANCE OF CASE DEADLINES

3

internal remarks, and DR Log and Disclosure Log data for internally resolved disputes.[1] *Id.*, ¶ 6. However, because EIS internally resolved tens of millions of consumer disputes during the relevant period, EIS will be required to extract a substantial volume of this data. Farnham Decl., ¶¶ 10-11. Creating a custom query to identify these disputes and extract relevant data will likely require as much time as was required for its original data production, Farnham Decl., ¶¶ 5-9, 12, for which the Court provided 45 days. EIS therefore seeks an additional 45 days to create a custom query, process the extraction of the relevant data, conduct quality control, and produce the data to the Bureau.

The Bureau, likewise, estimates that importing, processing, and analyzing an additional dataset relating to tens of millions of consumer disputes will require considerable time and effort. The new data will also contain additional information regarding disputes in the existing dataset, which will require the Bureau's expert to re-perform or augment existing analyses to account for the missing data. The Bureau's expert statistician has previously attested that importing and processing a dataset of this size requires at least four weeks, exclusive of the time necessary to analyze the data and produce an expert report. Dkt. 188-6, Third Supplemental Declaration of Michael Petron ¶ 9.

The Court previously provided the Bureau approximately 60 days from the date of EIS's data production for expert analysis and production of a report (from May 28 to July 31, 2026). The Bureau therefore seeks a 60-day extension of the expert disclosure and subsequent deadlines after EIS produces its additional data to ensure the Bureau is in the same position as if it had received the full data set on May 28.

---

[1] As noted, EIS's production of the CAPS database also included an "ACDV" log for 94 million disputes. Farnham Decl., ¶ 6. Because EIS will producing only internal disputes—e.g. where no ACDV is sent to a furnisher—the ACDV log will remain unchanged.

JOINT MOTION FOR CONTINUANCE OF CASE DEADLINES

4

EIS also believes that responding to the Bureau's expert report will require more time than presently provided by the scheduling order given the immense volume of data at issue. The Bureau's expert report will present results relating to millions of EIS's consumer disputes pertaining to multiple counts in the SAC, and will thus require significant time for EIS to analyze. EIS therefore also seeks an enlargement of the expert rebuttal deadline to a total of four weeks after the expert disclosure deadline.

Finally, all of EIS's counsel of record in this matter are scheduled to begin trial in *People v. Experian Data Corp.*, 30-2019-01047183-CU-BT-CJC, in Orange County Superior Court on August 17, 2026. Billeci Decl., ¶ 7. The trial is expected to last approximately ten court days, which may take weeks to conduct depending on available trial times in Orange County Superior Court. *Id*. The parties' proposed extensions would accommodate this trial schedule.

For the foregoing reasons, the parties request that the deadlines in this case be adjusted as follows:

| Item | Old Date | New (Proposed) Date |
|---|---|---|
| Production of EIS's Additional Data | | 9/10/26 |
| Expert Disclosure (Initial) | 7/31/26 | 11/09/26 |
| Expert Disclosure (Rebuttal) | 8/14/26 | 12/07/26 |
| Expert Discovery Cut Off | 8/28/26 | 12/21/26 |
| Last Day to Hear Motions | 10/30/26 | 2/26/27 |

JOINT MOTION FOR CONTINUANCE OF CASE DEADLINES

5

| Date to Complete Settlement Conference | 11/6/26 | 3/5/27 |
|---|---|---|
| Meet and Confer 40 Days Prior to FPTC | 11/20/26 | 3/19/27 |
| Trial Filings (First Round) | 12/4/26 | 4/2/27 |
| Trial Filings (Second Round) | 12/18/26 | 4/16/27 |
| Final Pretrial Conference | 1/8/27 | 4/28/27 |
| Trial | 1/19/27 | 5/3/27 |

This proposed schedule would further permit the parties to brief summary judgment after the close of all discovery and address the full record in this matter, which may reduce the number of issues to be tried or eliminate the need for a trial entirely.

## II.    THE PARTIES' REQUEST MEETS THE LEGAL STANDARD FOR THE REQUESTED EXTENSIONS

The factors courts consider in determining whether good cause exists to grant the parties' request to extend the deadlines established in the Scheduling Order are: "(1) the extent of the moving party's diligence in preparing for the case for trial; (2) the usefulness of the continuance, or the likelihood that the need for a continuance could have been met if the continuance had been granted; (3) the extent to which granting the continuance would inconvenience the Court, the opposing party, and the witnesses; and (4) the extent to which the moving party might suffer prejudice from the Court denying the request for the continuance." *AK Futures LLC v. LCF Labs Inc.*, No. 8:21-cv-02121-JVS-ADS, 2022 WL 18142530, at *1 (C.D. Cal. Dec. 15, 2022) (internal quotation marks omitted). The relevant factors weigh in favor of the requested extensions. Specifically, (1) the parties are

JOINT MOTION FOR CONTINUANCE OF CASE DEADLINES

6

diligently preparing this case for trial; (2) the requested extensions will be sufficient to accomplish the purpose for which the parties seek them, i.e., the completion of expert discovery and summary judgment motions; (3) no witnesses will be inconvenienced; and, finally, (4) the parties will be severely prejudiced by the denial of the requested extension—EIS will have insufficient time to produce the data at issue and the Bureau will be deprived of crucial evidence, not otherwise available, that is highly relevant to its claims and the expert opinions it intends to offer in support of its claims.

### A.    The Parties Are Diligently Preparing This Case For Trial

#### 1.    The Bureau's Discovery Demands

A review of the timeline of the Bureau's affirmative discovery efforts shows that the Bureau has been diligently working to move this case toward resolution. The Bureau served its First Request for Production on June 20, 2025. Weinstein Decl. ¶ 9. EIS responded to the Bureau's Requests on August 4, 2025, agreeing to make rolling productions of responsive documents. EIS thereafter made productions on September 24, October 7, October 23, November 18, 2025, and February 6, 2026. EIS, however, also objected to producing the consumer dispute data responsive to Request No. 1, *id.* ¶ 14, which sought "[a] complete copy of the Consumer Assistance Processing System (CAPS) database, not limited to the Applicable Period, including all fields and other information contained therein." *Id.* ¶ 10. After the parties reached an impasse, the Bureau prepared a joint stipulation addressing the dispute. Judge McCormick granted the Bureau's motion in full on March 6, 2026. Dkt. 129.

EIS completed its data production on May 28, 2026. After EIS completed production, the Bureau and its expert, Stout Risius Ross, LLC ("Stout"), immediately began the process of importing, transferring, uploading and validating EIS's dataset. The Bureau had retained Stout, an expert services firm that specializes in statistical issues, to analyze EIS's full consumer dispute dataset, and

JOINT MOTION FOR CONTINUANCE OF CASE DEADLINES

7

to draw certain statistical conclusions that will allow the Bureau to present evidence regarding the nature and scope of EIS's alleged violations of law. *Id.* ¶ 23. In accordance with the Bureau's longstanding plan, Stout proceeded to identify statistically valid random samples from the full population of disputes in EIS's original data production as expeditiously as possible. Stout identified a total of 423 sample disputes and communicated them to the Bureau in two batches on June 18 and June 23, 2026, respectively. *Id.* ¶ 32. The Bureau identified these samples in letters to EIS on the same days that the Bureau received them, June 18 and June 23. *Id.* ¶ 33. EIS produced the documents associated with the sample disputes on July 17, 2026, and the Bureau has been actively reviewing and analyzing those materials for the past week. *Id.* ¶ 35. Stout has also been working diligently to conduct numerous queries of EIS's full, 94 million row dataset. *Id.* ¶ 36.

During the week of July 13, in the course of its review of the EIS data production, the Bureau compared printed screenshots of the DR Log report to the data EIS extracted and produced from the DR Log in response to Judge McCormick's order. It was then that the Bureau discovered that the EIS dataset did not include internal remarks entered by EIS agents, nor any disputes resolved by EIS internally without contacting the furnisher of the disputed information. The Bureau reported the absence of the data to EIS's counsel by emails on July 16 and 21, 2026, and the parties met and conferred on July 22, 2026. *Id.* ¶¶ 38-40.

In addition to its First Request for Production, the Bureau has served three sets of Interrogatories and three additional Requests for Production. *Id.* ¶ 46. The Bureau has also served EIS with two sets of Requests for Admission, to which EIS responded on April 10, 2026, and May 29, 2026. *Id.*

Finally, the Bureau served EIS with a notice of deposition pursuant to Rule 30(b)(6) on February 20, 2026. The Bureau took that deposition on May 27, 2026. *Id.* ¶ 47.

JOINT MOTION FOR CONTINUANCE OF CASE
DEADLINES

8

2.    EIS's Discovery Demands

Experian has also served substantial discovery requests on the Bureau. On September 12, 2025, the Bureau provided its responses and objections to EIS's First Requests for Production of Documents and First Set of Interrogatories. *Id.* ¶¶ 48-49. The Bureau made its first production to EIS on September 12, 2025, and the Bureau advised Experian that its production was substantially complete by November 13, 2025. *Id.* The Bureau produced third-party materials on December 11, 2025, after completing the process required by Paragraph 8 of the Protective Order. *Id.*. And the Bureau has since supplemented its interrogatory responses four times. *Id.*

On March 26, 2026, EIS provided the Bureau with a Local Rule 37-1 Letter and requested to meet and confer regarding the Bureau's discovery responses. *Id.* ¶ 50. EIS raised two issues: (1) the Bureau's objections to the production of internal Bureau documents and communications in response to EIS's Document Request Nos. 2, 35, 36, 40, 41, and 42, and (2) the Bureau's use of a categorical privilege log. *Id.* The parties submitted a joint stipulation to the Court relating to these issues, which the Court resolved on May 22, 2026. Dkt. 187.

On April 7, 2026, EIS also served on the Bureau its Requests for Admissions and Second Set of Requests for Production of Documents. *Id.* ¶ 51. The Bureau responded to these additional requests on May 12 and 13, 2026. *Id.*

Finally, EIS served the Bureau with a Rule 30(b)(6) notice of deposition covering 30 topics for which the Bureau filed a Motion for a Protective Order. That motion was heard by Judge McCormick on March 19, 2026, during which he granted, in part, and denied, in part, the Bureau's motion. Dkts. 149, 154. That deposition occurred on May 28, 2026. Weinstein Decl. ¶ 52. EIS also took the deposition of a Bureau employee on May 26, 2026. Weinstein Decl. ¶ 53.

JOINT MOTION FOR CONTINUANCE OF CASE DEADLINES

9

In sum, the parties diligently pursued discovery in this matter. The parties have satisfied the first factor, the moving party's diligence, for amending the Scheduling Order.

### B. The Continuance Would Be Useful and Is Essential

As described above, the Bureau has identified substantial data not present in EIS's current dataset, and EIS has agreed to produce it. The parties' requested continuance of the expert and subsequent deadlines are necessary to give EIS sufficient time to extract, quality-check and produce that data and for the Bureau and its expert to analyze it. The parties' requested continuance is also necessary for a fair opportunity to conduct expert discovery regarding the conclusions of the Bureau's analysis and to brief the Court on those conclusions in their motions for summary judgment, satisfying the second factor for amending the Scheduling Order.

### C. The Continuance Would Not Inconvenience Any Witnesses

The parties acknowledge that the requested extension will inconvenience the Court by altering the Court's summary judgment and trial schedule, and they regret this. The parties are attempting to minimize any burden by jointly requesting the minimum necessary extensions of the remaining deadlines in this case, and neither the parties nor any witnesses would experience any inconvenience from the requested continuance. The third factor favors the parties' requested continuance.

### D. The Parties Would Suffer Substantial Prejudice from the Denial of the Continuance

The parties' requested continuance will allow the production and analysis of EIS's data and further allow both parties to address the statistical analyses of that data contained in any initial or rebuttal expert report in their summary judgment motions. If the Court denies the parties' requested extensions, the Bureau in particular will be substantially prejudiced and limited in its ability to present highly probative evidence in support of its claims both in its summary judgment motion

JOINT MOTION FOR CONTINUANCE OF CASE
DEADLINES

10

and at trial. The fourth factor for amending the Scheduling Order thus favors the parties' requested continuance.

## III.   CONCLUSION

For the foregoing reasons, the relevant factors weigh in favor of the parties' requested continuance of deadlines in this case. The parties respectfully request that the Court amend the Scheduling Order in the manner proposed.

## PRIOR REQUEST FOR CONTINUANCES

The parties jointly made a prior request for continuances of the scheduling order deadlines (Dkt. 113), which the Court denied on February 13, 2026 (Dkt. 114). On March 6, 2026, the Bureau moved for an extension of expert discovery, summary judgment, and subsequent deadlines in this case (Dkt. 126), which it withdrew on March 9, 2026. On March 18, 2026, the Bureau moved to extend deadlines in this case (Dkt. 145), which motion the Court granted in part on March 24, 2026. The parties jointly moved for extensions of the expert, summary judgment and mediation deadlines on April 17, 2026 (Dkt. 156), and the Court granted that motion on April 17, 2026. Dkt. 157. On June 1, 2026, the Bureau moved for a continuance (Dkt. 188), which the Court granted in part on June 8, 2026. Dkt. 191.

Dated: July 24, 2026                     Respectfully submitted,


 */s/ Max Weinstein*
Max Weinstein, Mass. Bar No. 600982
CONSUMER FINANCIAL
PROTECTION BUREAU
445 12th Street, SW
Washington, DC 20024-2101
Phone: (202) 435-9172
Fax: (202) 435-5468
Email: max.weinstein@cfpb.gov

*Attorney for Plaintiff Consumer Financial Protection Bureau*

JOINT MOTION FOR CONTINUANCE OF CASE
DEADLINES                                         11

ACTIVE/208699366.1

/s/ Matthew Billeci

Matthew Billeci
GOODWIN PROCTER LLP
660 Newport Center Drive
Suite 450, 4th Floor
Newport Beach, CA 92660
Telephone: (949) 743-3400
Fax: (949) 743-3485
Email: mbilleci@goodwinlaw.com

*Attorneys for Defendant Experian Information Solutions, Inc.*

## CERTIFICIATION PURSUANT TO L.R. 5-4.3.4(2)(i)

All other signatories listed, and on whose behalf the filing is submitted concur in the filing's content and have authorized the filing.

/s/ Max Weinstein

Max Weinstein, Mass. Bar No. 600982
CONSUMER FINANCIAL
PROTECTION BUREAU
445 12th Street, SW
Washington, DC 20024-2101
Phone: (202) 435-9172
Fax: (202) 435-5468
Email: max.weinstein@cfpb.gov

JOINT MOTION FOR CONTINUANCE OF CASE DEADLINES

12

ACTIVE/208699366.1